**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

The Sustainability Institute, Agrarian Trust,
Alliance for Agriculture, Alliance for the
Shenandoah Valley, Bronx River Alliance,
CleanAIRE NC, Conservation Innovation
Fund, Leadership Counsel for Justice and
Accountability, Marbleseed, Pennsylvania
Association for Sustainable Agriculture,
and Rural Advancement Foundation
International-USA,
and
Baltimore, Maryland; Columbus, Ohio;
Madison, Wisconsin; Nashville, Tennessee;       Case No.  2:25-cv-02152-RMG
New Haven, Connecticut; San Diego, California,

               Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity
as President of the United States;
KEVIN HASSETT, in his official capacity as
Assistant to the President for Economic Policy
and Director of the National Economic Council;
UNITED STATES OFFICE OF MANAGEMENT
AND BUDGET; RUSSELL VOUGHT, in his
official capacity as Director of the United States
Office of Management and Budget; UNITED
STATES ENVIRONMENTAL PROTECTION
AGENCY; LEE ZELDIN, in his official capacity
as Administrator of the United States Environmental
Protection Agency; UNITED STATES DEPARTMENT
OF AGRICULTURE; BROOKE ROLLINS, in her
official capacity as Secretary of Agriculture; UNITED
STATES DEPARTMENT OF TRANSPORTATION;
SEAN DUFFY, in his official capacity as the Secretary
of the United States Department of Transportation;
UNITED STATES DEPARTMENT OF
GOVERNMENTAL EFFICIENCY SERVICE;
AMY GLEASON, in her official capacity as
Acting Administrator of the United States DOGE
Service; ELON MUSK, in his official capacity as
Senior Advisor of the United States DOGE Service.

               Defendants.

NOW COMES Plaintiff, the City of New Haven, by and through its undersigned counsel, to make the following answers to the Rule 26.01 Interrogatories:

(A)  State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of the interest.

   **ANSWER:** None.

(B)  As to each claim, state whether it should be tried jury or non-jury and why.

   **ANSWER:**  All claims should be tried non-jury because Plaintiffs do not seek damages.

(C)  State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly-held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly-owned company in which the party owns ten percent (10%) or more of the outstanding shares.

   **ANSWER:**

   (1) No parent corporation, nor any publicly-held corporation, owns ten percent or more of the City of New Haven.

   (2) The City of New Haven is not a parent of any publicly-owned corporation.

   (3) The City of New Haven does not own ten percent or more of the outstanding shares of any publicly-owned corporation.

(D)  State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriate of the division).  See Local Civ. Rule 3.01 (D.S.C).

   **ANSWER:**

   Venue is proper in the Charleston Division under Local Civ. Rule 3.01(A)(1) because "a substantial part of the events or omissions giving rise to the claim occurred" in this Division.

(E)  Is this action related in whole or in party to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action, (2) an explanation of how the matters are related; and (3) statement of the status of the related action. Counsel should disclose any cases that *may* be related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the clerk

of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:**  No.

(F) [*Defendants only.*] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and Pleading reflecting the correct identification.

**ANSWER:**   N/A

(G) [*Defendants only*] If you contend that some other person or legal entity is, in whole or in Part, liable to you or the party asserting a claim against you in this matter, identify such Person or entity and describe the basis of their liability.

**ANSWER:**  N/A

This the 19th day of March 2025.

> */s/* Carl T. Brzorad
> Carl T. Brzorad
> Southern Environmental Law Center
> 525 East Bay Street, Suite 200
> Charleston, South Carolina 29403
> Telephone: (843) 720-5270
> cbrzorad@selc.org
>
> /s/ Graham Provost
> Graham Provost (DC Bar No. 1780222)
> (*Pro Hac Vice* pending)
> Elaine Poon (VA Bar No. 91963)
> (*Pro Hac Vice* pending)
> Jon Miller (MA Bar No. 663012)
> (*Pro Hac Vice* pending)
> Public Rights Project
> 490 43rd Street, Unit #115
> Oakland, CA 94609
> Telephone: (510) 738-6788
> graham@publicrightsproject.org