IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Sustainability Institute, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civ. No. 2:25-cv-02152-RMG <br><br> PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association for Sustainable Agriculture, and Rural Advancement Foundation International-USA, and Baltimore,[1] Maryland; Columbus, Ohio; Madison, Wisconsin; Nashville, Tennessee; New Haven, Connecticut; San Diego, California (collectively, "Plaintiffs"), respectfully move this Court for a preliminary injunction to prevent the federal government's illegal freeze of federal grant funding. For the following reasons Plaintiffs' motion should be granted:

---

[1] Because Baltimore is a party to ongoing litigation relating to the Equity EO, Baltimore joins the claims asserted in this litigation only as to the Energy EO, Cost Efficiency EO, and agency actions to implement the Energy EO and Cost Efficiency EO. Baltimore does not join the asserted claims as to the Equity EO and agency actions to implement the Equity EO.

1) Plaintiffs are thirteen non-profit groups and six cities who were all selected as recipients of federal grant funds under programs mandated by Congress. All Plaintiffs have grants that have been frozen by the illegal and arbitrary actions of Defendants.

2) As set out more fully in the accompanying Memorandum in Support of Plaintiff's Motion for Preliminary Injunction, Plaintiffs meet the standard for preliminary injunctive relief because they are likely to prevail on their claims, absent an injunction they will suffer irreparable harm, the balance of equities tips in favor of an injunction, and an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

3) Plaintiffs are all suffering irreparable harm. Without the guarantee of the funding and reimbursement, Plaintiffs are unable to finance programs they have launched, will be forced to lay off or furlough staff, and in some instances, cease operations. The inability to deliver on promised services will further harm Plaintiffs as they lose goodwill, reputation, and relationships they cultivated over many years. Moreover, the imposition on Plaintiffs' constitutional rights is irreparable harm itself.

4) Plaintiffs are likely to succeed on the merits of their claims because Defendant's freezing of federal grants violates the separation of powers set forth in our constitution, violates the protections of the First amendment, and violates the procedures established in the Administrative Procedure Act.

5) Granting Plaintiffs' motion for preliminary injunction will serve the public interest by restoring funding to key programs mandated by Congress to serve important public purposes.

6) Under Rule 65, the Court must consider whether to require Plaintiffs to provide security to cover any costs or damages sustained by a party later found to be wrongfully enjoined.

A nominal bound is sufficient in circumstances such as "here where plaintiffs are public interest groups who might otherwise be barred from obtaining meaningful judicial review were the bond required more than nominal." *Red Wolf Coal. v. U.S. Fish & Wildlife Serv.*, 210 F. Supp. 3d 796, 806–07 (E.D.N.C. 2016) (citing *Nat. Res. Def. Council, Inc. v. Morton*, 337 F. Supp. 167, 169 (D.D.C.1971). This Court has concluded the same. *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, 539 F. Supp. 3d 543, 561 (D.S.C. 2021). And recent decisions involving the funding freezes have found a nominal bond was appropriate. *Maryland v. United States Dep't of Agric.*, No. CV JKB-25-0748, 2025 WL 800216, at *26 (D. Md. Mar. 13, 2025) ("it would be prohibitive to require plaintiffs to bear up front the total cost of the alleged governmental wrongdoing"); *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, No. 25-CV-333, __ F. Supp. 3d __, __, 2025 WL 573764, at *29 (D. Md. Feb. 21, 2025) (setting a nominal bond of zero dollars because requested bond "would essentially forestall [the] [p]laintiffs' access to judicial review"); *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239, 2025 WL 597959, at *19 (D.D.C. Feb. 25, 2025) (explaining that "[i]n a case where the government is alleged to have unlawfully withheld trillions of dollars of previously committed funds to countless recipients, it would defy logic—and contravene the very basis of this opinion—to hold Plaintiffs hostage for the resulting harm. That is especially so when Defendants—OMB and its director—will personally face no monetary injury from the injunction.").

7) Plaintiffs have conferred with Defendants and they oppose this motion.
8) Plaintiffs therefore ask the Court to order preliminary injunctive relief, and specifically:

a. Enjoin Defendants from any actions that continue to freeze or result in the termination of grants under the Community Change Grants program; the Environmental Justice Collaborative Problem Solving Program; the Environmental Justice Government-to-Government Program; the Partnerships for Climate-Smart Commodities program; the Conservation Stewardship Program; the Equity in Conservation Outreach Cooperative Agreements program; the Conservation Technical Assistance Program; the Increasing Land, Capital and Market Access Program; the Rural Development Policy Cooperative 84 Agreement program; the American Rescue Plan Technical Assistance Investment Program; the Climate Pollution Reduction Grants program; the Urban and Community Forestry Grant Program; the Distressed Borrower Assistance Network Cooperative Agreement Program; the Solid Waste Infrastructure for Recycling Grant Program; the Innovative Nutrient and Sediment Reduction Grant Program; the Charging and Fueling Infrastructure Program Grants; the Active Transportation Infrastructure Investment Grant Program; the Farm and Food Workers Grant Relief Program; and the Office of Urban Agriculture and Innovative Production Grants program;

b. Prohibit Defendants from otherwise impeding, blocking, cancelling, terminating, Plaintiffs' access to their funds awarded under such program(s), including via "manual reviews" and/or "financial holds"; or by withholding funds based on an illegal termination of grants;

    c. Require Defendants to make Grant Program Managers available to Plaintiffs to assist with the administration of grant funds, and require that Grant Program Managers respond to questions from Plaintiffs in a timely manner;

    d. Provide Plaintiffs and the Court with weekly status updates regarding grant disbursements and grant program administration.

    e. Grant any other relief the Court deems proper.

    f. Require a minimal security bond.

Respectfully submitted this 26th day of March 2025,

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N. C. Bar No. 41333)
(Pro Hac Vice pending)
Irena Como (N. C. Bar No. 51812)
(Pro Hac Vice pending)
Nicholas S. Torrey (N. C. Bar No. 43382)
(Pro Hac Vice pending)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund,*

*Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
(Pro Hac Vice pending)
Elaine Poon (VA Bar No. 91963)
(Pro Hac Vice pending)
Jon Miller (MA Bar No. 663012)
(Pro Hac Vice pending)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject. org

*Counsel for Plaintiffs Baltimore, Maryland, Columbus, Ohio, Madison, Wisconsin, Nashville, Tennessee, New Haven, Connecticut, and San Diego, California*

/s/ Mark Ankcorn
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)
(Pro Hac Vice pending)

1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

## CERTIFICATE OF SERVICE

    I certify that on March 26, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

I served the United States Department of Energy and Chris Wright in his official capacity as the Secretary of the United States Department of Energy via certified mail at the following address:

    Department of Energy
    1000 Independence Avenue, SW
    Washington, DC 20585

    /s/ Carl T. Brzorad
    Carl T. Brzorad (S. C. Bar No. 105413)
    SOUTHERN ENVIRONMENTAL LAW CENTER
    525 East Bay Street, Suite 200
    Charleston, SC 29403
    Telephone: (843) 720-5270
    Facsimile: (843) 414-7039
    cbrzorad@selc.org