IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

---

THE SUSTAINABILITY INSTITUTE, *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

*Defendants.*

Case No. 2:25-cv-2152-RMG

---

**PLAINTIFFS' MOTION FOR
EXPEDITED DISCOVERY AND MEMORANDUM IN SUPPORT**

Plaintiffs respectfully request an order from this Court allowing them to conduct limited expedited discovery from a subset of Defendants. This case challenges an unlawful executive branch "freeze" of federal grants awarded to Plaintiffs under programs created and mandated by Congress to effectuate its priorities. Earlier today, Plaintiffs moved for a preliminary injunction based on evidence already in their possession or in the public domain. But Defendants have sown confusion and sought to keep Plaintiffs and other grantees in the dark.

Plaintiffs seek leave to take limited written and document discovery—attached as **Exhibit A**—from Defendants U.S. Department of Government Efficiency Service  ("DOGE"), U.S. Environmental Protection Agency ("EPA"), U.S. Department of Agriculture ("USDA"), U.S. Department of Transportation ("USDOT"); and U.S. Department of Energy ("DOE"). This discovery is narrowly tailored to documents and information that will bolster Plaintiffs' motion for preliminary injunction and may help the Court craft appropriate preliminary relief.

In light of the procedural posture, the targeted discovery that Plaintiffs propose, and the comparably low burden on Defendants, Plaintiffs have shown good cause for expedited discovery and their motion should be granted.

Pursuant to Local Rule 7.02, counsel for Plaintiffs conferred with counsel for Defendants on March 26, 2025. Defendants oppose this motion.

## BACKGROUND

**I.     Plaintiffs Challenge an Unlawful Funding Freeze and Seek a Preliminary Injunction**

Plaintiffs are nonprofit organizations and municipalities across the United States that were lawfully awarded federal grant funding to implement specific Congressional priorities under the bipartisan Infrastructure Investment and Jobs Act, Pub. L. No. 117–58 (Nov. 15, 2021), the Inflation Reduction Act, Pub. L. No. 117–169, 136 Stat. 1818 (Aug. 16, 2022), and other federal statutes. Plaintiffs are hard at work to advance the policies of Congress embodied in these grants and to improve the lives and livelihoods of people in their communities. But that work is now in jeopardy. Defendants are waging an unlawful campaign to freeze funds that Congress directed and appropriated to specific grant programs to benefit the environment and support communities. Plaintiffs have had their grants frozen or thrown into chaos as a result, inflicting irreparable harm to Plaintiffs and the people they serve.

Last week, Plaintiffs filed a complaint for declaratory and injunctive relief. *See* Compl. (March 19, 2025), ECF No. 1. Earlier today, Plaintiffs filed an amended complaint and moved for a preliminary injunction. *See* First Am. Compl. (March 26, 2025), ECF No. 23; Mot. for Prelim. Inj. (March 26, 2025), ECF No. 24 ("PI Motion"). As detailed in those pleadings, Plaintiffs have already compiled a robust record of evidence in their possession or in the public domain to demonstrate the unlawfulness of Defendants' actions and the irreparable harm that

1

Plaintiffs are facing. First Am. Compl., ECF No. 23, ¶¶ 185-237; PI Motion, ECF No. 24 at 7-15, 29-35.

Plaintiffs are continuing to investigate and develop additional facts from readily available sources to streamline discovery. But Defendants have sown confusion and intentionally deprived Plaintiffs of information. For example, multiple inquiries from Plaintiff Sustainability Institute to its EPA grant officer have gone unanswered, and Sustainability Institute was notified by its former grant officer that she received a directive not to communicate with grantees. *See, e.g.*, ECF No. 24-2, Ex. 1 - SI Decl. ¶¶ 29-35; *see also PI Motion*, ECF No. 24 at 13-14.

Because of the lack of transparency regarding the freezes, and the lack of communication from federal agencies, it remains unclear which of an ongoing series of agency actions are responsible for the freeze at any given time. Important information—such as why Plaintiffs' grants were identified and frozen—is solely within Defendants' possession and expedited discovery is required to support Plaintiffs' preliminary injunction motion.

## II.     Plaintiffs' Requested Discovery

Plaintiffs seek limited written and document discovery—attached as Exhibit A—from the agencies that awarded their grants and from DOGE, an entity apparently involved with the blocking of grant funding. The information and documents Plaintiffs seek are intended to confirm that their grants have been frozen and why.

**Requests for Production.** Plaintiffs seek agency and DOGE documents reflecting the planned or complete freeze of their specific grants and communications discussing their specific grants.

**Interrogatories.** Plaintiffs seek information regarding the reasons why their specific grants were frozen, the process used to identify their specific grants for freezing, the process

used to implement the freeze of their specific grants, and the role DOGE played in freezing their specific grants.

These requests are narrowly targeted to seek only evidence that is germane to matters implicated by Plaintiffs' concurrently filed motion for preliminary injunction. Accordingly, Plaintiffs request that the Court order Defendants to respond within seven (7) days after any order authorizing such discovery, or the same date as Defendants' response to the motion for preliminary injunction, whichever is later.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(d)(1), the Court may order expedited discovery in appropriate cases, "such as those involving requests for a preliminary injunction." Fed. R. Civ. P. 26(d) advisory committee's note to 1993 amendment. Courts have "broad discretion" under Federal Rule 26 to dictate the "timing and sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

Neither the Rules nor the Fourth Circuit prescribe a standard governing motions for expedited discovery, but this Court and others within this district apply a reasonableness or good cause standard based on five factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of typical discovery process the request was made." *Knight's Companies, Inc. v. Vantage Benefits Administrators, Inc.*, 2018 WL 6271049, at *1 (D.S.C. Apr. 5, 2018) (Gergel, J.) (quoting *Humphrey v. Sallie Mae, Inc.*, 2010 WL 2522743, at *1 (D.S.C. June 17, 2010)); *JTH Tax, Inc. v. M & M Income Tax Serv., Inc.*, 2013 WL 460316, at *2 (D.S.C. Feb. 6, 2013) (same standard) (quoting *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit*

*Auth.*, 234 F.R.D. 4, 6 (D.D.C.2006)); *see also Nevro Corp. v. Skoloff*, 2023 WL 5489352, at *1 (D.S.C. June 23, 2023) (same five factors govern reasonableness standard).[1]

## ARGUMENT

The five reasonableness factors show good cause for the expedited discovery that Plaintiffs seek, which is narrowly tailored to matters implicated by Plaintiffs' concurrently filed motion for preliminary injunction and which would minimally burden Defendants.

I.  **Plaintiffs seek expedited discovery in connection with a preliminary injunction to obtain information about alleged wrongful actions.**

Expedited discovery is necessary here because a preliminary injunction is pending, and the requested discovery is narrowly tailored to information germane to that motion. *Knight's Companies, Inc.*, 2018 WL 271049 at *2 (granting expedited discovery for "reasonable purpose of obtaining information about the allegedly wrongful transactions."). Granting this request would support the Court in crafting an appropriately tailored preliminary injunction, directed to the specific actions taken by Defendants to freeze the Plaintiffs' specific grants at issue here.

Courts in the Fourth Circuit and beyond agree that "[e]xpedited discovery is particularly appropriate where a preliminary injunction is sought." *L'Occitane, Inc. v. Trans Source Logistics, Inc.*, 2009 WL 3746690, at *1 (D. Md. Nov. 2, 2009); *see also, e.g. Teamworks Innovations*,

---

[1] Some courts instead apply a modified version of the preliminary injunction criteria. *See Nevro Corp.*, 2023 WL 5489352, at *1 (explaining and applying five-factor reasonableness standard as well as modified preliminary injunction test). However, the "majority position" within the Fourth Circuit recognizes that the modified preliminary injunction test is "not appropriate" where, as here, a party "requests expedited discovery in preparation for a preliminary injunction determination." *Teamworks Innovations, Inc. v. Starbucks Corp.*, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (quoting *Dimension Data N. Am., Inc. v. NetStar–1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005)); *see also New Mexico v. Musk*, ___ F. Supp. 3d ___, 2025 WL 783192 at *2 (D.D.C. Mar. 12, 2025) (reasonableness standard is "the more appropriate standard" when expedited discovery is "for the purpose of fleshing out a preliminary injunction motion"). In either event, Plaintiffs have demonstrated, through the accompanying request for preliminary injunction, that either standard has been met.

2020 WL 406360, at *2 (endorsing argument asserting same); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings."); *accord* Fed. R. Civ. P. 26(d) advisory committee's note to 1993 amendment ("requests for a preliminary injunction" are times when expedited discovery "will be appropriate").

When paired with a motion for preliminary injunction, expedited discovery must be timed so the responses can inform the briefing, hearing preparation, and decision on the motion. *See Teamwork Innovations*, 2020 WL 406360, at *3 (expedited discovery was appropriate where responses could inform reply brief and potential hearing); *JTH Tax, Inc.*, 2013 WL 460316, at *2 (expedited discovery was appropriate where "preliminary injunction hearing [was] pending" and parties agreed discovery would help court with "determination on the preliminary injunction") *Dimension Data*, 226 F.R.D. at 532 ("In the Fourth Circuit, where the circumstances permit, courts have allowed parties to engage in expedited discovery in preparation for a *hearing* on preliminary injunction." (collecting cases)); *see also Mullane v. Almon*, 339 F.R.D. 659, 665 (N.D. Fla. 2021) (reasons justifying expedited discovery include "obtain[ing] evidence to establish the elements for a preliminary injunction and to allow a district court to craft an appropriate preliminary injunction.").

Plaintiffs seek expedited discovery here for the purpose of supporting their concurrently filed motion for preliminary injunction and obtaining information to clarify their claims by identifying precisely how, and why, their grants were frozen. As in the *New Mexico v. Musk* case, the requests here seek information that is "relevant to whether Defendants exceeded their statutory and constitutional authority" by "cancelling, freezing, or pausing federal contracts,

5

grants, or other federal funding." *New Mexico v. Musk*, 2025 WL 783192 at *4, *citing Warner Bros. Recs. Inc. v. Does 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) (granting expedited discovery when information is "crucial to the prosecution of plaintiffs' claims").

Further, this discovery is reasonably timed to obtain responses that Plaintiffs can present to the Court in their reply brief, prior to any hearing or determination on the preliminary injunction, to allow the Cout to proper tailor relief.

Unless the Court orders otherwise, Local Civil Rule 7.06 requires Defendants to file any response opposing a preliminary injunction within fourteen days (14) after service of the motion, and Local Civil Rule 7.07 requires Plaintiffs to file any reply within seven (7) days after service of the response. Accordingly, Plaintiffs seek limited written and document discovery due seven (7) days after any order authorizing such discovery, or the same date as Defendants' response to the motion for preliminary injunction, whichever is later. This timeline would minimize the burden on Defendants to maximum extent practicable while accounting for the expedited nature of preliminary injunction proceedings.[2]

## II. The requested discovery is narrowly tailored and minimally burdensome on Defendants.

The discovery requested here is reasonable. The requests are narrow in scope—targeted at an identified set of discrete grants at issue in this lawsuit—and seek information that should be readily available to Defendants.

Courts in the Fourth Circuit, and beyond, have routinely granted narrowly tailored requests for expedited discovery when it does not present a substantial burden on Defendants.

---

[2] If this Court elects a different deadline for Defendants to respond to these requests, Plaintiffs request an opportunity to supplement their briefing on the Preliminary Injunction with relevant information obtained from Defendants.

*Knight's Companies, Inc.*, 2018 WL 6271049 at *2 (granting expedited requests that are "narrow in scope"); *Courthouse News Service v. Harris*, 2022 WL 3577255 at * (D. Md. Aug. 18, 2022) (granting expedited discovery when tailored requests would not impose substantial burden); *New Mexico v. Musk*, 2025 WL 783198 at *4 (granting request but narrowing them to information reflecting harm to Plaintiff States).

Plaintiffs' requests here are narrowly tailored and directly relevant to a central subject of the preliminary injunction motion: the lawfulness of government action. Plaintiffs' requests are designed to discover why their specific grants were frozen, and what actions and processes were employed by Defendants to freeze those grants. It is these actions and processes that Plaintiffs allege are unlawful. *See Ellsworth Assoc. Inc. v. United States*, 917 F. Sup. 841, 844 (D.D.C. 1996) (noting courts have "routinely granted expedited discovery in cases involving challenges to constitutionality of government action.").

Like the requests at issue in *New Mexico v. Musk*, Plaintiffs' requests are limited to a specific time-period (from January 20, 2025 to the present) and focused on actions and harms directed toward the Plaintiffs. *New Mexico*, 2025 WL 783198 at *4. The narrow requests here— like those in *New Mexico*—minimize the burden on Defendant, and to the extent that they require Defendants to compile significant amounts of information in response that is the result of the scope of their sweeping and disruptive conduct to date. Any burden is clearly outweighed by the benefits of expedited discovery, particularly given the legal and constitutional issues at stake here. *Id.* at *5; *see also Ellsworth Assoc. Inc.*, 917 F. Supp. 841 at 844.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to serve the proposed discovery requests attached as Exhibit A and that the Court order Defendants to respond within seven (7) days of the Court's order permitting such discovery, or

7

the same date as Defendants' response to the motion for preliminary injunction, whichever is later.

Respectfully submitted this 26th day of March 2025,

/s/ Carl T. Brzorad
Carl T. Brzorad (S.C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N.C. Bar No. 41333)
(Pro Hac Vice pending)
Irena Como (N.C. Bar No. 51812)
(Pro Hac Vice pending)
Nicholas S. Torrey (N.C. Bar No. 43382)
(Pro Hac Vice pending)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
(Pro Hac Vice pending)
Elaine Poon (VA Bar No. 91963)
(Pro Hac Vice pending)
Jon Miller (MA Bar No. 663012)
(Pro Hac Vice pending)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject. org

*Counsel for Plaintiffs Baltimore, Maryland, Columbus, Ohio, Madison, Wisconsin, Nashville, Tennessee, New Haven, Connecticut, and San Diego, California*

/s/ Mark Ankcorn
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)
(Pro Hac Vice pending)
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

## CERTIFICATE OF SERVICE

I certify that on March 26, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

I served the United States Department of Energy and Chris Wright in his official capacity as the Secretary of the United States Department of Energy via certified mail at the following address:

>Department of Energy
>1000 Independence Avenue, SW
>Washington, DC 20585

>/s/ Carl T. Brzorad
>Carl T. Brzorad (S. C. Bar No. 105413)
>SOUTHERN ENVIRONMENTAL LAW CENTER
>525 East Bay Street, Suite 200
>Charleston, SC 29403
>Telephone: (843) 720-5270
>Facsimile: (843) 414-7039
>cbrzorad@selc.org