# PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY REQUESTS

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
2:25-cv-2152

| | |
|---|---|
| The Sustainability Institute, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | **PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY REQUESTS** |

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36 and the Local Rules for the United States District Court for the District of South Carolina, Plaintiffs serve this First Set of Written Discovery Requests to Defendants.

**DEFINITIONS**

In general, words and phrases used in these discovery requests have the meanings ascribed to them under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for South Carolina, and other applicable law. The following specific terms are defined for purposes of these discovery requests:

1. "Communication" or "Communications" are defined as the transmittal of information – including by email. However, for the purposes of these Discovery requests only, it does not include text messages. Further, these requests only require Defendants to search their email by using the "Grant Number" listed on Attachment A as a search term – and to produce all document families responsive to that search. A document family means a group of related

documents that are considered collectively as a group, including but not limited to an email with attachments (the email being the "parent" and the attachments being "children").

2. "Document" is defined pursuant to Federal Rule of Civil Procedure 34 and includes, without limitation, written material of whatever kind or nature, whether in draft form, typed, printed, handwritten, or otherwise produced, including the original or any non-identical copies of correspondence, meeting minutes, resolutions, directives, memos, and any other written, printed, or recorded material of any kind known to you or in the possession, custody, or control of you or anyone acting on your behalf. However, please note that for purposes of these Discovery requests only, while the term "document" includes electronically stored information, it does not include emails unless they meet the definition of "Communications" above. However, documents should not be excluded from your response merely because they may be otherwise attached to such Communications.

3. "Describe," when used with respect to an interrogatory, means to give a complete and full accounting concerning the matter about which inquiry is made, based on all facts and information known or reasonably available to you.

4. "And" and "or" have both conjunctive and disjunctive meanings; "all" and "any" means both "each" and "every"; the plural shall include the singular and vice versa.

5. "Musk" means Defendant Elon Musk, in his official capacity as an employee and/or volunteer for the United States government

6. "DOGE" means Defendant the United States Department of Government Efficiency Service established by Executive Order 14158, "Establishing and Implementing the President's 'Department of Government Efficiency,'" on January 20, 2025. "DOGE" includes the "DOGE Temporary Organization" and Defendant Elon Musk.

7. "Describe" when used with respect to an interrogatory, means to provide a narrative response explaining the facts and events to the extent known, or reasonably available to you.

8. "Direct" or "directed" means instances in which an employee, officer, or volunteer instructed, ordered, or otherwise took action to compel a particular course of action by another.

9. "DOE" means the United States Department of Energy.

10. "EPA" means the United States Environmental Protection Agency.

11. "Freeze" or "Frozen" means the inability – either temporarily or indefinitely - of grant recipients to access funds, receive reimbursement for services performed under a grant, or finalize a grant award.

12. "Freezing Actions" or "Program Freezing Actions" means the actions identified in Paragraphs 8 and 9 of the Amended Complaint.

13. "Identify," when used with respect to an interrogatory, means to state all facts and information known or reasonably available to you.

14. "Include" and "Including" do not imply any limitation to the items or kinds of items enumerated.

15. "Personnel" means all persons acting on behalf of, as a part of, or pursuant to the authority of a Defendant. This includes but is not limited to federal employees, special government employees, contractors, consultants, and volunteers.

16. "USDA" means the United States Department of Agriculture.

17. "USDOT" means the United States Department of Transportation.

18. Unless words have been given a specific definition herein, each word or term used herein shall be given its usual and/or customary dictionary definition, except where such words

have a specific custom and/or usage definition in your trade or industry or as relevant to the subject matter here, in which case they shall be interpreted in accordance with such usual custom and/or usage definition of which you are aware

## INSTRUCTIONS

1. In answering these discovery requests, you shall comply with the Federal Rules of Civil Procedure, including, without limitation, Fed. R. Civ. P. 33, 34, and 36, and the Local Rules of the United States District Court for the District of South Carolina.

2. These discovery requests are intended to elicit facts, information, and documents from all persons or entities, agents, attorneys, contractors, employees, experts, insurers, investigators, representatives, servants, and others who are in possession of or may have obtained documents and other information for you or anyone acting on your behalf.

3. Unless specifically stated otherwise in these discovery requests, the time period(s) encompassed by each discovery request includes January 20, 2025 to the present. Further, these discovery requests are continuing in nature. Therefore, if any additional, contrary, or supplemental documents or other information are made available to you, supplemental answers to these discovery requests must be made as required by Fed. R. Civ. P. 26(e).

4. Please restate, verbatim, the text of each of the following discovery requests before providing your response. We will provide an editable version of these discovery requests upon reasonable advance request.

5. If more than one copy of a document exists, please produce the original, as well as every copy on which appears any notation or marking of any sort not appearing on the original.

6. Please produce all documents in the possession, custody, or control of you or

anyone acting on your behalf, or that are otherwise available to you after a reasonably diligent inquiry, unless any document is claimed to be privileged from discovery. If you contend any document requested is privileged or immune from discovery, produce a privilege/redaction log pursuant to the Federal Rules of Civil Procedure within the time provided by the order of the court authorizing expedited discovery.

7. Please produce all documents requested in the requests for production within the time provided by the order of the court authorizing expedited discovery.

8. When producing documents electronically, please use Bates numbers and provide a description of the documents. When producing documents electronically, please ensure that each separate document is its own separate file. This is because documents must be produced "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i).

9. Produce all electronically stored information in native format, with all metadata intact. Fed. R. Civ. P. 34(b)(1)(C). "Native Format" means the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities. For example, the native format of an Excel workbook is a .xls or .xlsx file and the native format of a Microsoft Word document is a .doc or .docx file. "Metadata" means (i) structured (fielded) information embedded in a native file that describes the characteristics, origins, usage, and/or validity of the electronic file; (ii) information generated automatically by operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system; (iii) information, such as Bates numbers, created during the course of processing documents or ESI for production; and (iv) information collected during the course of collecting documents or ESI, such as the name of the media device, or the custodian or non-custodial data source from

which it was collected.

10. Please make reasonably diligent efforts to obtain responsive documents. If, after reasonably diligent efforts, you still lack responsive documents, please say so, and describe the efforts made.

11. If you think any request for production is ambiguous, please do not refuse to respond on that ground. Instead, explain in your response how you have interpreted the request for production.

12. If you cannot answer an interrogatory in full and you have exercised thorough diligence in an attempt to secure the information requested, then you must so state. You must also explain to the fullest extent possible the specific facts concerning your inability to answer the interrogatory and supply whatever information or knowledge you have concerning any unanswered portion of the interrogatory.

13. If your answer to any interrogatory is "unknown," "not applicable," or any similar phrase or answer, state the following: (a) Why the answer to that interrogatory is unknown; and (b) The efforts made to obtain answers to the particular interrogatory.

## REQUESTS FOR PRODUCTION

### For Defendant DOGE

1. All documents containing lists, charts, or summaries that DOGE personnel or Defendant Elon Musk have created, compiled, or edited reflecting the planned or completed freeze or pause of federal contracts, grants, or other legal agreements listed in ATTACHMENT A.

2. All communications since January 20, 2025 discussing, referencing, or mentioning any grant identified in ATTACHMENT A.

### For Defendants United States Environmental Protection Agency, United States Department of Agriculture, United States Department of Transportation, and United States Department of Energy

1. All documents containing lists, charts, or summaries that EPA personnel have created, compiled, or edited reflecting the planned or completed freeze or pause of the federal contracts, grants, or other legal agreements listed in ATTACHMENT A.

2. All communications since January 20, 2025 concerning, discussing, referencing, or mentioning the specific grants identified in ATTACHMENT A, including but not limited to any communications with members of DOGE.

3. All documents relied upon in answering any of Plaintiffs' interrogatories.

## INTERROGATORIES

### For Defendant DOGE

1. Describe in detail the reasons why each grant listed in ATTACHMENT A was Frozen,

2. For each grant listed in ATTACHMENT A, describe in detail the role of DOGE in the implementation of the Freezing Actions at EPA, USDA, USDOT, and DOE, including, but not limited to, identifying the individuals involved and the actions taken on specific dates.

### For Defendant United States Environmental Protection Agency:

1. Identify the current status of each grant listed in ATTACHMENT A administered by EPA.

2. Describe in detail the reasons why each grant listed in ATTACHMENT A administered by EPA was Frozen.

3. Describe in detail the process that EPA used to identify each grant listed in ATTACHMENT A administered by EPA that was Frozen, including but not limited to the use of keywords or search terms.

    a. This description should include a detailed account of how the flowchart described in paragraph 244 of the Amended Complaint (ECF No. 23) (and reproduced in the Amended Complaint following paragraph 244) was applied to each grant listed in ATTACHMENT A administered by EPA.

    b. If keywords or search terms were used to identify grants that have been Frozen by EPA, provide the keywords or search terms.

4. Describe in detail the process that EPA used to Freeze each grant listed in ATTACHMENT A administered by EPA, including all steps and actions that have resulted in grants administered by EPA being Frozen.

3. Describe in detail any coordination between EPA and DOGE in identifying grants administered by EPA in ATTACHMENT A to be Frozen by EPA, including but not limited to identifying the individuals involved and the actions taken.

4. Describe any coordination or other actions taken with DOGE in implementing the Freezing Actions.

## For Defendant United States Department of Agriculture:

1. Identify the current status of each grant listed in ATTACHMENT A administered by USDA.

2. Describe in detail the reasons why each grant listed in ATTACHMENT A administered by USDA was Frozen.

3. Describe in detail the process that USDA used to identify each grant listed in ATTACHMENT A administered by USDA that was Frozen, including but not limited to the use of keywords or search terms.

   a. If keywords or search terms were used to identify grants that have been Frozen by USDA, provide the keywords or search terms.

4. Describe in detail the process that USDA used to Freeze each grant listed in ATTACHMENT A administered by USDA, including all steps and actions that have resulted in grants administered by USDA being Frozen.

5. Describe in detail any coordination between USDA and DOGE in identifying grants administered by USDA in ATTACHMENT A to be Frozen by USDA, including a list of individuals and their roles in identifying

6. Describe any coordination or other actions taken with DOGE in implementing the Freezing Actions.

**For Defendant United States Department of Transportation:**

1. Identify the current status of each grant listed in ATTACHMENT A administered by USDOT.

2. Describe in detail the reasons why each grant listed in ATTACHMENT A administered by USDOT was Frozen.

3. Describe in detail the process that USDOT used to identify each grant listed in ATTACHMENT A administered by USDOT that was Frozen, including but not limited to the use of keywords or search terms.

    a. If keywords or search terms were used to identify grants that have been Frozen by USDOT, provide the keywords or search terms.

4. Describe in detail the process that USDOT used to Freeze each grant listed in ATTACHMENT A administered by USDOT, including all steps and actions that have resulted in grants administered by USDOT being frozen.

    a. This description should include a detailed account of how the March 12, 2025 USDOT Directive (described in the Amended Complaint at paragraphs 224–231) was implemented with respect to the grants listed in ATTACHMENT A administered by USDOT.

5. Describe in detail any coordination between USDOT and DOGE in identifying grants administered by USDOT in ATTACHMENT A to be Frozen by USDOT, including but not limited to identifying the individuals involved and the actions taken.

6. Describe any coordination or other actions taken with DOGE in implementing the Freezing Actions.

**For Defendant United States Department of Energy:**

1. Identify the current status of each grant listed in ATTACHMENT A administered by DOE.

2. Describe in detail the reasons why each grant listed in ATTACHMENT A administered by DOE was Frozen.

3. Describe in detail the process that DOE used to identify each grant listed in ATTACHMENT A administered by DOE that was Frozen, including but not limited to the use of keywords or search terms.

    a. If keywords or search terms were used to identify grants that have been Frozen by DOE, provide the keywords or search terms.

4. Describe in detail the process that DOE used to Freeze each grant listed in ATTACHMENT A administered by DOE, including all steps and actions that have resulted in grants administered by DOE being frozen.

5. Describe in detail any coordination between DOE and DOGE in identifying grants administered by DOE in ATTACHMENT A to be Frozen by DOE, including but not limited to identifying the individuals involved and the actions taken.

6. Describe any coordination or other actions taken with DOGE in implementing the Freezing Actions.

# LIST OF GRANTS
# ATTACHMENT A

## ATTACHMENT A – List of Grants

| Granting Agency | Grant Number | Project Name / Notes | Grant Program | Grant Recipient | Decl. Cite |
|---|---|---|---|---|---|
| DOE | DE-SE0001546 | Assistance for Latest and Zero Building Energy Code Adoption | Assistance for Adoption of the Latest and Zero Building Energy Codes | City of Baltimore | Baltimore Decl., Ex. 14-C [1] |
| EPA | 5F-03D33625-0 | Youth Empowerment Strategies 4 Environmental Justice | Environmental and Climate Justice Block Grant – Community Change Grant | Earth Island Institute | Earth Island Decl., Ex. 8-D |
| EPA | 3D30824 | Community Change Grant | Environmental and Climate Justice Block Grant - Community Change Grant | Sustainability Institute | Sustainability Institute Decl., Ex. 1-B |
| EPA | 97T28301 | Inflation Reduction Act - Environmental and Climate Justice | Environmental and Climate Justice Block Grant - Community Change Grant | Leadership Counsel for Justice and Accountability | Leadership Counsel Decl., Ex. 9-A |
| EPA | 96272300 | Uplifting Bronx Voices for Climate Change Resilience | Environmental and Climate Justice Block Grant - Community Change Grant | Bronx River Alliance | Bronx River Decl., Ex. 5-B |

---

[1] Exhibit cites in this column reference exhibits to Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction.

## ATTACHMENT A – List of Grants

| Granting Agency | Grant Number | Project Name / Notes | Grant Program | Grant Recipient | Decl. Cite |
|---|---|---|---|---|---|
| EPA | 97T28901 | Huliau o Wai'anae: Turning Points for a Sustainable Future. | Environmental and Climate Justice Block Grant - Community Change Grant | Earth Island Institute | Earth Island Decl., Ex. 8-B |
| EPA | 00A01479 | Elm City Climate Collaborative | Environmental and Climate Justice Block Grant - Community Change Grant | City of New Haven | New Haven Decl., Ex. 18-C |
| EPA | 00E05005 | Climate Resilience Starts at Home: Growing Energy Efficiency, Indoor Air Quality, and Green Jobs in Madison and Fitchburg, Wisconsin | Environmental and Climate Justice Block Grant - Community Change Grant | City of Madison | Madison Decl., Ex. 16-A |
| EPA | 00A01441 | Electrify New Haven | Environmental and Climate Justice Block Grant - Government to Government Grant | City of New Haven | New Haven Decl., Ex. 18-A |
| EPA | 95336801 | DPW YH20+ Expansion II | Environmental and Climate Justice Block Grant - Government to Government Grant | City of Baltimore | Baltimore Decl., Exs. 14-C, 14-D |

## ATTACHMENT A – List of Grants

| Granting Agency | Grant Number | Project Name / Notes | Grant Program | Grant Recipient | Decl. Cite |
|---|---|---|---|---|---|
| EPA | 03D03424 | North Mecklenburg Air Monitoring Network | Environmental Justice Collaborative Problem-Solving | CleanAIRE NC | CleanAIRE NC Decl., Ex. 6-B |
| EPA | 96229424 | Partnership for Urban Waterways in Bronx and Lower Westchester Counties, New York | Environmental Justice Collaborative Problem-Solving | Bronx River Alliance | Bronx River Decl., Ex. 5-D |
| EPA | 00A01475 | Union Station Area Thermal Energy Network | Climate Pollution Reduction Grant Program | City of New Haven | New Haven Decl., Ex. 18-B |
| EPA | 95335901 | Bowley's Lane Composing Facility | Solid Waste Infrastructure for Recycling Grant Program | City of Baltimore | Baltimore Decl., Ex. 14-A |
| EPA / NFWF | 0602.24.082555 | Accelerating Clean Water and Conservation Outcomes in Shenandoah Valley (VA) | Innovative Nutrient and Sediment Reduction Grants Program | Alliance for the Shenandoah Valley | Alliance for the Shenandoah Decl., Ex. 4-E |
| USDA | AM22FFWPA0013 | Collaborative Farm Worker and Meatpacking Worker 14-State COVID Relief Fund Project | Agricultural Marketing Service Farm and Food Worker Relief | Pasa | Pasa Decl., Ex. 12-B |
| USDA | 2022-70416-37195 | Subaward with National Young Farmers Coalition | American Rescue Plan Technical Assistance Investment Program | RAFI-USA | RAFI-USA Decl., Ex. 13-H |

**ATTACHMENT A – List of Grants**

| Granting Agency | Grant Number | Project Name / Notes | Grant Program | Grant Recipient | Decl. Cite |
|---|---|---|---|---|---|
| USDA | NR225F48XXXXC002 | Organic Technical Staffing Assistance | Conservation Stewardship Program: Organic Technical Assistance Grant | Marbleseed | Marbleseed Decl., Ex. 10-C |
| USDA | NR223A750003C062 | Subaward with RAFI-USA | Conservation Technical Assistance Cooperative Agreement | Alliance for Agriculture | Alliance for Agriculture Decl., Ex. 3-D |
| USDA | FSA24CPT0014403 | Distressed Borrower Technical Assistance | Distressed Borrower Assistance Network Program | RAFI-USA | RAFI-USA, Decl. Ex. 13-D |
| USDA | NR242D37XXXXG002 | In Pennsylvania to help improve grazing success and associated economic, environmental, and social co-benefits, including animal health, soil health, carbon sequestration, cost savings, water quality | Environmental Quality Incentives Program – Conservation Innovation Grants | Pasa | Pasa Decl., Ex. 12-D |
| USDA | NR243A750003C062 | Expanding RAFI-USA's Conservation Resources for Resilient Farms Project | Equity in Conservation Outreach Cooperative Agreement | RAFI-USA | RAFI-USA Decl. Ex. 13-B |

ATTACHMENT A – List of Grants

| Granting Agency | Grant Number | Project Name / Notes | Grant Program | Grant Recipient | Decl. Cite |
|---|---|---|---|---|---|
| USDA | NR243A750003C045 | Deliver outreach and education programming to increase awareness of and participation in NRCS programs, services and leadership opportunities in agriculture and natural resource conservation in Kentucky. | Equity in Conservation Outreach Cooperative Agreement | Organic Association of Kentucky (OAK) | OAK Decl., Ex. 11-B |
| USDA | FSA24GRA0011586 | Increase Land, Capital, and Market Access for Underserved Farmers on a Mid-size National Landscape using New Model, Agrarian Commons | Increasing Land, Capital, and Market Access Program | Agrarian Trust | Agrarian Trust Decl., Ex. 2-A |
| USDA | FSA24CPT0013706 | Gaining New Ground | Increasing Land, Capital, and Market Access Program | RAFI-USA | RAFI-USA Decl, Ex. 13-F |
| USDA | FSA23CPT0013706 | Gaining New Ground - Subaward with RAFI-USA | Increasing Land, Capital, and Market Access Program | Alliance for Agriculture | Alliance for Agriculture Decl., Ex. 3-B. |
| USDA | NR233A750004G045 | Expands markets for climate-smart dairy, beef and poultry industry in DE, NC, NJ, NY, MD, OH, PA, SC, TN, VA and WV and supports the implementation and monitoring of climate-smart practices. | Partnerships for Climate-Smart Commodities Program | Conservation Innovation Fund | Cons. Innovation Fund Decl., Ex. 7-A |
| USDA | NR233A750004G045 | Subaward with Conservation Innovation Fund | Partnerships for Climate-Smart Commodities Program | Alliance for the Shenandoah Valley | Alliance for the Shenandoah Decl., Exs. 4-A, 4-B |

## ATTACHMENT A – List of Grants

| Granting Agency | Grant Number | Project Name / Notes | Grant Program | Grant Recipient | Decl. Cite |
|---|---|---|---|---|---|
| USDA | NR243A750004G010 | Expands climate-smart wheat, grain, specialty and organic crop markets in IA, IL, IN, KS, KY, MI, MN, MO, ND, NE, OH, SD, TN, WI and supports farmer CS practice implementation and monitoring. | Partnerships for Climate-Smart Commodities Program | Marbleseed | Marbleseed Decl., Ex. 10-B |
| USDA | NR233A750004G025 | Expands markets in the Eastern US for climate-smart dairy, grain, livestock, organic and specialty crops; supports farmer and rancher climate-smart practice implementation and monitoring | Partnerships for Climate-Smart Commodities Program | Pasa | Pasa Decl., Ex. 12-A |
| USDA | NR233A750004G092 | Expand markets for climate-Smart grass-fed lamb, grass fed beef, corn, soybeans, small grains, produce, dairy, agroforestry and hemp in Kentucky; supports socially disadvantaged farmers | Partnerships for Climate-Smart Commodities Program | Organic Association of Kentucky (OAK) | OAK Decl., Ex.11-D |
| USDA | NR233A750004G080 | Subaward with A Greener World (AGW) | Partnerships for Climate-Smart Commodities Program | RAFI-USA | RAFI Decl., Ex. 13-J |
| USDA | FSA23CPT0013667 | Resources for Resilient Farms | Rural Development Policy Cooperative Agreement | RAFI-USA | RAFI-USA Decl, Ex. |
| USDA | FSA23CPT0012856 | Collaborative Approaches for Impact for Philadelphia Urban and Innovative Agriculture | Urban Agriculture and Innovative Production Grant | Pasa | Pasa Decl., Ex. 12-C |

ATTACHMENT A – List of Grants

| Granting Agency | Grant Number | Project Name / Notes | Grant Program | Grant Recipient | Decl. Cite |
|---|---|---|---|---|---|
| USDA | 24-DG-11052021-228 | Ready, Set, Grow San Diego | Urban and Community Forestry Grant | City of San Diego | San Diego Decl., Ex. 20-A |
| USDA | 23-DG-11094200-363 | Subaward of Ohio Department of Natural Resources | Urban and Community Forestry Grant | City of Columbus | Columbus Decl., Ex. 15-A |
| USDOT | N/A | East Nashville Spokes | Active Transportation Infrastructure Investment Program | City of Nashville | Nashville Decl., Ex. 17 |
| USDOT | N/A | Electrify Music City | Charging and Fueling Infrastructure Grant Program | City of Nashville | Nashville Decl., Ex. 17 |