**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| The Sustainability Institute *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:25-2152-RMG |
| | ) | |
| Donald J. Trump, in his official capacity as President of the United States, *et al*. | ) ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |
| | ) | |

Plaintiffs have moved for a preliminary injunction in this action, and Defendants have a response due on or before April 9, 2025. (Dkt. No. 24). Plaintiffs assert in their Amended Complaint that despite judicial orders directing the unfreezing of funds related to certain "paused" or suspended grants, "grants continue to be repeatedly frozen, unfrozen, and then frozen again with no notice or justification." (Dkt. No. 23 at ¶ 12). Plaintiffs further assert in their memorandum in support of their motion for preliminary injunction, that despite judicial orders directing that grant funds be unfrozen, "many of the grants remain frozen" and "it remains unclear which of an ongoing series of agency actions are responsible for the freeze at any given time. And agencies appear to be engaging in new actions either in an attempt to evade court orders or in an effort to create more impediments to the disbursement of funding or both." (Dkt. No. 24-1 at 13).

Recent concerns along these same lines were addressed by the United States District Court for the District of Rhode Island in two decisions issued in *New York v. Trump*. In that case, the defendants argued that the lawsuit was moot because a memorandum directing the freezing of certain funds issued by the Office of Management and Budget ("OMB") had been rescinded. The

1

court, in granting the Plaintiffs' motion for a temporary restraining order, rejected the defendants' argument because the evidence showed the "substantive effect of the directive carries on." *New York v. Trump*, C.A. No. 25-cv-39-JJM-PAS, 2025 WL 357368 at *4 (D.R.I. January 31, 2025). The court observed that the reported recission of the OMB Directive "was in name-only and may have been issued simply to defeat the jurisdiction of the courts." *Id*. The Rhode Island District Court addressed the defendants' mootness argument again when addressing the Plaintiff's motion for preliminary injunction. The Court, in granting the Plaintiffs' motion for preliminary injunction, again found that the evidence suggested the OMB directive's recission was "in name only" and "may have been issued simply to defeat the jurisdiction of the courts." *New York v. Trump*, C.A. No. 25-cv-39-JJM-PAS, 2025 WL 715621 at *5, 16 (D.R.I. March 6, 2025). The Rhode Island District Court's order granting preliminary injunction enjoined the defendants from "pausing, freezing, blocking, canceling, suspending, terminating, or otherwise impeding the disbursement of appropriated federal funds" at issue in the litigation. *Id.* at *16.

To allow this Court to fully and properly review the actions under challenge in this litigation, Defendants are directed to address, in their response to Plaintiffs' motion for a preliminary injunction, all legal and factual bases upon which the Defendants relied upon, could have relied upon, or might in the future might rely upon to freeze the grant funds at issue in this litigation.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

March 31, 2024
Charleston, South Carolina