IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| The Sustainability Institute *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:25-2152-RMG |
| | ) | |
| Donald J. Trump, in his official capacity as President of the United States, *et al*. | ) ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |
| | ) | |

  Plaintiffs have moved for expedited discovery in advance of the Court's hearing on their motion for preliminary injunction. (Dkt. No. 25). Defendants oppose the motion, arguing that they plan to file a motion to dismiss on jurisdictional grounds, and the Court should take up their motion to dismiss before reaching Plaintiffs' motion for a preliminary injunction. (Dkt. No. 39 at 7-8). Defendants also object to what they describe as the "voluminous, not narrowly tailored, and burdensome" discovery requests. (*Id*. at 11-13).

  Federal Rule of Civil Procedure 26(d)(1) provides that a "a party may not seek discovery from any source before the parties have conferred as required under Rule 26(f)," but the Rule is subject to modification by court order. The majority view, which is followed within this District, is that a motion for expedited discovery in advance of a hearing on a motion for preliminary injury is subject to what has been called the "reasonableness test." Moore's Federal Practice § 26.121[2]; *Knight's Companies, Inc. v. Vantage Benefits Administrators, Inc*., Case No. 2:18-cv-350, 2018 WL 6271049 at *1 (D.S.C. 2018); *Humphrey v. Sallie Mae, Inc*., C/A No. 3:10-cv-01505, 2010 WL 2522743 at *1 (D.S.C. 2010). The factors courts have looked to in determining whether

expedited discovery is appropriate under the reasonableness test include (1) whether a preliminary injunction motion is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id*. Moore's Federal Practice explains the expanding use of expedited discovery in advance of hearings on motions for preliminary injunction:

> In the many years since the deployment of the standards for granting a preliminary injunction to requests for expedited discovery, courts have moved toward the reasonableness test. The changing construct of Rule 26—with its mandated conferences and sequenced discovery—has required district courts to slip away from the preliminary injunction rules to ask questions more relevant to requests for expedited discovery. This is evident with requests to support motions for preliminary injunctions and motions to dismiss for want of anemic fact-based allegations. The reasonableness test is a product of these difficulties, bringing to bear considerations directly relevant to today's discovery regime.

Moore's Federal Practice § 26.121[2]

In a recent case involving a challenging to an executive order, Judge John D. Bates ruled that "properly limited, expedited discovery would be appropriate and beneficial . . ." in advance of a pending motion for a preliminary injunction. *American Federation of Labor and Congress of Industrial Organizations v. Department of Labor*, No. 25-0339 (JDB), 2025 WL 556325 at *1 (D.D.C. 2025). Judge Bates explained:

> Defendants rightly point out that a district court's role in traditional APA cases is limited to reviewing the administrative record. However, this is an unusual case. Plaintiffs don't contend that the decisions and policies they challenge were made through a formal process or otherwise produced a record like the Court may see in a typical APA case. Indeed, the core question here is whether the defendants even took the actions (or established the policies) that plaintiffs challenge. There's no way for the Court to decide that question—or the follow up question of whether those policies were in accordance with the law—without some evidence of the

defendants' decisionmaking process. So, in this APA case, discovery is appropriate. *Id*.

The Court has carefully weighed Plaintiffs' motion for expedited discovery in light of the reasonableness standards for early discovery. First, Plaintiffs do have a preliminary injunction pending. Second, the breadth of discovery, narrowed by the Court below, is limited in scope and time. Third, the purpose of the expedited discovery is to provide Plaintiffs and the Court contemporaneous evidence of the decisionmaking process at issue in this action, a critical issue in any action brought pursuant to the APA. Furthermore, the Court, by order dated March 31, 2025, directed Defendants to address in their response to the motion for preliminary injunction "all legal and factual bases upon which the Defendants relied upon . . . to freeze grant funds at issue in this litigation." (Dkt. No. 32 at 2). Providing the Plaintiffs and the Court the underlying documents to support the Defendants' responses to the Court directed inquiry is reasonable and allows the Court to determine whether the reasons asserted by Defendants were the ones relied upon at the time of the challenged actions or are post hoc justifications. Fourth, the burden on the specifically identified five defendants to produce all documents in any way related to the freezing, pausing, and/or termination of the grant funds at issue in this litigation should not be unduly burdensome.[1] Fifth, the limited scope of the required expedited discovery is, relatively speaking, fairly close in time to the time Defendants would be required to produce the administrative record in this APA case. In sum, all reasonableness factors for expedited discovery weigh in favor of Plaintiffs'

---

[1] Indeed, the Court would anticipate that producing the limited documents identified below would place a minimal burden on defense counsel and their clients since it is reasonable to assume that those very documents will be reviewed in responding appropriately to the Court's inquiry regarding "all legal and factual bases upon which Defendants relied upon . . . to freeze grant funds at issue in this litigation." (Dkt. No. 32 at 2).

motion. Consequently, the Court grants in part and denies in part Plaintiffs motion for expedited discovery, as further explained below.[2]

The Court has reviewed Plaintiffs' discovery requests and agree with Defendants that they are more extensive than necessary for expedited discovery. The Court hereby narrows the discovery requests of Plaintiffs to one Request to Produce for the following five Defendants: United States Department of Governmental Efficiency Service ("DOGE"), United States Environmental Protection Agency, United States Department of Agriculture, United States Department of Transportation, and United States Department of Energy. The responses to the following narrowed Requests to Produce are due on or before April 17, 2025 at 5:00 p.m. and shall be filed on the ECF. Each of the above five Defendants shall submit separate responses. All responses must be certified by an employee of that agency or entity, attesting to the fact that he or she has made a diligent search of all records and that the records produced are complete to his or her personal knowledge and belief.

In the event any Defendant asserts any privilege in regard to any of the documents required to be produced by this Order, such Defendant shall file a motion for a protective order on or before April 17, 2025 at 5:00 p.m., and the motion must be accompanied by an appropriate privilege log. Additionally, any document asserted by any Defendant to be subject to any privilege must be

---

[2] The Court granting Plaintiffs' motion for expedited discovery by no means forecloses Defendants from asserting a jurisdictional challenge or any other defenses. The Court notes that other recent district court decisions relating to challenged agency actions have addressed jurisdictional and other defenses in orders ruling upon motions for a preliminary injunction. *See*, *New York v. Trump*, 2025 WL 715621 at * 5-7 (D.R.I. 2025); *National Council of Nonprofits v. Office of Management and Budget*, 2025 WL 597959 at *5-11 (D.D.C. 2025); *Massachusetts v. National Institute of Health*, 2025 WL 702163 at *4-8 (D. Mass. 2025); *American Association of Colleges of Teacher Education v. McMahon*, 2025 WL 863319 at *2-5 (D. Md. 2025).

submitted to the Court under seal and ex parte for in camera review on or before April 17, 2025 at 5:00 p.m.

The Plaintiffs' Request to Produce are hereby narrowed as follows for each of the named Defendants below:

## DOGE

All documents[3] prepared, received, possessed or transmitted from January 20, 2025 to the present which reference in any way any of the grants set forth in Dkt. No. 25-1 at 14-20 and which relate in any manner to the freezing, pausing, and/or terminating grant funds to the grant recipients who are parties to this litigation. These documents include, but are not limited to, those documents which reference in any way the reasons for any such freeze, pause, and/or termination of access to grant funds or involve a general directive or instruction from DOGE to any agency or agency official to pause, freeze and/or terminate grant funding at issue in this litigation. This Request includes all such documents in your possession, custody and/or control.

## United States Environmental Protection Agency

All documents prepared, received, possessed or transmitted from January 20, 2025 to the present which reference in any way any of the grants set forth in Dkt. No. 25-1 at 14-20 and which relate in any manner to the freezing, pausing, and/or terminating of access to the grant funds to the grant recipients who are parties to this litigation. These documents include, but are not limited to, those documents which reference in any way the reasons for any such freeze, pause, and/or termination of access to grant funds and further include any documents relating to freezing,

---

[3] As used in this Order, "document" means material of every kind or nature, whether typed, handwritten, hard copy or digital, and includes, but is not limited to, all emails, minutes, directives, memos, charts, and summaries.

pausing, or terminating grant funds under the agency's supervision received from DOGE. This Request includes all documents in your possession, custody, and/or control.

### United States Department of Agriculture

All documents prepared, received, possessed or transmitted from January 20, 2025 to the present which reference in any way any of the grants set forth in Dkt. No. 25-1 at 14-20 and which relate in any manner to the freezing, pausing, and/or terminating of access to the grant funds to the grant recipients who are parties to this litigation. These documents include, but are not limited to, those documents which reference in any way the reasons for any such freeze, pause, and/or termination of access to grant funds and further include any documents relating to freezing, pausing, or terminating grant funds under the agency's supervision received from DOGE. This Request includes all documents in your possession, custody, and/or control.

### United States Department of Transportation

All documents prepared, received, possessed or transmitted from January 20, 2025 to the present which reference in any way any of the grants set forth in Dkt. No. 25-1 at 14-20 and which relate in any manner to the freezing, pausing, and/or terminating of access to the grant funds to the grant recipients who are parties to this litigation. These documents include, but are not limited to, those documents which reference in any way the reasons for any such freeze, pause, and/or termination of access to grant funds and further include any documents relating to freezing, pausing, or terminating grant funds under the agency's supervision received from DOGE. This Request includes all documents in your possession, custody, and/or control.

### United States Department of Energy

All documents prepared, received, possessed or transmitted from January 20, 2025 to the present which reference in any way any of the grants set forth in Dkt. No. 25-1 at 14-20 and which

relate in any manner to the freezing, pausing, and/or terminating of access to the grant funds to the grant recipients who are parties to this litigation. These documents include, but are not limited to, those documents which reference in any way the reasons for any such freeze, pause, and/or termination of access to grant funds and further include any documents relating to freezing, pausing, or terminating grant funds under the agency's supervision received from DOGE. This Request includes all documents in your possession, custody, and/or control.

    **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

April 7, 2025
Charleston, South Carolina