IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| The Sustainability Institute, et al., | ) | Civil Action Number: 2:25-cv-02152-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF
COURT'S ORDER FOR EXPEDITED DISCOVERY (ECF No. 45)**

Plaintiffs moved for expedited discovery in advance of the Court's hearing on Plaintiffs' motion for preliminary injunction. ECF No. 25. Defendants opposed Plaintiffs' motion. ECF No. 39. Earlier today, the Court entered its Order on the motion for expedited discovery requiring five Defendants to produce documents related to the grants at issue in this case. *See* ECF No. 45. Defendants respectfully move for reconsideration under Fed. R. Civ. P. 54(b) in light of the Supreme Court's April 4, 2025 decision in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025) (per curiam), attached hereto as Exhibit A. The Supreme Court's decision in *California* forecasts that this Court does not have subject matter jurisdiction over Plaintiffs' claims. The Court should, therefore, reconsider its Order and should not subject Defendants to discovery at this early stage.

**STANDARD OF REVIEW**

Rule 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final

>  judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Under Rule 54(b), the district court retains the power to reconsider and modify its interlocutory judgments at any time prior to final judgment when such is warranted." *Murdaugh v. Blackfin, Inc.*, No. 9:24-cv-4914-RMG, 2025 WL 925164, at *1 (D.S.C. Mar. 26, 2025) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-14 (4th Cir. 2003)) (additional citations omitted). "The Fourth Circuit has offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id*. (quoting *Career Counseling, Inc. v. Amerifactors Fin. Grp., LLC*, No. 3:16-CV-3013-JMC, 2021 WL 1345627, at *4 (D.S.C. Apr. 12, 2021)). "Without such express guidance, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance." *Id*. (quoting *Career Counseling*, 2021 WL 1245627, at *4) (additional citations omitted).

"Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Murdaugh*, 2025 WL 925164, at *1 (quoting *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same

2

force when analyzing an [ ] interlocutory order.")) (additional citation omitted).

## ARGUMENT

In *California*, issued after Plaintiffs' motion for expedited discovery was fully briefed, the Supreme Court indicated that the Tucker Act applies to actions challenging federal grant terminations and, as a result, jurisdiction over those actions lies solely in the Court of Federal Claims. *See California*, 2025 WL 1008354, at *1. In light of the Supreme Court's decision, requiring Defendants to participate in discovery in a case that, according to the Supreme Court, this Court likely does not have jurisdiction over is manifestly unjust and contrary to controlling law. Accordingly, the Court should reconsider its Order. The Court should defer any discovery until Plaintiffs can overcome the clear indication from the Supreme Court's decision in *California* that Plaintiffs are barred from pursuing their claims in this Court.

In *California*, the plaintiffs sought preliminary relief enjoining the government from terminating grant awards under two programs administered by the United States Department of Education. The United States District Court for the District of Massachusetts entered injunctive relief against the government. *See California v. U.S. Dep't of Educ.*, No. 25-10548-MJJ, 2025 WL 760825 (D. Mass. Mar. 10, 2025). The First Circuit Court of Appeals affirmed. *See California v. U.S. Dep't of Educ.*, No. 25-1244, 2025 WL 878431, at *2 (1st Cir. Mar. 21, 2025). Plaintiffs in the instant case relied on the First Circuit's decision in their Reply in Support of Motion for Expedited Discovery in support of the position that the Tucker Act does not apply and, therefore, Defendants' anticipated motion to dismiss for lack of subject matter jurisdiction would fail. *See* ECF No. 44 at 4 and n.3.

In its decision in *California*, the Supreme Court stayed the orders entered by the

Massachusetts District Court, explaining that the government is "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA." 2025 WL 1008354, at *1. Instead, the Court explained, suits seeking relief like that sought by the *California* plaintiffs likely belong in the Court of Federal Claims. *Id*. In addition, the Court concluded that the remaining stay factors were met, because the government will be harmed if it is unable to "recover the grant funds once they are disbursed" while, conversely, grant recipients "can recover any wrongfully withheld funds through suit in an appropriate forum." *Id*.

The Supreme Court's decision underscores that this Court likely lacks jurisdiction over Plaintiffs' claims and, as an initial matter, should reconsider its ruling allowing expedited discovery (ECF No. 45). Other district courts have changed course in light of the Supreme Court's decision in *California*. For example, in *New York v. Trump*, No. 25-cv-39—a case on which Plaintiffs rely in their Complaint (ECF No. 1 at 59, ¶ 216), their Motion for Preliminary Injunction (ECF No. 24-1 at 14), and their Reply in Support of Motion for Expedited Discovery (ECF No. 44 at 3)—the District of Rhode Island today granted an emergency motion to stay the order enforcing the preliminary injunction. *See New York v. Trump*, No. 1:25-cv-39 (JJM) (Text Order entered Apr. 7, 2025). This Court should likewise reconsider its Order and deny Plaintiffs' motion for expedited discovery.

Prior to filing this motion, undersigned counsel conferred with counsel for Plaintiffs. Plaintiffs informed the undersigned they will be filing a response in opposition.

## **CONCLUSION**

For the reasons set forth above, in light of the Supreme Court's decision in *California*, Defendants respectfully request that the Court reconsider its Order (ECF No. 45) and deny

Plaintiffs' motion for expedited discovery.

                                                          Respectfully submitted,

                                                          BROOK B. ANDREWS
                                                          ACTING UNITED STATES ATTORNEY

                                                          *s/Lee E. Berlinsky*
                                                          By:    Lee E. Berlinsky (#05443)
                                                          Assistant United States Attorney
                                                          151 Meeting Street, Suite 200
                                                         Charleston, SC 29401
                                                          Tel: (843) 266-1679
                                                          Lee.Berlinsky@usdoj.gov

                                                          Todd Timmons (#11254)
                                                          Assistant United States Attorney
                                                          1441 Main Street, Suite 500
                                                          Columbia, South Carolina 29201
                                                          Tel: (803) 237-9265
                                                          Todd.Timmons@usdoj.gov

April 7, 2025