IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| THE SUSTAINABILITY INSTITUTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 2:25-cv-02152 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO RECONSIDER**

Defendants have filed a motion to reconsider the Court's April 7, 2025 Order granting in part and denying in part Plaintiffs' motion to expedite discovery, Dkt. No. 45 (the "Order"). Defendants contend that the Supreme Court's April 4, 2025 opinion staying a temporary restraining order against the Government pending appeal in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (per curium), "forecasts that this Court does not have subject matter jurisdiction over Plaintiffs' claims," warranting reconsideration of the Order. Dkt. No. 46 at 1 (the "Motion"). Defendants are wrong. This Court has jurisdiction. Defendants' Motion should be denied.

The conclusion reached by the U.S. Supreme Court in *Department of Education* is limited in scope and arises out of legal and factual circumstances not present here. In initial stages of the case, after "barebones briefing, no argument, and scarce time for reflection," *Dep't of Educ.*, 2025 WL 1008354, at *2 (Kagan, J., dissenting), the Supreme Court concluded that the government was likely to succeed on the merits of its argument that specific *procedural* claims made under the Administrative Procedure Act ("APA") about the *termination* of a set of grants

for diversity, equity and inclusion education initiatives amounted to an attempt to "enforce a contractual obligation to pay money." *Id.* at *1 (citation and quotations omitted). The underlying temporary restraining order ("TRO") in *Department of Education* was based on an evaluation of Plaintiffs' procedural APA claims—finding that specific termination letters failed to adequately explain the government's reasoning. *California v. Dep't of Educ.*, No. 25-cv-10548-MJJ, 2025 WL 760825 at *2–3 (D. Mass. Mar. 10, 2025). The Supreme Court, reviewing this TRO, concluded that the government was likely to succeed on its argument that those claims, seeking to restore terminated awards on the theory that the terminations were arbitrary and capricious, must be brought pursuant to the Tucker Act in the Court of Federal Claims. *Dep't of Education*, 2025 WL 1008354, at *1. As such, the Court concluded that the defendants in *Department of Education* would likely be able to show "the APA's limited waiver of [sovereign] immunity" ceased to apply, divesting the district court of jurisdiction. *Id.*

Because the factual and legal circumstances at issue in the matter before this Court are significantly different than those at play in *Department of Education*, the Supreme Court's assessment of the plaintiffs' claims in that case does not extend to this matter. This Court has jurisdiction to resolve Plaintiffs' claims, and to order the discovery needed to fully assess them, for the following five reasons.

**First**, unlike plaintiffs in *Department of Education*, who only brought claims under the APA, Plaintiffs here have alleged a series of constitutional and other *ultra vires* violations that are in no way implicated by the Supreme Court's order.[1] The government's argument in *Department of Education* was specific to 5 U.S.C. § 702's waiver of sovereign immunity for

---

[1] *See* Amended Compl., Dkt. No. 23 at 77–80 (separation of powers claim), 80–81 (Presentment Clause claim), 85–87 (First Amendment claim), 87–88 (non-statutory ultra vires claim); *see also* Dkt. No. 24-1 at 16–22 (seeking preliminary injunctive relief on non-APA *ultra vires* claims).

APA claims; the government argued that the Tucker Act "impliedly forbids" plaintiffs from bringing the types of APA claims at issue in that case, and that the APA's waiver of sovereign immunity did not apply for that reason. The Supreme Court's order, in turn, was explicitly cabined to APA claims. *See Department of Education*, 2025 WL 1008354 at *1. Here, in contrast, plaintiffs' nonstatutory and *ultra vires* claims do not rely on the APA's waiver of immunity. *See Strickland v. United States*, 32 F.4th 311, 363 (4th Cir. 2022) ("[T]he Supreme Court has also held that sovereign immunity does not apply when a plaintiff files suit seeking equitable relief against federal officials in their official capacities and alleging that those officials exceeded the scope of their authority and/or acted unconstitutionally."). *Department of Education* thus has no bearing on any of Plaintiffs' constitutional and other *ultra vires* claims. Defendants make no attempt to show otherwise in their Motion.

**Second**, Plaintiffs' APA claims are significantly different than those resolved in *Department of Education.* The district court in *Department of Education* found procedural irregularities in the termination letters for specific grants, concluding that in those letters the government had failed to adequately explain the reasoning behind the terminations; it did not reach the plaintiffs' substantive APA claims. *Dep't of Educ.*, 2025 WL 760825 at *2–3 & n.3. Here, by contrast, Plaintiffs challenge the lawfulness of a set of "Freezing Actions." Dkt. No. 23 at 60–66. Specifically, Plaintiffs ask the Court to review the lawfulness of several Executive Orders, agency memos and actions, and their further implementation through yet-unknown means. APA challenges to "invalidate agency policy directives," and an agency's implementation of those policy directives, are classic APA claims. *Aids Vaccine Advoc. Coal. v. Dep't of State*, No. CV 25-00400 (AHA), 2025 WL 752378, at *9 (D.D.C. Mar. 10, 2025). Plaintiffs' claims under the APA include both procedural and substantive claims and are not limited to specific

disputes over any particular "'express or implied contract with the United States.'" *Dep't of Education*, 2025 WL 1008354, at *2 (quoting 28 U.S.C. §1491(a)(1)).

**Third**, the relief Plaintiffs are requesting in this case is very different than that requested in *Department of Education*. Importantly, Plaintiffs do not ask the Court "to enforce a contractual obligation to pay money" or seek "money damages" for past injuries. *Dep't of Educ.*, 2025 WL 1008354, at *1 (citation and quotations omitted). Instead, Plaintiffs challenge high-level agency policy directives and, in Defendants' implementation of those directives, ongoing violations of the grant programs' respective authorizing statutes and the Constitution. Plaintiffs seek forward-looking equitable relief to remove unlawful interference with Congressional grant programs—barriers that, absent the court's intervention, threaten the programs' very existence, causing significant harm to the communities Plaintiffs serve. *See Roetenberg v. Sec'y of Air Force*, 73 F. Supp. 2d 631, 636 (E.D. Va. 1999) ("It is settled that where . . . the essence of a claim is the equitable relief sought, and any financial ramifications of a favorable decision are subordinate to the equitable relief, the Court of Federal Claims does not have exclusive jurisdiction over that claim."); *see also Aids Vaccine Advoc. Coal.*, 2025 WL 752378, at *9 (no Tucker Act jurisdiction where APA claims "challenge whether the agency action . . . was unlawful, irrespective of any breach" of a grant agreement). This is precisely the type of "specific relief" that the Supreme Court has confirmed is well within a District Court's jurisdiction under the APA. *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988) (upholding injunction to correct the method of calculating statutorily obligated payments going forward).

Plaintiffs here do not seek "money damages"—that is, merely "relief that substitutes for that which ought to have been done," which must be sought in the Court of Claims. *Id.*; *see also Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002) (distinguishing

4

*Bowen*'s "going forward" relief (District Court) from an injunction solely to enforce a contractual obligation to pay money past due (Court of Claims)). As the Supreme Court reaffirmed in *Department of Education*, "a district court's jurisdiction 'is not barred by the possibility' that an order setting aside an agency's action may result in the disbursement of funds." 2025 WL 1008354, at *1 (quoting *Bowen*, 487 U.S. at 910).

*Fourth*, on a motion for reconsideration under Fed. R. Civ. P. 54(b), Defendants bear the burden to show "an intervening change in controlling law." *Murdaugh v. Blackfin, Inc.*, No. 9:24-cv-4914-RMG, 2025 WL 925164, at *1 (D.S.C. Mar. 26, 2025) (citation omitted).[2] At most, Defendants' motion gleans "forecasts" and "indication[s]," Dkt. No. 46 at 1, 3, from a ruling that is, on its own terms, interlocutory and subject to change. *See Dep't of Educ.*, 2025 WL 1008354, at *1–2 (stating "likely" outcome "pending the disposition of the appeal"). Strained inferences from preliminary rulings do not create a change in "controlling law." *See U.S. ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 59 (E.D. Va. 2016) (the "'controlling law' prong refers specifically to binding precedent only," not "persuasive authority" (citation and quotations omitted)).

**Finally,** as this Court already noted, the expedited discovery ordered here merely builds upon this Court's previous order directing Defendants to address in their response to the motion for preliminary injunction "all legal and factual bases" that Defendants relied upon "to freeze grant funds at issue in this litigation." Dkt. No. 32 at 2 ("March 31, 2025 Order"). And, as the Court noted in the expedited discovery Order, "producing the limited documents . . . would place a minimal burden on defense counsel and their clients since it is reasonable to assume that those

---

[2] Defendants' Motion does not implicate other grounds for reconsideration such as "new evidence," a "clear error of law," or "manifest injustice." *Murdaugh*, 2025 WL 925164, at *2.

very documents will be reviewed in responding appropriately" to the Court's March 31, 2025 Order. Dkt. No. 45 at 3 n.1. Defendants have not asked for reconsideration of the March 31, 2025 Order. That order, and this expedited discovery, will provide information the Court needs to assess Defendants' rationale for freezing the grants at issue here. That information is relevant to the resolution of each of Plaintiffs' claims.

For the foregoing reasons, this Court should deny Defendants' motion to reconsider the Court's April 7, 2025 Order.

Respectfully submitted, this 8th day of April, 2025,

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N. C. Bar No. 41333)
Irena Como (N. C. Bar No. 51812)
Nicholas S. Torrey (N. C. Bar No. 43382)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund, Earth*

*Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
(Pro Hac Vice pending)
Elaine Poon (VA Bar No. 91963)
(Pro Hac Vice pending)
Jon Miller (MA Bar No. 663012)
(Pro Hac Vice pending)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland, Columbus, Ohio, Madison, Wisconsin, Nashville, Tennessee, New Haven, Connecticut, and San Diego, California*

/s/ Mark Ankcorn
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)

6

(Pro Hac Vice pending)
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

**CERTIFICATE OF SERVICE**

    I certify that on April 8th, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org