IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Sustainability Institute, et al., | ) Civil Action Number:   2:25-cv-02152-RMG |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | ) |
|  | ) |
| Defendants. | ) |

**DEFENDANTS' EMERGENCY MOTION TO STAY
COURT'S ORDER FOR EXPEDITED DISCOVERY (ECF No. 45)**

Defendants respectfully file this emergency motion to stay the Court's April 7, 2025 Order for expedited discovery (ECF No. 45) in light of the United States Supreme Court's April 4, 2025 decision in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025) (per curiam).

The Court's Order requires five federal agencies—United States Department of Government Efficiency (DOGE), United States Environmental Protection Agency (EPA), United States Department of Agriculture (USDA), United States Department of Transportation (DOT), and United States Department of Energy (DOE) (collectively the "Federal Agencies")—to respond to discovery requests by April 17, 2025 at 5:00 p.m., in advance of the Court's April 23, 2025 hearing on Plaintiffs' Motion for Preliminary Injunction. ECF No. 45. The Order requires EPA, USDA, DOT, and DOE to produce the following:

> All documents prepared, received, possessed or transmitted from January 20, 2025 to the present which reference in any way any of the grants set forth in Dkt. No. 25-1 at 14-20 and which relate in any manner to the freezing, pausing, and/or terminating of access to the grant funds to the grant recipients who are parties to this litigation.

> These documents include, but are not limited to, those documents which reference in any way the reasons for any such freeze, pause, and/or termination of access to grant funds and further include any documents relating to freezing, pausing, or terminating grant funds under the agency's supervision received from DOGE. This Request includes all documents in your possession, custody, and/or control.

ECF No. 45 at 5-6. The Order requires DOGE to produce:

> All documents prepared, received, possessed or transmitted from January 20, 2025 to the present which reference in any way any of the grants set forth in Dkt. No. 25-1 at 14-20 and which relate in any manner to the freezing, pausing, and/or terminating grant funds to the grant recipients who are parties to this litigation. These documents include, but are not limited to, those documents which reference in any way the reasons for any such freeze, pause, and/or termination of access to grant funds or involve a general directive or instruction from DOGE to any agency or agency official to pause, freeze and/or terminate grant funding at issue in this litigation. This Request includes all such documents in your possession, custody and/or control.

ECF No. 45 at 5.

Defendants opposed Plaintiffs' request for expedited discovery (ECF No. 25) and, on April 7, 2025, filed a Motion to Reconsider the Order requiring discovery (ECF No. 46). Because the Order requires Defendants to respond to the discovery no later than April 17, 2025, Defendants now seek emergency relief in the form of a stay.

As referenced in Defendants' Motion for Reconsideration (ECF No. 46), the Supreme Court's April 4, 2025 decision in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025) (per curiam) forecasts that this Court does not have subject matter jurisdiction over Plaintiffs' claims.

In *California*, the Supreme Court indicated that the Tucker Act applies to actions challenging federal grant terminations and, as a result, jurisdiction over those actions lies solely in

the Court of Federal Claims. *See California*, 2025 WL 1008354, at *1. In light of the Supreme Court's decision, requiring Defendants to participate in discovery in a case that, according to the Supreme Court, this Court likely does not have jurisdiction over is manifestly unjust and contrary to controlling law. Accordingly, the Court should stay its Order. The Court should defer any discovery until Plaintiffs can overcome the clear indication from the Supreme Court's decision in *California* that Plaintiffs are barred from pursuing their claims in this Court.

In *California*, the plaintiffs sought preliminary relief enjoining the government from terminating grant awards under two programs administered by the United States Department of Education. The United States District Court for the District of Massachusetts entered injunctive relief against the government. *See California v. U.S. Dep't of Educ.*, No. 25-10548-MJJ, 2025 WL 760825 (D. Mass. Mar. 10, 2025). The First Circuit Court of Appeals affirmed. *See California v. U.S. Dep't of Educ.*, No. 25-1244, 2025 WL 878431, at *2 (1st Cir. Mar. 21, 2025). Plaintiffs in the instant case relied on the First Circuit's decision in their Reply in Support of Motion for Expedited Discovery in support of the position that the Tucker Act does not apply and, therefore, Defendants' anticipated motion to dismiss for lack of subject matter jurisdiction would fail. *See* ECF No. 44 at 4 and n.3.

In its decision in *California*, the Supreme Court stayed the orders entered by the Massachusetts District Court, explaining that the government is "likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA." 2025 WL 1008354, at *1. Instead, the Court explained, suits seeking relief like that sought by the *California* plaintiffs belong in the Court of Federal Claims. *Id.* In addition, the Court concluded that the remaining stay factors were met, because the government will be harmed if it is unable to "recover

3

the grant funds once they are disbursed" while, conversely, grant recipients "can recover any wrongfully withheld funds through suit in an appropriate forum." *Id*.

The Supreme Court's decision underscores that this Court likely lacks jurisdiction over Plaintiffs' claims and should stay its ruling allowing expedited discovery (ECF No. 45). Other district courts have changed course in light of the Supreme Court's decision in *California*. For example, in *New York v. Trump*, No. 25-cv-39—a case on which Plaintiffs rely in their Complaint (ECF No. 1 at 59, ¶ 216), their Motion for Preliminary Injunction (ECF No. 24-1 at 14), and their Reply in Support of Motion for Expedited Discovery (ECF No. 44 at 3)—the District of Rhode Island granted an emergency motion to stay the order enforcing the preliminary injunction. *See New York v. Trump*, No. 1:25-cv-39 (JJM) (Text Order entered Apr. 7, 2025). This Court should likewise stay its Order allowing expedited discovery.

As outlined in Defendants' opposition to Plaintiffs' Motion for Expedited Discovery (ECF No. 39), courts should address jurisdictional arguments before permitting parties to engage in discovery. For example, in *In re Musk*, Case No. 25-5072, Order (D.C. Cir. Mar. 26, 2025), decided before the Supreme Court ruled in *California*, the D.C. Circuit granted an emergency motion for stay on the basis that "petitioners [had] shown a likelihood of success on their argument that the district court was required to decide their motion to dismiss before allowing discovery." (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 389-90 (2004)). Defendants' argument in this respect is significantly stronger in light of the Supreme Court's *California* decision. The *California* court effectively answered the question of jurisdiction, finding "the Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA" because the Tucker Act applies to claims related to the termination of grants and the Tucker

4

Act vests jurisdiction solely in the Court of Federal Claims. 2025 WL 1008354, at *1. Indeed, Justice Jackson's dissents makes clear the effect of the per curiam opinion: "the Court now has determined that, at least in this context, restoring the grants at issue might qualify as an order to 'enforce a contractual obligation to pay money' such that it is the Court of Federal Claims, rather than the District Court, that has jurisdiction over Plaintiff States' challenges." *Id*. at *10 n.7.

In light of *California*, the Court should stay any discovery obligations until the Court addresses jurisdiction. This is particularly the case with respect to DOGE, an organization within the Executive Office of the President. The Supreme Court has made clear that discovery directed at the Office of the President must be reserved for the rarest and most exceptional of all circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385-92 (2004). It is permissible, if at all, only when strictly necessary; only after all other avenues for resolving the plaintiffs' claims have been explored; and only when drawn as narrowly as possible. *Id*.

Defendants respectfully inform the Court that, in the event the Court declines to stay the Order requiring expedited discovery, Defendants intend to file an emergency motion to stay and petition for writ of mandamus with the Fourth Circuit Court of Appeals. Accordingly, Defendants respectfully request that this Court rule on this stay motion by April 10, 2025, to provide Defendants time to seek relief from the Fourth Circuit and the Supreme Court, if necessary.

Prior to filing this motion, undersigned counsel conferred with counsel for Plaintiffs. Plaintiffs oppose this motion and intend to respond.

## **CONCLUSION**

For the reasons set forth above, in light of the Supreme Court's decision in *California*, Defendants respectfully request that the Court stay its Order (ECF No. 45) for expedited discovery.

5

                                            Respectfully submitted,

                                            BROOK B. ANDREWS
                                            ACTING UNITED STATES ATTORNEY

By:    *s/ Todd Timmons*
        Todd Timmons (#11254)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        Tel: (803) 237-9265
        Todd.Timmons@usdoj.gov

        Lee E. Berlinsky (#05443)
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, SC 29401
        Tel: (843) 266-1679
        Lee.Berlinsky@usdoj.gov

April 8, 2025