# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| THE SUSTAINABILITY INSTITUTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 2:25-cv-02152 |

## PLAINTIFFS' MOTION FOR CLARIFICATION REGARDING THE COURT'S MARCH 31, 2025 ORDER

Plaintiffs respectfully request that the Court clarify whether Defendants' Response to Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 56, complies with the Court's March 31, 2025 Order, which states:

> To allow this Court to fully and properly review the actions under challenge in this litigation, Defendants are directed to address, in their response to Plaintiffs' motion for a preliminary injunction, all legal and factual bases upon which the Defendants relied upon, could have relied upon, or might in the future might rely upon to freeze the grant funds at issue in this litigation.

Dkt. No. 32 at 2. As explained below, Plaintiffs do not believe Defendants' response brief complies with this instruction. If the Court agrees, Plaintiffs request that the Court order Defendants to comply. A deadline for Defendants of Monday, April 14, 2025 at 5:00 p.m. would allow Plaintiffs to address this information in their reply brief, which is due Wednesday, April 16, 2025.

Plaintiffs have conferred with Defendants, who state their position as: "Defendants indicate that, in their Response, Defendants have provided the legal and factual bases on which

they will rely in opposing Plaintiffs' Motion for Preliminary Injunction." Plaintiffs note that "the legal and factual bases *on which [Defendants] will rely in opposing Plaintiffs' Motion for Preliminary Injunction*" is not responsive to the Court's Order, which instructed Defendants to provide "all legal and factual bases *upon which the Defendants relied upon, could have relied upon, or might in the future might rely upon to freeze the grant funds at issue in this litigation*."

On March 26, 2025, Plaintiffs moved for expedited discovery. Dkt. No. 25. Plaintiffs explained that Plaintiffs lacked key information necessary for the requested preliminary injunction concerning why and how their funding was being blocked, and noted that Defendants' stated reasons and the agency actions ostensibly responsible for their failures to disburse awarded grant funding had continued to shift in an apparent attempt to evade preliminary injunctive relief issued in other cases. *See* Dkt. No. 44 at 1, 3 (Reply in Support of Motion for Expedited Discovery).

In their motion, Plaintiffs requested that the expedited discovery be due "seven days after any order authorizing such discovery, or the same date as Defendants' response to the motion for preliminary injunction, whichever is later," so they could incorporate the discovery responses into their reply in support of preliminary injunction. Dkt. No. 25 at 6.

On March 31, 2025, the Court ordered Defendants to address all legal and factual bases for the funding freezes in their response to the motion for preliminary injunction, which should have ensured that this information would be available to Plaintiffs for their reply. Dkt. No. 32.

On April 7, 20205, the Court granted in part Plaintiffs' motion for expedited discovery, and set a discovery deadline of April 17, 2025, one day after Plaintiffs' reply in support of a preliminary injunction. Dkt. No. 45 at 4.

2

In that Order, the Court made clear that Defendants' full explanation of all bases for the funding freezes pursuant to the March 31 Order is a requirement separate and independent from the expedited discovery, so that Plaintiffs and the Court may evaluate Defendants' explanation against the contemporaneous evidence in the discovery documents: "Providing the Plaintiffs and the Court the underlying documents to support the Defendants' responses to the Court directed inquiry is reasonable and allows the Court to determine whether the reasons asserted by Defendants were the ones relied upon at the time of the challenged actions or are post hoc justifications." *Id.* at 3. Further, in noting that the Court anticipated that responding to the discovery requests would place a minimal burden on Defendants, the Court explained that "it is reasonable to assume that those very documents *will be reviewed in responding appropriately to the Court's inquiry* regarding "all legal and factual bases upon which Defendants relied upon . . . to freeze grant funds at issue in this litigation." *Id.* at 3 n.3 (emphasis added) (citing Dkt. No. 32 at 2).

While Defendants' response brief cites the March 31 Order, it does not address any of the agency Freezing Actions set out in the Complaint and Motion for Preliminary Injunction that are at issue in this case. *See* Dkt. No. 56 at pp. 19 and 22. Further, the response brief provides no factual clarification about how or why the grants were frozen—information Plaintiffs seek to secure adequate preliminary injunctive relief.

Indeed, Defendants do not address the repeated freezing and unfreezing of grant funding at all. And Defendants' discussion of the "legal authorities for grant pauses and terminations" consists solely of an assertion of "discretion" that Defendants argue is "implicit in the grant programs and appropriations laws themselves," Dkt. No. 56 at 19, 21, along with a few examples of "grant awards and their terms and conditions" that Defendants argue allow them to "adjust

3

funding decisions and cancel projects." *Id.* at 22. And while Defendants list a few examples of grant language, they do not address how and why each grant has been affected, and they do not acknowledge or explain the numerous agency actions Plaintiffs have challenged—including those additional actions that Plaintiffs seek to identify.

As noted above, Defendants state that they have only purported to provide "the legal and factual bases on which they will rely in opposing Plaintiffs' Motion for Preliminary Injunction," *not* the "bases upon which the Defendants relied upon, could have relied upon, or might in the future might rely upon to freeze the grant funds" as ordered by the Court. However, the Court's March 31 Order made clear that a comprehensive accounting of the bases for the funding freezes is necessary "[t]o allow this Court to fully and properly review the actions under challenge in this litigation" and to address the issues laid out in the Order, including repeated freezing and unfreezing without notice or justification, shifting rationales, and potential evasion of injunctive relief. Dkt. No. 32 at 1–2.

Plaintiffs do not believe Defendants' filing "allow[s] this Court to fully and properly review the actions under challenge in this litigation" as required by the Order. Accordingly, Plaintiffs request that the Court clarify whether Defendants have complied and if appropriate, order Defendants to comply.

Respectfully submitted, this 10th day of April, 2025,

/s/ Carl T. Brzorad
Carl T. Brzorad (S.C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW
CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039

cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N.C. Bar No. 41333)
Irena Como (N.C. Bar No. 51812)
Nicholas S. Torrey (N.C. Bar No. 43382)
SOUTHERN ENVIRONMENTAL LAW
CENTER

136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
(Pro Hac Vice pending)
Elaine Poon (VA Bar No. 91963)
(Pro Hac Vice pending)
Jon Miller (MA Bar No. 663012)
(Pro Hac Vice pending)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland, Columbus, Ohio, Madison, Wisconsin, Nashville, Tennessee, New Haven, Connecticut, and San Diego, California*

/s/ Mark Ankcorn
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)
(Pro Hac Vice pending)
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800

mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

**CERTIFICATE OF SERVICE**

      I certify that on April 10th, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org
