**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| The Sustainability Institute *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:25-2152-RMG |
| | ) | |
| Donald J. Trump, in his official capacity | ) | |
| as President of the United States, *et al*. | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

This matter comes before the Court on Defendants' motion for an extension of 30 days for Defendants to provide "further support regarding the privileges and/or protections" asserted in privilege logs which were due on April 17, 2025. (Dkt. No. 68).  Plaintiffs oppose the motion. (Dkt. No. 71).

By order dated April 7, 2025, the Court ordered the United States Environmental Protection Agency, United States Department of Agriculture, United States Department of Transportation, and United States Department of Energy to produce on or before April 17, 2025 all "documents prepared, possessed or transmitted from January 20, 2025 to the present which reference in any way the grants set forth in Dkt. No. 25-1 at 14-20 and which relate in any manner to the freezing, pausing, and/or terminating of access to the grant funds to the grant recipients who are parties to this litigation."  (Dkt. No. 45 at 4).  The Court further directed that in the event any Defendant asserted a privilege concerning the documents ordered to be produced by April 17, 2025, such Defendant was required to present "an appropriate privilege log" and to produce to the Court in camera the documents in which any privilege or protection were asserted. (*Id*. at 4-5).

1

The Order of April 7, 2025 granted in part Plaintiffs' request for expedited discovery in advance of a hearing set for April 23, 2025, in which issues concerning jurisdiction and preliminary injunction are to be addressed. (Dkt. No. 45). The purpose of the expedited discovery is to "allow the Court to better understand the nature of Plaintiffs' claims and, if meritorious, the appropriate remedies, issues central to whether the Court has jurisdiction over this matter and Plaintiffs' entitlement to preliminary injunctive relief." (Dkt. No. 52 at 1).

Plaintiffs oppose the motion for a 30 day delay in the production of the required privilege logs, noting that this "would prejudice Plaintiffs by preventing presentation of relevant information at the April 23, 2025 hearing…" (Dkt. No. 71 at 1). Plaintiffs further argue that "Defendants have not articulated any specific burden involved in creating such a detailed privilege log for a set of documents they have already identified, segregated, and filed with the Court under seal." (*Id*. at 3). Plaintiffs propose in the alternative that Defendants be allowed to provide additional support for any privileges or protections claimed on or before April 21, 2025 at 5:00 p.m. (*Id*. at 4).

Defendants' motion for a 30 day extension to provide further support for privileges and protections asserted in the privilege logs is denied. Such a delay would potentially disrupt the Court's timely consideration of jurisdictional issues and the pending motion for a preliminary injunction. (Dkt. No. 24). The Court does find merit in Plaintiffs' offered compromise to allow Defendants to supplement their privilege logs through April 21, 2025 at 5:00 p.m., and extends the time to supplement the privilege logs through that date and time.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 18, 2025
Charleston, South Carolina