IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| THE SUSTAINABILITY INSTITUTE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-02152 |

**MOTION TO UNSEAL DOCUMENTS
WITHHELD UNDER THE DELIBERATIVE
PROCESS PRIVILEGE**

　　Defendants have attempted to shield hundreds of important documents by asserting deliberative process privilege without sufficient explanation or description. While Defendants were given the opportunity to supplement the basis for their assertions of privilege, they have failed to do so. Accordingly, this Court should find that Defendants have failed to meet their burden to assert deliberative process privilege and unseal all such documents for the Plaintiffs' review in advance of the preliminary injunction hearing set for Wednesday, April 23, 2025.[1]

　　Pursuant to Local Rule 7.02, Plaintiffs contacted Defendants on April 22, 2025. Defendants oppose this Motion.

---

[1] At this time, Plaintiffs only ask to unseal documents identified solely as protected by deliberative process privilege. For documents identified as being withheld under the attorney-client privilege or work product protection, Plaintiffs reserve their right to challenge these designations at a later time.

## BACKGROUND

Plaintiffs set out a more detailed background in their Opposition to Defendant's Motion for Protective Order and Related Relief, Dkt. No. 71 at 2, but the pertinent facts are as follows.

On April 9, 2025, after denying Defendants' motion to reconsider and stay the Court's order granting expedited discovery, the Court ordered Defendants to produce responsive documents on or before April 17, 2025. Dkt. No. 52; Dkt. No. 46. Hours before that April 17, 2025 deadline, Defendants filed, under seal, a significant set of materials they claimed were privileged and then filed a request with this court, styled as a motion for a protective order, seeking an additional 30 days to "provide further support regarding the privileges and/or protections applicable to the Protected Material." Dkt. No. 68. They attached to that motion three privilege logs identifying significant amounts of the material as protected by "Deliberative Process." *See, e.g.*, Dkt. No. 68-3 (140-page privilege log from EPA); *see also* Dkt. No. 76 (supplemental privilege log for DOT documents).

Later the same day, Plaintiffs filed an opposition to that motion noting: (1) that the privilege logs provided failed to provide the "specific facts" necessary to justify Defendants' invocation of the deliberative process privilege; and (2) that Defendants had failed to identify an agency official to properly assert the bases for deliberative process privilege. Dkt. No. 71 at 2. The next day, on April 18, 2025, this Court denied Defendants' request for a 30-day extension, and ordered Defendants to "supplement their privilege logs" by Monday, April 21, 2025 at 5:00 p.m. Dkt. No. 77.

Defendants failed to comply with the Court's Order. Instead, on April 21, 2025, Defendants filed what purported to be a reply in support of their Motion for Protective Order—despite the fact that the Court had already denied that motion and it was no longer pending. Dkt.

1

No. 104. This filing did not "supplement" Defendants' "privilege logs" as required, *see* Dkt. No. 77, but instead provided cursory legal arguments for the application of the various privileges asserted without providing any additional facts to support their privilege assertions.[2] Dkt. 104.

## ARGUMENT

Defendants have failed to adequately assert their deliberative process privilege claims over a large number of documents here and have thus waived their ability to claim that privilege. This failure is particularly significant when the non-privileged discovery provided to date —that Plaintiffs have been able to review as of this filing—is most notable for what it does not include.[3] In the documents reviewed thus far, Plaintiffs have not identified any grant-specific, or even statute-specific, analysis prior to Defendants' freeze and termination of Congressional grant programs. The lack of any individualized, much less reasoned, explanation for the across-the-board freeze is sufficient evidence in itself to warrant a preliminary injunction

Because the information identified as protected by the deliberative process privilege is directly relevant to both Plaintiffs' claims and subject matter jurisdiction, and Defendants have failed to provide specific facts in support of the privilege, Plaintiffs respectfully request that the Court unseal all documents withheld under the deliberative process privilege in advance of the hearing on the preliminary injunction set for Wednesday, April 23, 2025.

---

[2] On April 21 at 5:07 p.m., Defendants filed a one-page additional EPA privilege log. Dkt. No. 105. This filing does not add information to the previously filed privilege log and instead simply appears to list more withheld documents without adequate information or justification, and after the Court's April 17 deadline.

[3] Plaintiffs are already operating at a significant disadvantage. Although this Court initially ordered Defendants to produce all non-privileged documents by April 17th at 5 p.m., Defendants sought a 24-hour extension for EPA documents and only *began* the bulk of their document production on April 18th at 5 p.m. Defendants have continued to produce documents on a rolling basis until 9:19 p.m. on April 22, 2025. Dkt. No. 132.

2

Federal Rule of Civil Procedure 26 allows the discovery of "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party asserting a privilege has "the burden of demonstrating its applicability." *N.L.R.B. v. Interbake Foods, LLC,* 637 F.3d 492, 501 (4th Cir. 2011). When a party relies on a privilege log to withhold discovery, the accompanying privilege log must "as to each document . . . set forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *Id.* (citing *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)); *see also Sky Angel U.S., LLC v. Discovery Commc'ns*, 28 F. Supp. 3d. 465, 483 (D. Md. 2014) (to comply with Fed. R. Civ. P. 26, a properly prepared privilege log must contain information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter).

Even in situations where a court determines that the privilege applies, the privilege is not absolute; rather, courts must balance the "public interest in nondisclosure with the need for the information as evidence." *Est. of LeRoux v. Montgomery Cnty.*, No. 8:22-CV-00856-AAQ, 2024 WL 1703939, at *6 (D. Md. Apr. 19, 2024); *see also In re Camp Lejeune Water Litig.*, 707 F.Supp.3d. 509, 514 (E.D.N.C. 2023) (deliberative process privilege can be overcome with showing of "sufficient need" for the information).

Here, the relevant documents have already been filed with the Court under seal but without adequate information or justification to support the assertion of privilege, and so, rather than compel Defendants to produce documents, all that remains is for the Court to unseal the relevant documents and provide access to Plaintiffs.

***First***, Defendants have failed to meet their burden to show that documents are subject to the deliberative process privilege. The privilege logs provided by Defendants do not provide sufficient facts and reasoning to justify invoking the privilege. *See U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 286 (2021) (to establish the privilege, documents must be "predecisional," i.e., "generated before the agency's final decision on the matter," and "deliberative," i.e., "prepared to help the agency formulate its position"). "To avoid waiving [the deliberative process] privilege, the defendant agency must make a detailed argument, including affidavits from the proper governmental authorities, in support of the privilege because, without a specific articulation of the rationale supporting the privilege, a court cannot rule on whether the privilege applies." *Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, 267 F.R.D. 1, 4 (D.D.C. 2010) (citation and quotations omitted).

The EPA privilege log, for example, which runs to 140 pages, does not identify the sender, recipient, or subject line of the communications, does not include dates, does not explain how the documents relate to the agency decision or, often, what the documents even are, and often lists an indecipherable string of letters and numbers in the "File Name" column. Further, many of the entries in the "Privilege Description" column are bare-bones—for example, "E-mail requesting clarification from Budget officer." Dkt. 68-3 at 1. The DOT and USDA privilege logs fare no better.[4]

Importantly, across all three privilege logs, there is no explanation of what specific information is both pre-decisional and deliberative—an assertion that must be made "through an

---

[4] The USDA privilege log provides no dates or information about the sender or the recipient. Neither the USDA nor the DOT privilege logs provide any description of the documents or articulation of the privilege sufficient to ascertain its applicability. *See* Dkt. No. 68-1 (DOT privilege log); Dkt. No. 68-2 (USDA privilege log); Dkt. No. 76 (supplemental DOT privilege log). For its part, DOE has not filed any privilege log.

agency head or her subordinate who is personally knowledgeable about the information sought to be protected," *Est. of LeRoux*, 2024 WL 1703939, at *5, and which must include an "assertion of the privilege based on actual personal consideration by that official." *Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000) (citations omitted); *see also Resolution Trust Corp. v. Diamond*, 773 F. Supp. 597, 603 (S.D.N.Y. 1991) (collecting cases); *Jonathan R. v. Justice*, No. 19-cv-2010, 2024 WL 3401735 at *6 (D. Md. July 12, 2024) (declarations from agency officials invoking deliberative process). Without this information, Defendants have not met their burden.

  ***Second***, this Court has already noted that the discovery Plaintiffs seek in this case may inform its decision as to whether it has jurisdiction, Dkt. No. 52 at 1, 6–7, and explained that further delay could "potentially disrupt the Court's timely consideration of jurisdictional issues and the pending motion for a preliminary injunction." Dkt. 77 at 2. While Plaintiffs have ample evidence to support their motion for preliminary injunction, the discovery here remains important on "issues central both to whether the Court has jurisdiction over this matter and Plaintiffs' entitlement to preliminary injunctive relief." Dkt. No. 52.

  Notably, some of the file names and privilege descriptions in Defendants' Privilege Log suggest highly relevant information. *See, e.g.*, Dkt 68-3 at 4 (File Name: "Rescission Menu_v14.xlsx"); Dkt. No. 68-3 at 18 (File Name: "Funding Disruption Spreadsheet_20250211_440pm.pdf"); Dkt. No. 68-3 at 2 (Privilege Description: "[c]ontains internal deliberations regarding whether certain grant programs implicate policies identified by Executive Order"). Given their failure to meet their burdens and the importance of the information at issue, Defendants should not be permitted to continue to shield such important documents from Plaintiffs.

## CONCLUSION

For the foregoing reasons, this Court should unseal all documents from DOT, USDA, and EPA that Defendants have identified as being protected by the deliberative process privilege.

Respectfully submitted, this 22nd day of April, 2025,

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N. C. Bar No. 41333)
Irena Como (N. C. Bar No. 51812)
Nicholas S. Torrey (N. C. Bar No. 43382)
Benjamin J. Grillot (DC Bar No. 982114)
(Pro Hac Vice granted)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org
bgrillot@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky,* *Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
(Pro Hac Vice granted)
Elaine Poon (VA Bar No. 91963)
(Pro Hac Vice granted)
Jon Miller (MA Bar No. 663012)
(Pro Hac Vice granted)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland, Columbus, Ohio, Madison, Wisconsin, Nashville, Tennessee, New Haven, Connecticut*

/s/ Mark Ankcorn
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)
(Pro Hac Vice pending)
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

6

## CERTIFICATE OF SERVICE

I certify that on April 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org
