# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| THE SUSTAINABILITY INSTITUTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 2:25-cv-02152 |

## PLAINTIFFS' MOTION FOR INTERIM RELIEF

Plaintiffs respectfully request that the Court grant interim relief to hold Plaintiffs harmless until the court has had an opportunity to rule on Plaintiffs' motion for preliminary injunction. Courts have broad discretion to manage their proceedings and craft interim relief tailored to each case's specific circumstances to promote efficiency and judicial economy. *Landis v. North American Co.*, 299 U.S. 248 (1936); *Chambers v. Nasco*, Inc. 501 U.S. 32, 33 (1991) ("[f]ederal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them.").

Counsel for Plaintiffs contacted counsel for Defendants to obtain their position on this motion, but did not receive a response by time of filing. Because the deadlines below begin as soon as tomorrow, Plaintiffs file this motion today in the hope of obtaining swift relief to maintain the status quo.

**Deadlines imposed by terminations**

Specifically, Plaintiffs request the Court to direct Defendants to hold in abeyance any current or upcoming deadlines associated with terminations of any grants set forth at Dkt. No. 25-1 at 14-20.

Plaintiffs Bronx River Alliance and CleanAIRE NC received notice that their Environmental Justice Collaborative Problem Solving Grants were terminated on March 28, 2025. In the boilerplate termination letters they received, these Plaintiffs were instructed that they could dispute the termination within 30 calendar days, i.e., by April 27, by including a "detailed statement of the legal and factual grounds for the Dispute" and a "specific remedy or relief" sought.

Plaintiff City of Baltimore received notice that its Environmental Justice Government-to-Government grant was terminated on March 26, 2025. In the termination letter, the City of Baltimore was instructed it could appeal the termination within 30 calendar days, i.e., by tomorrow, April 25, 2025.

Plaintiff City of New Haven received notice that its Environmental Justice Government-to-Government grant was terminated on March 27, 2025. In the termination letter, the City of New Haven was instructed it could appeal the termination within 30 calendar days, i.e., by April 26, 2025.

Plaintiffs Conservation Innovation Fund, Marbleseed, Pasa for Sustainable Agriculture and Organic Association of Kentucky, received notice on April 14, 2025, that their Partnerships for Climate Smart Commodities grants were going to be terminated and that they could resubmit a proposal under significantly different criteria by June 20, 2025. On April 22, 2025, these

Plaintiffs received notice that their Partnership for Climate Smart Commodities grants were terminated.

In their April 22, 2025, filing, Defendants forecast that Plaintiffs with Community Change grants had terminations in progress. Dkt. No. 136. These Plaintiffs have not received any termination notices. If these grants are formally terminated, such terminations may start their own clock for appeal.

Plaintiffs request the Court hold these deadlines in abeyance to ensure an orderly resolution of the issues before the Court and preserve the status quo. Plaintiffs have challenged the lawfulness of these terminations under the Constitution and the Administrative Procedure Act. Response deadlines for terminations that this Court may later determine are unlawful would not only undermine judicial economy but unduly prejudice Plaintiffs by imposing potentially duplicative obligations in parallel administrative proceedings before this Court has had a chance to resolve the lawfulness of those terminations. This Court's determination on the legal validity of the terminations would resolve any pending administrative appeals before the Defendant agencies.

### **Imposition of Additional Grant Terms**

In addition, Plaintiffs request that Defendants be prohibited from imposing additional grant terms or directing Plaintiffs to revise their workplans to exclude specific words, speech or viewpoints from their grant documents and grant-related communications. As Plaintiffs noted in their preliminary injunction briefing, Dkt. No. 64 at 8, grant managers from EPA have encouraged at least one Plaintiff to "sanitize" their documents, with the suggestion that such a move might make it less likely their grant would be terminated. These types of requests place Plaintiffs in a difficult position. They want to do everything they can to secure the funding

needed by the communities they serve, and they want to preserve their constitutional rights. An order that Defendants refrain from this type of coercive behavior until this Court has had an opportunity to rule on the merits of Plaintiffs' claims would relieve Plaintiffs of this daily burden and preserve the status quo.

For the foregoing reasons, the Court should grant Plaintiffs' motion.

Respectfully submitted, this 24th day of April, 2025,

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW
CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N. C. Bar No. 41333)
Irena Como (N. C. Bar No. 51812)
Nicholas S. Torrey (N. C. Bar No. 43382)
Benjamin J. Grillot (DC Bar No. 982114)
(Pro Hac Vice granted)
SOUTHERN ENVIRONMENTAL LAW
CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org
bgrillot@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed,*

*Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
(Pro Hac Vice granted)
Elaine Poon (VA Bar No. 91963)
(Pro Hac Vice granted)
Jon Miller (MA Bar No. 663012)
(Pro Hac Vice granted)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland, Columbus, Ohio, Madison, Wisconsin, Nashville, Tennessee, New Haven, Connecticut*

/s/ Mark Ankcorn
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)
(Pro Hac Vice pending)
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

4

## CERTIFICATE OF SERVICE

I certify that on April 24th, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org