IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| THE SUSTAINABILITY INSTITUTE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 2:25-cv-02152 |

**PLAINTIFFS' MOTION FOR PRODUCTION
OF DOCUMENTS IN NATIVE FORMAT**

On Monday, April 21, 2025, Defendants produced "an ocean of documents" on this Court's CM/ECF filing system. Mot. Hearing Transcript at 35:9-10 (April 23, 2025); *see also* ECF Nos. 95-103; 106-132. The production consisted of 130,356 pages of material (Dkt. 92 at 2) — in a form that precludes meaningful review. Each docket entry contains multiple attachments, and each attachment consists of large PDF files containing hundreds of pages of documents in no apparent order. Further, without any metadata the relationship between the documents is nearly impossible to discern, a problem compounded by the sheer volume of material produced.

Accordingly, Plaintiffs respectfully request this Court order Defendants to produce these documents—and any documents produced in the future—in native format with all metadata intact, a format compliant with contemporary electronic discovery practices. Plaintiffs asked Defendants for such a production on April 24, 2025, and Defendants stated that they were "not able" to produce documents in this format. Ex. 1 (Defs' Email, April 24, 2025). Shortly

1

thereafter, Plaintiffs informed Defendants that they intended to file a motion seeking production of the documents in native format and asked for their position. Defendants did not respond.

## ARGUMENT

Plaintiffs' request here is routine, not burdensome, and reasonable. Electronic document discovery is not a novel concept in the practice of the law, nor is it new to the Department of Justice. *See United States v. eBay, Inc.*, No. 12-cv-5869, Attachment B to Joint Case Management Statement and Proposed Order: DOJ Standard Specifications for Production of ESI (N.D. Cal. May 31, 2013); *available at:* [DOJ Standard Specifications for Production of ESI : U.S. v. ebay, Inc.](), *archived at* https://perma.cc/F5QA-WE7P (setting out DOJ standards for electronic discovery).

Under the Federal Rules of Civil Procedure, the requesting party "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C). Plaintiffs have done so. Here, attached to their Motion for Expedited Discovery, Plaintiffs included the following instruction with their proposed discovery requests:

> Produce all electronically stored information in native format, <u>with all metadata intact</u>. Fed. R. Civ. P. 34(b)(1)(C). "Native Format" means the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities.
> ECF No. 25-1, Instructions ¶ 9 (emphasis added).[1]

While the Court, when ordering discovery, directed Defendants to file it on the Court's CM/ECF system, requiring production in native format as well is reasonable. ECF No. 45 at 2. The Federal Rules do "not allow the responding party to produce ESI in 'a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently

---

[1] More detailed instructions for creating the necessary metadata "load" file and producing the native files is attached as Exhibit 2 – Logikcull Production Requirements.

in the litigation.'" *Bah v. Sampson Bladen Oil Co., Inc.*, No. 5:23-CV-00330, 2024 WL 3678337, at *5 (E.D.N.C. Aug. 5, 2024), *quoting* Fed. R. Civ. P. 34 Advisory Committee Note to the 2006 Amendment.

Given the unanticipated volume of the production provided by Defendants, compliance with the protocol requested originally by Plaintiffs is especially important. Production in native form, with all metadata intact, will allow Plaintiffs to load the production into discovery review software and thereby facilitate their review of the voluminous, chaotic, set of documents provided on ECF.

Further, this request is not burdensome — and Defendants have not provided any reason why they are "not able" to produce the files in this format. Ex. 1 (Defs' email, April 24, 2025). A party "claiming production of ESI is an undue burden must establish that hardship with particularity." *United States v. Town of Irmo, S.C.*, No. 3:18-CV-03106-JMC, 2020 WL 1025686, at *5 (D.S.C. Mar. 3, 2020), *quoting Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 107 (E.D. Pa. 2010). They have not done so here.

Indeed, Defendants appear to have the files in native format already. For example, Defendants initially produced a set of "extremely large Excel spreadsheets converted to pdf format" only to realize that such a production was "unmanageable for ECF filing purposes, as well as unusable by the Court or the parties." ECF No. 92 at 1-2. Defendants then provided the Excel files in native format to both Plaintiffs and the Court – albeit without contextual metadata (e.g., date of creation, author name, file structure). They should be ordered to do the same here, and include relevant metadata for all documents produced in this case, including the native spreadsheet files already provided.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court order Defendants to produce all documents in this case—both those already produced and those yet to be produced—in native format in compliance with Plaintiffs' instructions included in their requests for production (ECF 25-1 at ¶ 9) and Exhibit 2, as well as on CM/ECF in compliance with this Court's previous order.

Respectfully submitted, this 25th day of April, 2025,

/s/ Carl T. Brzorad
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW
CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N. C. Bar No. 41333)
Irena Como (N. C. Bar No. 51812)
Nicholas S. Torrey (N. C. Bar No. 43382)
Benjamin J. Grillot (DC Bar No. 982114)
(Pro Hac Vice granted)
SOUTHERN ENVIRONMENTAL LAW
CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org
bgrillot@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE*
*NC, Conservation Innovation Fund, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
(Pro Hac Vice granted)
Elaine Poon (VA Bar No. 91963)
(Pro Hac Vice granted)
Jon Miller (MA Bar No. 663012)
(Pro Hac Vice granted)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland, Columbus, Ohio, Madison, Wisconsin, Nashville, Tennessee, New Haven, Connecticut*

/s/ Mark Ankcorn
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)
(Pro Hac Vice pending)

4

1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

## CERTIFICATE OF SERVICE

I certify that on April 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

<u>/s/ Carl T. Brzorad</u>
Carl T. Brzorad (S. C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org