IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| The Sustainability Institute, *et al.*, | ) | Civil Action Number: 2:25-cv-02152-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Donald J. Trump, in his official capacity as President of the United States, *et al.* | ) ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR INTERIM RELIEF

Defendants hereby respond to Plaintiffs' Motion for Interim Relief, ECF No. 143. For the reasons given below, Plaintiffs' motion should be denied.

**A.    Procedural Background**

On March 26, 2025, Plaintiffs filed a Motion for Preliminary Injunction and Memorandum in Support. ECF Nos. 24 and 24-1. On March 31, 2025, the Court scheduled a hearing on the Motion for Preliminary Injunction. ECF No. 33. Later that day, Plaintiffs filed a Notice of Recent Developments raising the issues implicated in this Motion and suggesting that the Court expedite its hearing on the Motion for Preliminary Injunction. ECF No. 35. The Court declined to expedite the hearing, ECF No. 38, which occurred as scheduled on April 23, 2025. ECF No. 138. On April 24, 2025, Plaintiffs filed this Motion. ECF No. 143. On April 29, 2025, the Court issued its Order finding that it had jurisdiction over this case, ordering supplementation of the record, and ordering Defendants not to subsequently freeze or terminate active grants (i.e., where funds are still accessible) without prior notice and authorization from the Court. ECF No. 146 at 17.

**B.      Plaintiffs Have Not Proved Entitlement to Additional Injunctive Relief.**

Though Plaintiffs style their Motion as one for "interim relief," it is, in actuality, a motion for a preliminary injunction against Defendants. Plaintiffs invoke the Court's inherent power to manage its proceedings when moving for interim relief. ECF No. at 1 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 250 (1936) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991)). In *Landis*, the Supreme Court addressed a lower court's discretion to stay its *own* proceedings. 299 U.S. at 250. In *Chambers*, the Court addressed "the scope of the inherent power of a federal court to sanction a litigant for bad-faith conduct." 501 U.S. at 35. Neither case authorizes the type of relief requested here, i.e., setting aside agency enforcement of regulatory deadlines or ordering an agency not to discuss amendments to grant terms and conditions with its grantees.

To obtain this relief, Plaintiffs would need to satisfy the elements of a preliminary injunction, which they have not even attempted to show in their Motion. *See Winter v. Nat'l Rs. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (setting forth the four preliminary injunction elements that a moving party must clearly show); *De La Fuente v. S.C. Dem. Party*, 164 F. Supp. 3d 794, 798 (D.S.C. 2016) ("The Fourth Circuit no longer recognizes a 'flexible interplay' among these criteria. Instead, each requirement must be fulfilled as articulated.").

In light of the above, the Court should deny Plaintiffs' Motion. Notwithstanding, however, Defendants next address the specific issues raised in Plaintiffs' Motion and explain why they do not require interim relief in addition to the Court's recent order, ECF No. 146, and the issues already under consideration in the Motion for Preliminary Injunction, ECF No. 35.

**C.      Request for Stay of Regulatory Deadlines**

Plaintiffs fail to support their claim of prejudice in having to comply with administrative deadlines and, therefore, the Court should not enjoin EPA and USDA from enforcing their

processes.

As to the terminations of EPA grant awards, EPA's regulations provide that parties may dispute certain decisions made by EPA within thirty calendar days from the date the Agency's decision is electronically mailed. 2 C.F.R. § 1500.15(a). To seek an extension of this deadline, affected entities or their authorized representatives "must submit a written request for extension to the [Dispute Decision Official ("DDO")] . . . before the expiration of the 30-day period." *Id.* The DDO may "grant a one-time extension of up to 30 days when justified by the situation . . . ." *Id.*

As to the terminations of USDA grants under Partnerships for Climate-Smart Communities ("PCSC"), on April 14, 2025, USDA publicly announced that it has "reformed and overhauled" the PCSC initiative, which was created by the prior Secretary of Agriculture. https://www.usda.gov/about-usda/news/press-releases/2025/04/14/usda-cancels-biden-era-climate-slush-fund-reprioritizes-existing-funding-farmers (last visited May 1, 2025). USDA announced that the program had been converted into the Advancing Markets for Producers ("AMP") initiative to reprioritize efforts so that more money goes directly to farmers. *Id.* USDA reviewed "existing grant agreements based on three Farmer First policy priorities," including a requirement that "a minimum of 65% of federal funds must go to producers." *Id.*

The PCSC was not funded by the Inflation Reduction Act or the Infrastructure Investment and Jobs Act. ECF No. 147-1 at 2–3. Congress did not direct any appropriations to PCSC. *Id.* Instead, the prior Secretary of Agriculture created this initiative using the "general powers" authorized by the Commodity Credit Corporation Charter Act. *Id.*; *see also* 15 U.S.C. § 714c. PCSC uses the funds of the Commodity Credit Corporation ("CCC"), which are generally financed through borrowing authority. *Id.*; *see also* 15 U.S.C. § 714b. While Congress provides annual appropriations to reimburse the CCC for net losses, *see* 15 U.S.C. § 713a-11, it did not direct the

CCC's borrowing authority or annual appropriations to PCSC. *Id.*

USDA has issued a notice of intended termination and final termination to each affected Plaintiff. *See id.* at 8–17 (providing relevant documents). USDA found each of Plaintiff's grant awards to be inconsistent with the priority that a minimum of 65% of federal funds in any grant award go directly to producers. *Id.*; *see also* 2 C.F.R. § 200.340(a)(4). The termination letter invites each Plaintiff to submit a new proposal under the AMP initiative that aligns with the Farmer First policy priorities by June 20, 2025. *Id.*

Plaintiffs characterize these communications as creating "potentially duplicative obligations" and prejudicing them. ECF No. 143 at 3. However, Plaintiffs fail to demonstrate that having access to multiple avenues of relief harms their interests. Also, judicial economy weighs against Plaintiffs' proposed approach, which would require EPA to hold open an administrative dispute process and USDA to hold open the AMP grant application window indefinitely until Plaintiffs know the end-result of this litigation.[1]

Finally, Plaintiff received notice of these deadlines starting on March 26, 2025. *See* ECF No. 143 at 2. Yet Plaintiffs did not seek Defendants consent to this Motion until the evening before the first deadline expired on April 25, 2025. Plaintiffs also have not alleged that they have sought extensions of these deadlines from the agencies. For these reasons, the Court should decline to issue an order holding in abeyance the timeframes for Plaintiffs to submit disputes to EPA or revised proposals to USDA.

---

[1] If Plaintiffs seek to challenge the grant terminations, rather than re-apply under the AMP initiative, they are required by law to "exhaust all administrative appeal procedures established by the Secretary or required by law *before* the person may bring an action in a court of competent jurisdiction." 7 U.S.C. § 6912(e) (emphasis added). This statute counsels against allowing litigation to come before "any pending administrative appeals." *See* ECF No. 143 at 3.

**D.     Amendments to Grant Terms**

In the Amended Complaint, the Sustainability Institute alleged that inquiries to EPA had gone unanswered. ECF No. 23 at ¶ 20. Plaintiffs collectively sought an order requiring Defendants to "make grant program managers available" and requiring "grant program managers to respond to questions from grantees in a timely manner." *Id.* at Prayer for Relief, ¶ H. Since that time, an EPA employee proposed amendments to the Sustainability Institute's grant award. *See* ECF No. 143 at 3. In Plaintiffs' words, this communication included a "suggestion" that the proposed changes "might make it less likely their grant will be terminated." *Id.* Plaintiffs now seek to enjoin these communications, arguing that they are "coercive" and a "daily burden." *Id.* at 4.

The Court need not address this issue separately from its Order, ECF No. 146, and the pending Motion for Preliminary Injunction, ECF No. 35. Plaintiffs raised this issue when they suggested that the Court should expedite the scheduled hearing. ECF No. 35 at 2–3. Plaintiff again referenced the issue in support of their Motion for Preliminary Injunction. ECF No. 64 at 9. Therefore, this matter is already before the Court. If the Court rules that pausing or terminating grant funds is unlawful, the Sustainability Institute stands to benefit from that ruling. There simply is no need for the Court to enjoin EPA from contacting the Sustainability Institute about its grant terms and conditions. A directive of this nature, presumably enforceable by contempt proceedings, seems to implicate the Court's concern about becoming the "grants officer for the United States." **Transcript at 61**.

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' Motion for Interim Relief.

[signature on following page]

5

                                                  Respectfully submitted,

                                                  BRYAN P. STIRLING
                                                  UNITED STATES ATTORNEY

By:    *s/Todd Timmons*
        Todd Timmons (#11254)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        Tel: (803) 237-9265
        Todd.Timmons@usdoj.gov

        Lee E. Berlinsky (#05443)
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina 29401
        Tel: (843) 266-1679
May 7, 2025        Lee.Berlinsky@usdoj,gov