IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Sustainability Institute, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action Number: 2:25-cv-02152-RMG |
| | ) |
| Donald J. Trump, in his official capacity | ) |
| as President of the United States, *et al.* | ) |
| | ) |
| Defendants. | ) |

## <u>CERTIFICATION</u>

I, Chris A. Wright, hereby certify as follows:

1.  I am the Secretary of the U.S. Department of Energy (DOE) in Washington, DC.  I have held this position since February 3, 2025.

2.  The Assistance Agreement at issue in this case is Award No. DE-SE0001546, a conditional award from DOE to the City of Baltimore for the IRA Building a Better Baltimore project. The conditional award is comprised of the Assistance Agreement, which I understand was filed in this case at ECF No. 24-15 at 68-71, and the Special Terms and Conditions, which is attached as Exhibit A.

3.  The Assistance Agreement states "Upon successful completion of negotiations, this award will be modified to lift its conditional status . . . ," and "DOE will not release the funding obligated by this award until successful completion of negotiations are reached to the satisfaction of the Contracting Officer."

4.  The Special Terms and Conditions further state:

> Notwithstanding the obligation of funds shown on the Assistance Agreement, the parties hereby agree that the availability of funds to the Recipient for payment of costs incurred by the Recipient is conditioned upon the Grants Officer's review and approval of the Recipient's application

**Exhibit 4**

and the completion of negotiations. The Recipient is prohibited from spending federal funds at this time. No funds shall be made available to the Recipient for payment and DOE does not guarantee or assume any obligation to reimburse costs incurred by the Recipient during the negotiation process.

5. The negotiation process for Award No. DE-SE0001546 is on-going, consistent with the terms and conditions of this conditional award.

6. I have reviewed the terms of both injunctions issued in the Court's Order dated May 20, 2025. I acknowledge the Court's Order and understand based on the foregoing that the Department is operating in compliance with the Order.

I HEREBY DECLARE TO THE BEST OF MY KNOWLEDGE AND BELIEF, UNDER PENALTY OF PERJURY under the laws of the United States of America, that the foregoing is true and correct.

EXECUTED this 27th day of May, 2025.


CHRIS A. WRIGHT
Secretary of Energy



# Special Terms and Conditions
# Conditional Availability of Funds

The Recipient, which is identified in Block 5 of the Assistance Agreement, and the Office of Energy Efficiency and Renewable Energy ("EERE"), an office within the United States Department of Energy ("DOE"), enter into this Award, referenced in Block 1 of the Assistance Agreement.

This Award consists of the Assistance Agreement and the Special Terms and Conditions. When the parties have completed negotiations for this Award, the Grants Officer will issue an award modification, and the following documents will be added to the Award:

|  | Assistance Agreement |
| --- | --- |
|  | Special Terms and Conditions |
| Attachment 1 | Statement of Project Objectives |
| Attachment 2 | Federal Assistance Reporting Checklist and Instructions |
| Attachment 3 | Budget Information SF-424A |
| Attachment 4 | Intellectual Property Provisions |
| Attachment 5 | Other Attachments as Negotiated |

The following are incorporated into this award by reference:
- DOE Assistance Regulations, 2 CFR Part 200 as adopted and supplemented by 2 CFR Part 910 (subject to any deviations issued pursuant to 2 CFR 910.133) at https://www.ecfr.gov/current/title-2.
- Research Terms & Conditions (November 12, 2020) and the DOE Agency Specific Requirements (November 2020) at https://www.nsf.gov/awards/managing/rtc.jsp (as applicable).
- National Policy Requirements (November 12, 2020) at https://www.nsf.gov/awards/managing/rtc.jsp.
- Public Law 117-58, also known as the Bipartisan Infrastructure Law (BIL) as applicable.
- Public Law 117-169, also known as the Inflation Reduction Act (IRA) as applicable.
- The recipient's application/proposal as approved by DOE.
- Applicable program regulations at http://www.eCFR.gov.

**Exhibit A**



## Conditional Availability of Funds

a. Conditionality

Notwithstanding the obligation of funds shown on the Assistance Agreement, the parties hereby agree that the availability of funds to the Recipient for payment of costs incurred by the Recipient is conditioned upon the Grants Officer's review and approval of the Recipient's application and the completion of negotiations. The Recipient is prohibited from spending federal funds at this time. No funds shall be made available to the Recipient for payment and DOE does not guarantee or assume any obligation to reimburse costs incurred by the Recipient during the negotiation process.

When the parties have completed negotiations for this award, the Grants Officer will issue a modification to this award making available the obligated amount for payment in accordance with the payment terms contained in the Special Terms and Conditions of this award. The Recipient may then receive payment for allowable incurred costs or recognize incurred costs toward cost share requirements, as applicable, in accordance with the negotiated payment terms.

Failure by the Recipient to provide an application with supporting documentation acceptable to the Grants Officer, or failure to complete negotiations, may be deemed noncompliance pursuant to 2 CFR 200.339 and subject to the remedies for noncompliance contained therein—up to and including termination of the award, as provided in 2 CFR 200.340.

Recipients will have 10 business days from the time they are notified by the Grants Officer regarding such noncompliance to cure; the Grants Officer may immediately initiate noncompliance remedies—including termination—if the recipient fails to do so.

b. Termination

Termination of this award for failure to submit an acceptable application or failure to complete negotiations—though it may lead to termination of the award—shall not be considered a "material failure to comply" and therefore will not trigger the reporting requirements of 2 CFR 200.340(c).