IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Sustainability Institute, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No.: 2:25-cv-02152-RMG <br><br> **MOTION FOR INJUNCTION PENDING APPEAL** |

**INTRODUCTION**

Plaintiffs respectfully move this Court pursuant to Federal Rule of Civil Procedure 62(d) for a limited injunction pending appeal that would prohibit Defendant Environmental Protection Agency ("EPA") from conditioning reimbursement for properly incurred pre-termination expenses on Environmental and Climate Justice Block grants[1] upon Plaintiffs closing out their EPA-administered grants involved in this litigation and thereby potentially mooting their claims. These are expenses that EPA has already committed to reimbursing. Exhibit 1 – EPA Termination Letter at 2. But EPA is now holding them hostage. At least one Plaintiff has already been told that it may receive reimbursement for allowable expenses only if it formally closes out of the grant program. Exhibit 2 – Decl. of Sust. Inst. at 2.

Forcing Plaintiffs to accept the termination—and potentially lose their ability to participate in this litigation—before receiving payment on incurred pre-termination expenses puts Plaintiffs in an impossible position: Plaintiffs should not be required to surrender their right

---

[1] These are the grants listed as numbers 2-12 on Attachment A to the Court's Order on the Preliminary Injunction. Dkt. No. 157-1.

to challenge unconstitutional and unlawful agency action before EPA reimburses properly incurred expenses.

Plaintiffs conferred with counsel for Defendants prior to filing this motion and asked for assurances that EPA would allow Plaintiffs with Environment and Climate Justice Block grants to receive reimbursement for allowable pre-termination expenses without requiring those Plaintiffs to formally close out their grants. EPA refused.

## BACKGROUND

On March 26, 2025, Plaintiffs filed a Motion for a Preliminary Injunction seeking to enjoin Defendants from freezing or terminating grants awarded by several federal agencies. Dkt. No. 24. After holding two separate hearings, and Defendants conceding judgment on the merits of Plaintiffs' APA claims for 32 of the 38 grants at issue in the litigation, Dkt. No. 153 at 1, the Court entered final judgement under the APA, setting aside the defendant agencies' freeze or termination of those grants and ordering Defendants to restore access to those grant funds. Dkt. No. 157 at 8. The Court also found it had jurisdiction over Plaintiffs' nonstatutory review claims on the basis that federal agency officials acted unconstitutionally by violating the separation of powers. *Id.* at 10-11. The Court entered a preliminary injunction on these claims, enjoining Defendants from freezing or terminating those 32 grants. *Id.* at 20. The Court also denied Defendants' request for a stay of that order pending appeal. *Id.* at 8.

On June 5, 2025, a divided motions panel of the Fourth Circuit issued a brief order staying this Court's order pending appeal, concluding that Defendants were likely to succeed in showing that this Court lacked subject matter jurisdiction due to the Tucker Act. *Sustainability Institute v. Trump*, No. 25-1575 , 2025 WL 1587100 (4th Cir. June 5, 2025). A few days later, Plaintiffs sought rehearing en banc of the stay order. Appellees' Petition for Rehearing En Banc,

*Sustainability Institute v. Trump*, No. 25-1575 (4th Cir. June 10, 2025). The Fourth Circuit has not yet decided that request. The parties have now completed briefing on the appeal and oral argument is scheduled for October 23, 2025. On September 2, 2025, Plaintiffs alerted the Court to a new decision from the Supreme Court's emergency docket, in which the Supreme Court clarified that high-level policy decisions, like those challenged in this case, may be challenged in district court under the Administrative Procedure Act. Dkt. No. 173.

## ARGUMENT

Federal Rule of Civil Procedure 62(d) authorizes the Court to grant an injunction pending appeal in order to "secure the opposing party's rights." FED. R. CIV. P. 62(d). In the Fourth Circuit, the standard for relief under Rule 62(d) is "substantially the same" as that for a motion for a preliminary injunction: (1) a likelihood of success on the merits; (2) the movant is likely to suffer irreparable harm if the injunction is not entered; (3) the balance of equities tips in the movant's favor; and (4) an injunction is in the public interest. *Maryland v. United States Dep't of Agric.*, 777 F.Supp.3d 496, 500 (D. Md. 2025) (internal citations and quotations omitted); *Winter v. Nat. Res. Def. Council Inc.*, 555 U.S. 7, 20 (2008).

Courts must balance these factors, and a strong showing in one area may overcome lesser showings in others. *See St. Agnes Hosp. of City of Balt., Inc. v. Riddick*, 751 F. Supp. 75, 76 (D. Md. 1990). Further, regarding the likelihood of success, the Court "need merely determine whether the Defendant's appeal presents an admittedly difficult legal question." *Maryland*, 777 F. Supp. 3d at 500.

Courts furthermore retain broad discretion to craft injunctive relief tailored to each case's specific circumstances to promote efficiency and judicial economy. *Landis v. North American Co.*, 299 U.S. 248 (1936); *Chambers v. Nasco, Inc.* 501 U.S. 32, 33 (1991). And such action is

appropriate when—as here—questions of jurisdiction remain pending. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947).

### I. Plaintiffs are irreparably harmed by EPA's conditioning reimbursement of properly incurred expenses on accepting termination.

In response to requests for reimbursement of properly incurred pre-termination expenses, EPA has informed grant recipients that they "will not be allowed to draw down funds on the grant" for properly incurred pre-termination costs until they "submit [the] Final FFR." Ex. 2, Sustainability Institute Decl., Attachment A at 4 (emails). Submission of this Final Financial Report satisfies the grantees' obligations before EPA closes out the grant. 2 C.F.R. § 200.344 (Closeout).

EPA creates significant irreparable harm by requiring Plaintiffs to prematurely close out their grant before EPA will reimburse properly incurred *pre-termination* costs. Plaintiffs are entitled to reimbursement for their past grant-related expenditures. But EPA is attempting to force them to agree to close out the grants before they may receive the funds to which they are already entitled. Once the grants are closed out, Plaintiffs would potentially lose their ability to proceed in this litigation challenging Defendants' unconstitutional and unlawful actions. EPA is injuring Plaintiffs by requiring them to choose between vindicating their legal rights and accessing money they are properly owed for work performed prior to termination.

### II. The public interest and balance of the equities strongly favor the relief sought.

An evaluation of the public interest and equitable factors requires a consideration of the "relative harms" of the parties and "the interests of the public at large." *Barnes v. E-Sys., Inc. Grp. Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991) (internal citations and quotations omitted). These factors "merge when the Government is the opposing party." *Am. Fed'n of State Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin*, No. 25-1411, 2025 WL

4

1249608, at *63 (4th Cir. Apr. 30, 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)). The public interest and equities here weigh heavily in favor of the Plaintiffs, particularly as they merely seek an order preventing EPA from conditioning reimbursement of their properly incurred pre-termination expenses on premature closeout of their grant during the pendency of the appeal.

If Plaintiffs are forced to proceed with the closeout process in order to receive reimbursement of their properly incurred pre-termination expenses, they face an impossible choice: risk abandoning their claims by accepting the very termination they are challenging, or forgo reimbursement for work they have already completed pre-termination.

Defendants, by contrast, face no cognizable harm from an injunction preventing them from conditioning reimbursement of such funds on premature closeout. These are funds that are indisputably owed to the Plaintiffs for work incurred before the termination occurred. Ex. 1 at 2, Termination Letter. And EPA has not stated that it is unwilling to pay these costs—only that it requires Plaintiffs to accept the closeout of the grant before EPA is willing to pay. Thus, the balance of harms here tips decisively in favor of Plaintiffs.

**III.    Plaintiffs' claims on appeal raise serious legal questions on the merits.**

To obtain an injunction under Rule 62(d), the Court "need merely determine whether the Defendant's appeal presents an admittedly difficult legal question." *Maryland*, 777 F. Supp. 3d at 500. Injunctive relief pending appeal is particularly appropriate in cases like this one when the "court is charting a new and unexplored ground" by "ruling on an admittedly difficult legal question." *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004) (internal citations and quotations omitted). And as Judge Heytens noted in his dissent to the Fourth Circuit's order granting a stay pending appeal "the jurisdictional questions here are novel and

5

difficult." *Sustainability Inst. v. Trump*, No. 25-1575, 2025 WL 1587100 at *2 (4th Cir. June 5, 2025) (Heytens, J., dissenting).

Plaintiffs have already prevailed on their claims in this Court. And Plaintiffs continue to raise serious legal issues on the merits as they defend their appeal for the reasons explained in their briefing in the Fourth Circuit. *See* Plaintiffs-Appellees' Response to Defendants-Appellants Opening Brief, *Sustainability Inst. v. Trump,* No. 25-1575 (4th Cir. July 7, 2025) ("Pls' 4th Cir. Br."). Plaintiffs maintain that the Court has jurisdiction to hear Plaintiffs' constitutional claims independent of any waiver of sovereign immunity—and Plaintiffs' Administrative Procedure Act claims remain within the jurisdiction of federal district courts under current Supreme Court caselaw, including the Supreme Court's most recent emergency docket order regarding jurisdiction over grant funding challenges. *Nat. Instit. of Health v. Am. Pub. Health Ass'n*, 145 S.Ct. 2658, 2661 (2025) (Barrett, J., concurring).

### A. Plaintiffs' constitutional claims do not require a waiver of sovereign immunity.

Plaintiffs have established serious questions of law regarding their constitutional claims. On appeal, Defendants argued for the first time that Plaintiffs' constitutional claims are merely statutory claims for which there is no cause of action. Brief for Appellants at 32-38, *Sustainability Institute v. Trump*, No. 25-1575 (4th Cir. June 20, 2025). Not so.

As now-Justice Kavanaugh explained in *In re Aiken County*, "our constitutional system of separation of powers would be significantly altered if we were to allow executive and independent agencies to disregard federal law" by "declin[ing] to spend appropriated funds" on programs mandated by Congress. *In re Aiken County*, 725 F.3d 255, 261 n.1, 267 (D.C. Cir. 2013); *see also* Dkt. No. 157, Order on Preliminary Injunction at 14-15 (finding termination of

6

grants based on policy disagreements "constituted a violation of the Agency Official Defendants duty to 'faithfully execute[]' the laws of the United States").

As in *Youngstown Sheet & Tube Co. v. Sawyer*, Plaintiffs' constitutional claims turn on the Executive branch's *absence* of authority to disregard a statutory mandate to spend funds, 343 U.S. 579, 637 (1952) (J. Jackson, concurring). The Fourth Circuit has reaffirmed that "a plaintiff can obtain injunctive relief against an individual officer or agent of the United States in his official capacity for acts beyond his … constitutional authority because such actions are considered individual and not sovereign actions." *Strickland v. United States*, 32 F.4th 311, 363 (4th Cir. 2022) (internal citations and quotations omitted). Plaintiffs have already prevailed on this issue before this Court and expect to do so again on appeal. There is no doubt that the matter is a serious question of law warranting injunctive relief here under Rule 62(d).

### B. Plaintiffs' Administrative Procedure Act claims belong in federal district court.

Similarly, Plaintiffs have established serious questions of law regarding their Administrative Procedure Act claims. The Supreme Court's recent order in *National Institutes of Health v. American Public Health Association* confirmed that district courts have jurisdiction over Administrative Procedure Act claims that seek to hold unlawful and set aside high-level agency actions involving grants. *Nat. Instit. of Health*, 145 S.Ct. at 2661 (Barrett, J., concurring).

This Court made clear that the government's actions were broadly unlawful but did not have the benefit of *NIH* when crafting its remedy on the APA claims. Dkt. No. 157 at 7. To the extent the Fourth Circuit determines that relief should be accorded more broadly than this Court's initial order, it can offer such direction on remand. As we await any such direction from the Fourth Circuit, this Court should issue interim injunctive relief to preserve the status quo and

enjoin Defendants from conditioning reimbursement of pre-termination expenses on premature close out of Plaintiffs' grants.

Accordingly, Plaintiffs have established at least a serious question on the merits, warranting injunctive relief.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion and enjoin Defendants from conditioning reimbursement of properly incurred pre-termination expenses on premature close-out.

Respectfully submitted, this 24th day of September,

/s/ Carl T. Brzorad
Carl T. Brzorad (S.C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org


/s/ Kimberley Hunter
Kimberley Hunter (N.C. Bar No. 41333)
Irena Como (N.C. Bar No. 51812)
Nicholas S. Torrey (N.C. Bar No. 43382)
Ben Grillot (D.C. Bar. No. 982114)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
Elaine Poon (VA Bar No. 91963)
Jon Miller (MA Bar No. 663012)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland; Columbus, Ohio; Madison, Wisconsin; Nashville, Tennessee; New Haven, Connecticut; and San Diego, California*

<u>/s/ Mark Ankcorn</u>
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)
(Pro Hac Vice pending)
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

## CERTIFICATE OF SERVICE

 I certify that on September 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

        <u>/s/ Carl T. Brzorad</u>
        Carl T. Brzorad (S.C. Bar No. 105413)
        SOUTHERN ENVIRONMENTAL LAW CENTER
        525 East Bay Street, Suite 200
        Charleston, SC 29403
        Telephone: (843) 720-5270
        Facsimile: (843) 414-7039
        cbrzorad@selc.org