IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Sustainability Institute, *et al.*, | Civil Action Number: 2:25-cv-02152-RMG |
| Plaintiffs, | |
| vs. | |
| Donald J. Trump, in his official capacity as President of the United States, *et al.* | |
| Defendants. | |

# RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

Plaintiffs obtained an injunction requiring the Environmental Protection Agency ("EPA") and other federal agencies to make grant funds available, despite the agencies' decision to pause or terminate their grants. A panel of the Fourth Circuit granted a stay of the injunction pending appeal. Relying on the Supreme Court's stay decision in *Dep't of Educ. v. California*, 604 U.S. 650 (2025)), the panel found Plaintiffs are not likely to succeed in showing district courts have jurisdiction to grant this relief. *Sustainability Inst. v. Trump*, No. 25-1575, 2025 WL 1587100, *2 (4th Cir. June 5, 2025). Since then, the Supreme Court reiterated its holding in *California* regarding challenges to grants. *See National Institutes of Health ("NIH") v. American Public Health Association*, 145 S. Ct. 2658 (2025). And Congress rescinded all unobligated funds previously made available to carry out Environmental and Climate Justice Block ("ECJ") grants. *See* An Act to Provide for Reconciliation Pursuant to Title II of H. Con. Res. 14, Pub. L. No. 119-21, tit. VI, § 60016, 139 Stat. 72 (2025)

Against this backdrop, some Plaintiffs now seek another injunction that would compel the payment of grant funds. But they offer no meritorious reason for this Court to depart from the

Supreme Court and Fourth Circuit's decisions. Nor have Plaintiffs shown irreparable harm—regardless of whether the specific grant funds remain available, Plaintiffs have a recourse for any damages that result through a contract suit in the Court of Federal Claims. Finally, the public interest is not served by a judicial order setting aside the regulatory closeout process and compelling the immediate disbursement of federal funds.

For these reasons, the United States respectfully submits that the Court should deny Plaintiffs' Motion for Injunction Pending Appeal.

I.     **Legal Standard**

While an appeal is pending, a district court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The burden is on the movant "to support their request for the desired relief." *Hodges v. Shalala*, 127 F. Supp. 2d 790, 791–792 (D.S.C. 2001); *see also* 11 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2904, n.15 (3d ed. Sept. 2025) (collecting cases for the proposition that this burden is "a heavy one").

"In determining whether to grant relief under Rule 62(c), the federal courts generally look to the familiar standards that are applicable to petitions for other injunctive relief." *Hodges*, 127 F. Supp. 2d at 792. A party seeking an injunction pending appeal must show: "(1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the [injunction] is denied, (3) that other parties will not be substantially harmed by the [injunction], and (4) that the public interest will be served by granting the [injunction]." *Long v. Robinson*, 432 F.2d 977, 979-80 (4th Cir. 1970); *Hilton v. Braunskill*, 481 U.S. 770, 776, (1987) (similar).

II.    **Plaintiffs have not shown they are likely to prevail on their jurisdictional arguments.**

As the Court is aware, a panel of the Fourth Circuit granted the Government's motion for

a stay pending appeal. *Sustainability Inst.*, 2025 WL 1587100 at *2. The panel, citing *California*, found that the APA does not waive sovereign immunity to enforce financial terms in grant agreements. *Id.* As to Plaintiffs' purported ultra vires and Constitutional claims, the panel found it was unlikely these claims provide a "detour around the Tucker Act," in a posture where the *government* bore the burden of demonstrating likelihood of success on appeal. *Id.* The court's holding applies to Plaintiffs' instant motion, where *Plaintiffs* bear the burden of showing likelihood of success. The law has not changed since the Fourth Circuit's stay order, and, accordingly, this motion should be denied.

Indeed, the Supreme Court granted, in part, another stay application related to the termination of federal grants. *See NIH*, 145 S. Ct. at 2659. In *NIH*, like in *California*, the Supreme Court held that the APA "does not provide the District Court with jurisdiction to adjudicate claims based on . . . grants or to order relief designed to enforce any obligation to pay money pursuant to those grants." *Id.* (internal quotations omitted); *see also id.* at 2660–62 (Barrett, J., concurring) ("[T]he District Court likely lacked jurisdiction to hear challenges to the grant terminations, which belong in the Court of Federal Claims."); *id.* at 2663–64 (Gorsuch, J., joined by Kavanaugh, J., concurring in part and dissenting in part) (similar).

Plaintiffs cite Justice Barrett's concurrence for the proposition that "district courts have jurisdiction over [APA] claims that seek to hold unlawful and set aside high-level agency actions involving grants." Dkt. No. 174 at 7 (citing *NIH*, 145 S. Ct. at 2661) (Barrett, J., concurring)). Yet Justice Barrett merely said that a district court can review agency guidance, so long as the guidance constitutes final agency action and—to the point, here—the court is not asked to reinstate grants. *Id.* at 2661–62 (stating parties may not "end-run" the Tucker Act's jurisdictional limit by packaging grant termination claims with a challenge to agency guidance).

3

Plaintiffs do not seek to enjoin agency guidance with this motion; they ask the Court to order the disbursement of funding and forestall grant terminations. Those are precisely the types of remedies that *California* and *NIH* make clear district courts do not have jurisdiction to provide. *See Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025) ("Although our interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases.").

The above-discussed orders settle this issue. But it is also relevant that, after the Fourth Circuit stayed the preliminary injunction in this case, a group of grant recipients filed a class action suit seeking to overturn the terminations of ECJ grants. *See Appalachian Voices v. United States Env't Prot. Agency*, No. CV 25-1982 (RJL), 2025 WL 2732746, at *1 (D.D.C. Sept. 25, 2025). The court in *Appalachian Voices* dismissed claims nearly identical to the ones raised here and denied the plaintiffs' Rule 62 motion. *Id.* at 2 (citing *California* and *NIH*). On the likelihood-of-success factor, the court noted that "[w]hile the legal landscape is in flux, plaintiffs have not raised . . . a 'serious legal question' on the merits." *Id*.

## III.  Plaintiffs have not shown irreparable harm.

Because *Sustainability Institute*, *California*, and *NIH* establish that Plaintiffs do not have a likelihood of success on their jurisdictional arguments, their motion should be denied for that reason alone. *See Sustainability Inst.*, 2025 WL 158700 at *2 ("While we do not doubt that a stay would work a hardship on Plaintiffs, the existence of burdens on each side points back to the preeminence of the likelihood-of-success inquiry, which in this case favors the Government."). But, in any event, the purported harm here is not irreparable.

The only change in circumstances from the Fourth Circuit's stay opinion is that EPA notified at least one grant recipient that the agency is moving forward with terminating its grant, as the agency has previously intended and as it has the right to do. Dkt. No. 174-1. Plaintiffs see

the regulatory grant closeout process as creating a risk that their legal claims would no longer be viable. Dkt. No. 174 at 4–5.

This alleged harm is only irreparable, however, if there is no other avenue for relief for ECJ grant recipients. As recognized by the *Appalachian Voices* plaintiffs, "individual grantees may file in the Court of Federal Claims to seek damages for the breach of their grant agreement." *Appalachian Voices*, No. CV 25-1982 (RJL), Dk. No. 105 at 5. Thus, even if ECJ grant funds are returned to the Treasury, there is a remedy for any harm stemming from the individual grant terminations. *See California*, 604 U.S. at 652 ("[I]f respondents ultimately prevail, they can recover any wrongfully withheld funds through suit in an appropriate forum.").

Conversely, requiring EPA to disburse funds to federal grant recipients is precisely the type of harm to the Government that the Supreme Court and Fourth Circuit have cited as irreparable. *Id.* at 651–52 (finding the irreparable harm factor favors the Government in a grant terminations case); *NIH*, 145 S. Ct. 2658 (same); *Sustainability Inst.*, 2025 WL 1587100 at *2 (same).

### IV.     The public interest and balance of equities favor the Government.

Since the Fourth Circuit first balanced the equities and considered the public interest, these factors have tipped more in the Government's favor. Congress has rescinded unobligated funds previously available for the ECJ grants. *See* An Act to Provide for Reconciliation Pursuant to Title II of H. Con. Res. 14, Pub. L. No. 119-21, tit. VI, § 60016, 139 Stat. 72 (2025). An injunction that requires the payment of money—outside the regulatory closeout process and in a situation where Congress made a policy decision to pare down the program at issue—does not protect the public fisc or serve the public good.

### V.      Conclusion

As explained, the Court should deny Plaintiffs' Motion for Injunction Pending Appeal.

                          Respectfully submitted,

                          BRYAN P. STIRLING
                          UNITED STATES ATTORNEY

By:    *s/Todd Timmons*
        Todd Timmons (#11254)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        Tel: (803) 237-9265
        Todd.Timmons@usdoj.gov

        Lee E. Berlinsky (#05443)
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina 29401
        Tel: (843) 266-1679
November 20, 2025        Lee.Berlinsky@usdoj,gov