IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Sustainability Institute, et al.,<br><br>                     Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>                     Defendants. | Case No. 2:25-cv-02152-RMG<br><br>**REPLY SUPPORTING MOTION FOR INJUNCTION PENDING APPEAL** |

      Defendants take issue with relief that Plaintiffs have not sought. In their telling, the pending motion "ask[s] the Court to order the disbursement of funding and forestall grant terminations." Opp'n at 4. But that is not the relief Plaintiffs requested. In reality, Plaintiffs seek the much more minimal relief of a narrow injunction pending appeal that would prevent Defendant Environmental Protection Agency ("EPA") from holding hostage certain reimbursements—which EPA has already committed to paying—unless Plaintiffs close out their grants and risk the government arguing their claims are moot.[1] *See* Mot. at 1–2. Because this is money that EPA does not dispute it will ultimately pay to Plaintiffs, the only question is when the reimbursements will occur and whether EPA can lawfully force Plaintiffs to choose between reimbursements they are legally entitled to and safeguarding their legal claims in this Court.

---

[1] Plaintiffs' position is that even if they do close out their grant agreements their claims would not be moot, but there is a significant risk that the government would argue otherwise.

1

The Court should grant the motion and issue an injunction under Federal Rule of Civil Procedure 62(d) because (1) Plaintiffs are likely to succeed on the merits and (2) the equities favor the modest injunction Plaintiffs seek.

1. **Plaintiffs Are Likely to Succeed on the Merits on Appeal.**

Plaintiffs are substantially likely to prevail on the jurisdictional issues at the heart of the pending appeal. As the Court is aware, this case involves claims with independent bases for jurisdiction: some arise under the Administrative Procedure Act ("APA") and others are freestanding constitutional claims alleging violations of the separation of powers, the Presentment Clause, and the First Amendment.

Defendants have already consented to judgment on Plaintiffs' APA claims and the most recent ruling on this issue from the Supreme Court confirmed that Plaintiffs are likely to succeed in showing that at least some of their APA claims belong in this Court. *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658 (2025) ("*NIH*"). In that interlocutory order, a majority of the Supreme Court reaffirmed that district courts have jurisdiction over APA claims seeking to hold unlawful and set aside high-level agency actions involving grants. *Id.*; *see also id.* at 2659–61 (Barrett, J., concurring).

Plaintiffs brought precisely the type of claims described by the Supreme Court as belonging in federal court here. Specifically, Plaintiffs challenged high-level actions like the unlawful decision of EPA to terminate entire "grant programs . . . for policy reasons." ECF. No. 147-4 at 2:24-25. Even the government appears to agree such claims belong in district court. The appeal in this case was argued back-to-back with a related case in which the United States conceded that "a claim where there is a final, discrete agency action setting forth a policy to close a program that is statutorily mandated to exist" would be reviewable in district court under

*NIH*. Oral Argument (Oct. 23, 2025), *Solutions in Hometown Connections v. Noem* (4th Cir. No. 25-1640).[2] That is exactly what happened here with EPA's wholesale termination of an entire grant program.

Defendants confuse the issues by insisting this motion seeks to "compel the payment of grants funds," which they say *NIH* forbids. Opp'n at 1, 4. Defendants oversimplify the *NIH* holding. But in any event, this motion does not ask the Court to compel the payment of grant funds; the motion merely seeks an injunction to prevent EPA from conditioning reimbursement for properly incurred, pre-termination expenses upon Plaintiffs closing out their grants and risking that the government will argue their claims have become moot. *See* Mot. at 1–2. EPA has already committed to reimbursing these expenses. Dkt. 174-1, Exh. 1 at 3. And if EPA succeeds in forcing Plaintiffs to close out their grants, Plaintiffs risk the government later arguing that they have forfeited or can no longer vindicate their rights.

Zooming out, it is true the Fourth Circuit may conclude this Court should reconsider its remedy on the APA claims in light of *NIH*. However, those are questions for another day when we have the benefit of the Fourth Circuit's direction. And regardless, that outcome would not affect EPA's admitted obligation to reimburse properly incurred pre-termination expenses. *Id.* at 3. The question today is simply whether Plaintiffs are likely to succeed in showing the Court has jurisdiction over at least some of Plaintiffs' claims. *NIH* demonstrates that as to at least a portion of Plaintiffs' APA claims the answer is yes. Likewise, this Court has jurisdiction over Plaintiffs' constitutional claims.

---

[2] A recording of the argument is available at ca4.uscourts.gov/OAarchive/mp3/25-1640-20251023.mp3 [https://perma.cc/K9KW-94QN]. This statement occurs at 22:13-34.

### 2. The Equities Favor This Modest Injunction.

The balance of equities favors Plaintiffs. If Plaintiffs are forced to close out their grants to obtain reimbursements for expenses EPA has already committed to paying, they risk the government arguing that their claims are moot and potentially losing forever their opportunity to challenge and obtain vacatur of EPA's unlawful shutdown of entire grant programs. Notably, Defendants do not deny they would seek to weaponize their closeout mandate against Plaintiffs by arguing mootness.

On the other side of the ledger, there is no harm to Defendants from the relief sought. Plaintiffs seek only an injunction that would prevent EPA from holding hostage reimbursements for lawfully incurred expenses prior to termination of these grants. EPA has already committed to paying these costs. Accordingly, this is nothing like the disbursements of disputed and not-yet-expended grant funds the Supreme Court found would harm the government in *NIH* and *Department of Education v. California*, 604 U.S. 650 (2025).

Finally, Defendants take the wrong lesson from the reconciliation statute they invoke. That Act took effect on July 4, 2025. *See* Pub. L. No. 119–21, 139 Stat. 72 (2025). The grants at issue in this motion were not terminated until later in July, so at the time of enactment they were obligated and thus were not covered by (or eligible for) recission under the act.[3] *See* Pub. L. No. 119–21, § 60016, 139 Stat. at 156 (rescinding only "*unobligated* balances of amounts" (emphasis added)). If anything, the Act supports Plaintiffs. Although Congress rescinded a small portion of funds, Congress did *not* repeal the statutory language commanding EPA to implement the

---

[3] "An agency incurs an obligation . . . when it . . . awards a grant . . . or takes other actions that require the government to make payments to the public or from one government account to another." U.S. Gov't Accountability Off., *A Glossary of Terms Used in the Federal Budget Process*, GAO-05-734SP, at 70 (Sept. 2005), https://www.gao.gov/assets/gao-05-734sp.pdf [https://perma.cc/L9D6-FUGM].

Environment and Climate Justice Block Grant program that EPA unilaterally shut down for policy reasons. *See id.* (rescinding certain funds "made available to carry out" the statutory mandate but not repealing the statute itself). The Environment and Climate Justice Block Grant program remains the law, and the public has an interest in the law being faithfully executed. The requested injunction would ensure Plaintiffs have an opportunity to vindicate that interest.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion and enjoin Defendants from conditioning reimbursement of properly incurred pre-termination expenses on premature close-out.

Respectfully submitted, this 24th day of November,

/s/ Carl T. Brzorad
Carl T. Brzorad (S.C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org


/s/ Kimberley Hunter
Kimberley Hunter (N.C. Bar No. 41333)
Irena Como (N.C. Bar No. 51812)
Nicholas S. Torrey (N.C. Bar No. 43382)
Ben Grillot (D.C. Bar. No. 982114)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Agrarian Trust, Alliance for Agriculture, Alliance for the Shenandoah Valley, Bronx River Alliance, CleanAIRE NC, Conservation Innovation Fund, Earth Island Institute, Leadership Counsel for Justice and Accountability, Marbleseed, Organic Association of Kentucky, Pennsylvania Association of Sustainable Agriculture, and Rural Advancement Foundation International - USA*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
Elaine Poon (VA Bar No. 91963)
Jon Miller (MA Bar No. 663012)
Cassie Crawford (NC Bar No. 45396)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland;*

*Columbus, Ohio; Madison, Wisconsin; Nashville, Tennessee; New Haven, Connecticut; and San Diego, California*

<u>/s/ Mark Ankcorn</u>
Mark Ankcorn, Senior Chief Deputy City Attorney
(CA Bar No. 166871)
(Pro Hac Vice pending)
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
mankcorn@sandiego.gov

*Counsel for Plaintiff City of San Diego*

## CERTIFICATE OF SERVICE

      I certify that on November 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

                                <u>/s/ Carl T. Brzorad</u>
                                Carl T. Brzorad (S.C. Bar No. 105413)
                                SOUTHERN ENVIRONMENTAL LAW CENTER
                                525 East Bay Street, Suite 200
                                Charleston, SC 29403
                                Telephone: (843) 720-5270
                                Facsimile: (843) 414-7039
                                cbrzorad@selc.org