SUSTAINABILITY INSTITUTE, ET AL v. TRUMP

2:25-CV-02152-RMG

# EXHIBIT 5

# City of New Haven, Connecticut

# Supplemental Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

THE SUSTAINABILITY INSTITUTE, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF THE UNITED STATES, et
al.,

Defendants.

## SUPPLEMENTAL DECLARATION OF JUSTIN ELICKER
## (CITY OF NEW HAVEN, CONNECTICUT)

I, Justin Elicker, declare as follows:

1. My name is Justin Elicker. This declaration is based on my personal knowledge, professional education and experience. I am over the age of eighteen and suffer from no legal incapacity. I submit this declaration to notify the Court of developments that have occurred since I submitted my original declaration (Dkt. No. 24-18) in support of the City of New Haven (hereinafter "New Haven" or the "City").

2. The City of New Haven is a municipal corporation existing by virtue of the laws of the State of Connecticut.

1

3. I am the Mayor of New Haven. I have served in this position since January 1, 2020. I supervise the City's Budget Director in developing the City's annual budget. I also supervise the City's Executive Director of Climate and Sustainability.

4. In July 2024, New Haven was awarded a $1 million Government-to-Government award by the Environmental Protection Agency ("EPA") to help city residents transition from burning heating oil to heating their homes with efficient heat pumps in order to reduce heating costs and air pollution. The award would have also helped residents to switch from gas stoves to induction stoves.

5. In reliance on the award, New Haven entered into partnership agreements with several partner organizations, including the Community Action Agency of New Haven (CAANH). CAANH hired one full-time staff person to implement the project and other partner organizations invoiced the City for staff time spent working on the project.

6. In 2025, the grant funds were suspended at least three times and terminated in March. The grant was restored after this Court's May 20, 2025 order.

7. On July 29, 2025, we received a letter indicating that the grant had been terminated. Exhibit 1.

8. Without this federal funding, New Haven residents have been deprived of the opportunity to reduce their energy costs. This includes households who were informed that they were eligible for the program and who had already enrolled.

9. In January 2025, New Haven was awarded a $20 million grant under the EPA's Community Change Grant program to fund a project known as the Elm City Climate Collaborative.

2

10.    With this funding, New Haven would have led a coalition of 20 partner organizations to make energy efficiency improvements to new affordable housing, upgrade existing homes with energy efficiency measures, and improve bike infrastructure and green spaces. The project would have also included improved food rescue (matching unused food from food businesses with people who need it), composting in schools, green job development programs, and a ramped-up effort to meet the need for bicycles among residents who lack other transportation options.

11.    The grant was suspended and reopened at least twice in 2025. The grant was restored after this Court's May 20, 2025 order.

12.    On July 29, 2025, we received a letter indicating that that EPA had terminated the grant. Exhibit 2.

13.    The period of performance for the Community Change Grant began on April 1, 2025 and $12,697.50 in funds were disbursed. These funds were used to purchase a set of bicycles for New Haven Public Schools to double the size of its bicycle education program, which teaches hundreds of second grade students how to safely ride a bicycle each year. The grant has a three-year term with no possibility of extension, meaning that all project activities must be completed during that time, and any delays hinder the city's ability to achieve the project goals.

14.    New Haven continues to seek completion of its grant projects and would move forward with its intended work if EPA were to restore its awards.

15.    If this Court orders EPA to reinstate the Environmental and Climate Justice Block Grant Program and the EPA decides to reopen the application process for grants rather than restoring prior awards, New Haven will apply again for these grants under that program.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, the foregoing is true and correct. Executed this __3__ th day of March, 2026 in New Haven, Connecticut.

JUSTIN ELICKER
Mayor
City of New Haven, Connecticut

4

# Exhibit 1



## OFFICE OF MISSION SUPPORT

WASHINGTON, D.C. 20460

July 29, 2025

**MEMORANDUM**

**SUBJECT:**     Termination of EPA Assistance Agreement 52-00A01441 under 2 CFR 200.340

**FROM:**     Arthur Johnson,
     R1 EPA Award Official

**TO:**     Steven Winter, Executive Director, Climate and Sustainability
     City of New Haven

The purpose of this communication is to notify you that the U.S. Environmental Protection Agency (EPA) is hereby terminating Assistance Agreement No. 52-00A01441 awarded to the City of New Haven. In accordance with 2 CFR 200.340(a)(4) (effective October 1, 2024) and the Termination term and condition contained in the EPA General Terms and Conditions effective October 1, 2024 – present, EPA Assistance Agreement 52-00A01441 is terminated in its entirety effective immediately on the grounds that the award no longer effectuates the program goals or agency priorities. The objectives of the award are no longer consistent with EPA funding priorities.

It is a priority of the EPA to eliminate discrimination in all programs throughout the United States. The EPA Administrator has determined that, per the Agency's obligations to the constitutional and statutory law of the United States, this priority includes ensuring that the Agency's grants do not support programs or organizations that promote or take part in diversity, equity, and inclusion ("DEI") initiatives, "environmental justice" initiatives, and conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions. In addition to complying with the civil rights laws, it is vital that the Agency assess whether all grant payments are free from fraud, abuse, waste, and duplication, as well as to assess whether current grants are in the best interests of the United States.

The grant specified above provides funding for programs that promote or take part in DEI initiatives or environmental justice initiatives or other initiatives that conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions; that are not free from fraud, abuse, waste, or duplication; or that otherwise fail to serve the best interests of the United States. The grant is therefore inconsistent with, and no longer effectuates, Agency priorities.

The process for closeout is generally outlined in 2 CFR 200.344. EPA is clarifying what reports are required and what reports are waived below. Other requirements are still in effect if applicable to your grant.

EPA is requiring the following closeout reports due within 120 days of closeout (2 CFR 200.344a:)
- Final Federal Financial Report, SF-425
- Final Technical Report

- Other programmatic reports identified in your terms and conditions

As part of this termination, EPA is waiving the following closeout reports:
- Property Report, SF-428
- Final Minority Business Enterprise/Woman Business Enterprise Utilization Under Federal Grants and Cooperative Agreements, EPA Form 5700-52A

The recipient may request payment from the Automated Standard Application Payments (ASAP) system for allowable costs incurred up to the date of this memo provided that such costs were contained in the approved workplan. Costs incurred by you after this termination are allowable only if (a) those costs were properly incurred by you before the effective date of this termination, and not in anticipation of it; and (b) those costs would be allowable if your federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect. *See* 2 C.F.R. § 200.343. You are encouraged to carefully review and discharge your closeout responsibilities set forth in 2 C.F.R. § 200.344-45 and your award agreement. Those responsibilities include, but are not limited to, your obligation to "promptly refund any unobligated funds" that have been paid out but "are not authorized to be retained." *See* 2 C.F.R. § 200.344(g).

Also, per 2 CFR 200.472, a recipient may use grant funds to properly closeout their grant including reasonable and necessary costs that might occur after the date of this memo. If the recipient drew down funds from ASAP for costs beyond the termination date or for costs that exceed the amount necessary to properly closeout their grant, the recipient must contact RTPFC at [rtpfc-grants@epa.gov](mailto:rtpfc-grants@epa.gov) for instructions on how to return the excess funds.

The EPA Grants Management Office has issued an amendment to the agreement to document the termination.

If you wish to dispute this termination decision, the Disputes Decision Official (DDO), Mark Sanborn, [R1DDO@epa.gov](mailto:R1DDO@epa.gov), must receive the Dispute no later than 30 calendar days from the date this termination notice is electronically sent to you. Disputes must be sent electronically by email to the DDO, with a copy to the EPA Award Official, [Johnson.Arthur@epa.gov](mailto:Johnson.Arthur@epa.gov), within the 30-day period stated above. The Dispute submitted to the DDO must include: (1) A copy of the disputed Agency Decision; (2) A detailed statement of the specific legal and factual grounds for the Dispute, including copies of any supporting documents; (3) The specific remedy or relief you seek under the Dispute; and (4) The name and contact information, including email address, of your designated point of contact for the Dispute. *See* 2 CFR 1500.15

The requirements on post-closeout adjustments and continuing responsibilities, including audit and record retention requirements, at 2 CFR 200.345 remain in effect.

ATTACHMENT:
Amendment Document

cc:  Robert Smith, EPA Grant Specialist
     Duncan Drapeau, EPA Project Officer

2

52 - 00A01441 - 3     Page 1

| | | GRANT NUMBER (FAIN): 00A01441<br>MODIFICATION NUMBER: 3<br>PROGRAM CODE: 52 | DATE OF AWARD<br>07/29/2025 |
|---|---|---|---|
| **U.S. ENVIRONMENTAL PROTECTION AGENCY**<br>Assistance Amendment | | TYPE OF ACTION<br>No Cost Amendment | MAILING DATE<br>07/29/2025 |
| | | PAYMENT METHOD:<br>ASAP | ACH#<br>10058 |

| RECIPIENT TYPE:<br>Municipal | Send Payment Request to:<br>Contact EPA RTPFC at: rtpfc-grants@epa.gov |
|---|---|
| RECIPIENT: | PAYEE: |
| City of New Haven<br>165 Church St<br>New Haven, CT 06510-2010<br>**EIN:** 06-6001876 | City of New Haven<br>165 Church St<br>New Haven, CT 06510-2010 |

| PROJECT MANAGER | EPA PROJECT OFFICER | EPA GRANT SPECIALIST |
|---|---|---|
| Steven Winter<br>165 Church St<br>New Haven, CT 06510-2010<br>**Email:** SWinter@newhavenct.gov<br>**Phone:** 475-331-3769 | Duncan Drapeau<br>5 Post Office Square, Suite 100<br>Boston, MA 02109-3912<br>**Email:** Drapeau.Duncan@epa.gov<br>**Phone:** 617-918-1365 | Robert Smith<br>Grants Management Branch<br>5 Post Office Square, Suite 100<br>Boston, MA 02109-3946<br>**Email:** Smith.Robert.F@epa.gov<br>**Phone:** 617-918-1960 |

**PROJECT TITLE AND EXPLANATION OF CHANGES**

Electrify New Haven

This amendment is to stop work; terminate the agreement; reduce performance period duration; curtail scope of work; and waive certain reporting requirements. Administrative terms and conditions are added.

Per 2 CFR 200.340 and the Termination General Terms and Conditions of this agreement, EPA is terminating this award. Your organization shall immediately stop work and take all reasonable steps to minimize the incurrence of costs otherwise allocable to the assistance agreement. See terms and conditions.

| BUDGET PERIOD<br>07/01/2024 - 07/29/2025 | PROJECT PERIOD<br>07/01/2024 - 07/29/2025 | TOTAL BUDGET PERIOD COST<br>$ 1,000,000.00 | TOTAL PROJECT PERIOD COST<br>$ 1,000,000.00 |
|---|---|---|---|

## NOTICE OF AWARD

Based on your Application dated 04/14/2023 including all modifications and amendments, the United States acting by and through the US Environmental Protection Agency (EPA) hereby awards $ 0.00. EPA agrees to cost-share 100.00% of all approved budget period costs incurred, up to and not exceeding total federal funding of $ 1,000,000.00. Recipient's signature is not required on this agreement. The recipient demonstrates its commitment to carry out this award by either: 1) drawing down funds within 21 days after the EPA award or amendment mailing date; or 2) not filing a notice of disagreement with the award terms and conditions within 21 days after the EPA award or amendment mailing date. If the recipient disagrees with the terms and conditions specified in this award, the authorized representative of the recipient must furnish a notice of disagreement to the EPA Award Official within 21 days after the EPA award or amendment mailing date. In case of disagreement, and until the disagreement is resolved, the recipient should not draw down on the funds provided by this award/amendment, and any costs incurred by the recipient are at its own risk. This agreement is subject to applicable EPA regulatory and statutory provisions, all terms and conditions of this agreement and any attachments.

| ISSUING OFFICE (GRANTS MANAGEMENT OFFICE) | AWARD APPROVAL OFFICE |
|---|---|
| ORGANIZATION / ADDRESS | ORGANIZATION / ADDRESS |
| U.S. EPA, Region 1, EPA New England<br>5 Post Office Square, Suite 100<br>Boston, MA 02109-3912 | U.S. EPA, Region 1, EPA New England<br>R1 - Region 1<br>5 Post Office Square, Suite 100<br>Boston, MA 02109-3946 |

| THE UNITED STATES OF AMERICA BY THE U.S. ENVIRONMENTAL PROTECTION AGENCY | |
|---|---|
| **Digital signature applied by EPA Award Official** Arthur Johnson - Director, Mission Support Division | DATE<br>07/29/2025 |

52 - 00A01441 - 3     Page 2

# EPA Funding Information

| FUNDS | FORMER AWARD | THIS ACTION | AMENDED TOTAL |
|---|---|---|---|
| EPA Amount This Action | $ 1,000,000 | $ 0 | $ 1,000,000 |
| EPA In-Kind Amount | $ 0 | $ 0 | $ 0 |
| Unexpended Prior Year Balance | $ 0 | $ 0 | $ 0 |
| Other Federal Funds | $ 0 | $ 0 | $ 0 |
| Recipient Contribution | $ 0 | $ 0 | $ 0 |
| State Contribution | $ 0 | $ 0 | $ 0 |
| Local Contribution | $ 0 | $ 0 | $ 0 |
| Other Contribution | $ 0 | $ 0 | $ 0 |
| Allowable Project Cost | $ 1,000,000 | $ 0 | $ 1,000,000 |

| Assistance Program | Statutory Authority | Regulatory Authority |
|---|---|---|
| 66.312 - Environmental Justice Government-to-Government (EJG2G) Program | Clean Air Act: Sec. 138 | 2 CFR 200, 2 CFR 1500 and 40 CFR 33 |

52 - 00A01441 - 3     Page 3

Budget Summary Page

| Table A - Object Class Category<br>(Non-Construction) | Total Approved Allowable<br>Budget Period Cost |
|---|---|
| 1. Personnel | $ 0 |
| 2. Fringe Benefits | $ 0 |
| 3. Travel | $ 0 |
| 4. Equipment | $ 0 |
| 5. Supplies | $ 4,500 |
| 6. Contractual | $ 542,381 |
| 7. Construction | $ 0 |
| 8. Other | $ 434,751 |
| 9. Total Direct Charges | $ 981,632 |
| 10. Indirect Costs: 0.00 % Base - | $ 18,368 |
| 11. Total (Share: Recipient ___0.00 % Federal __100.00 %) | $ 1,000,000 |
| 12. Total Approved Assistance Amount | $ 1,000,000 |
| 13. Program Income | $ 0 |
| 14. Total EPA Amount Awarded This Action | $ 0 |
| 15. Total EPA Amount Awarded To Date | $ 1,000,000 |

## Administrative Conditions

**UNILATERAL TERMINATION**

1. The Agency is asserting its right under 2 CFR 200.340 and the Termination General Term and Condition of this agreement to unilaterally terminate this award. This amendment serves as required notice under 2 CFR 200.341.

2. Consistent with 2 CFR 200.343 Effect of suspension and termination, costs to the recipient or subrecipient resulting from financial obligations incurred by the recipient or subrecipient after the termination of a Federal award are not allowable. Costs after termination are allowable if:

    a. The costs result from financial obligations which were properly incurred by the recipient or subrecipient before the effective date of suspension or termination, and not in anticipation of it; and

    b. The costs would be allowable if the Federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect.

    c. The costs are reasonable and necessary termination costs consistent with 2 CFR 200.472.

3. Federal Financial Reporting (FFR) General Terms and Conditions is still in full force and effect. EPA recipients must submit the SF-425 no later than 120 calendar days after the end date of the period of performance of the award.

4. Programmatic Terms and Conditions. Performance reporting is still in full force and effect.  The recipient must submit the final report no later than 120 calendar days after the period of performance.

In accordance with 2 CFR 200.329, the recipient agrees to submit performance reports that include information on each of the following areas:

    a. A comparison of accomplishments to the outputs/outcomes established in the assistance agreement work plan for the reporting period;

    b. Explanations on why established outputs/outcomes were not met; and

    c. Additional information, analysis, and explanation of cost overruns or high-than-expected-unit costs.

5. Waiver of Reports

The following reports are waived:

    a. Utilization of Disadvantaged Business Enterprises General Terms and Conditions, EPA Form 5700-52A.

    b. Tangible Personal Property Report, SF-428, General Terms and Conditions.

6. Record Retention

Access to Records, 2 CFR 200.337, is still in full force and effect. The termination of this award does not affect the right of EPA to disallow costs and recover funds on the basis of a later audit or other reviews. Information regarding record retention, property disposition in accordance with EPA regulations, and other frequently asked

questions can be accessed at https://www.epa.gov/grants/frequent-questions-about-closeouts.

52 - 00A01441 - 3     Page 6

## Programmatic Conditions

All Programmatic Terms and Conditions remain unchanged, and in full force and effect.

# Exhibit 2



## OFFICE OF MISSION SUPPORT

WASHINGTON, D.C. 20460

July 29, 2025

**MEMORANDUM**

**SUBJECT:**     Termination of EPA Assistance Agreement 5F-00A01479 under 2 CFR 200.340

**FROM:**     Arthur Johnson,
           R1 EPA Award Official

**TO:**     Steven Winter, Executive Director, Climate and Sustainability
           City of New Haven

The purpose of this communication is to notify you that the U.S. Environmental Protection Agency (EPA) is hereby terminating Assistance Agreement No. 5F-00A01479 awarded to the City of New Haven. This EPA Assistance Agreement is terminated effective immediately on the grounds that the remaining portion of the Federal award will not accomplish the EPA funding priorities for achieving program goals. The objectives of the award are no longer consistent with EPA funding priorities.

The EPA Administrator has determined that, per the Agency's obligations to the constitutional and statutory law of the United States, this priority includes ensuring that the Agency's grants do not conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions. In addition to complying with the law, it is vital that the Agency assess whether all grant payments are free from fraud, abuse, waste, and duplication, as well as to assess whether current grants are in the best interests of the United States.

The process for closeout is generally outlined in 2 CFR 200.344. EPA is clarifying what reports are required and what reports are waived below. Other requirements are still in effect if applicable to your grant.

EPA is requiring the following closeout reports due within 120 days of closeout (2 CFR 200.344a:)
- Final Federal Financial Report, SF-425
- Final Technical Report
- Other programmatic reports identified in your terms and conditions

As part of this termination, EPA is waiving the following closeout reports:
- Property Report, SF-428
- Final Minority Business Enterprise/Woman Business Enterprise Utilization Under Federal Grants and Cooperative Agreements, EPA Form 5700-52A

The recipient may request payment from the Automated Standard Application Payments (ASAP) system for allowable costs incurred up to the date of this memo provided that such costs were contained in the approved workplan. Costs incurred by you after this termination are allowable only if (a) those costs were properly incurred by you before the effective date of this termination, and not in anticipation of it; and (b) those costs would be allowable if your federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect. *See* 2 C.F.R. § 200.343. You are encouraged to carefully review and discharge your closeout responsibilities set forth in 2 C.F.R. § 200.344-45 and your award agreement. Those responsibilities include, but are not limited to, your obligation to "promptly refund any unobligated funds" that have been paid out but "are not authorized to be retained." *See* 2 C.F.R. § 200.344(g).

Also, per 2 CFR 200.472, a recipient may use grant funds to properly closeout their grant including reasonable and necessary costs that might occur after the date of this memo. If the recipient drew down funds from ASAP for costs beyond the termination date or for costs that exceed the amount necessary to properly closeout their grant, the recipient must contact RTPFC at rtpfc-grants@epa.gov for instructions on how to return the excess funds.

The EPA Grants Management Office has issued an amendment to the agreement to document the termination.

If you wish to dispute this termination decision, the Disputes Decision Official (DDO), Mark Sanborn, R1DDO@epa.gov, must receive the Dispute no later than 30 calendar days from the date this termination notice is electronically sent to you. Disputes must be sent electronically by email to the DDO, with a copy to the EPA Award Official, Johnson.Arthur@epa.gov, within the 30-day period stated above. The Dispute submitted to the DDO must include: (1) A copy of the disputed Agency Decision; (2) A detailed statement of the specific legal and factual grounds for the Dispute, including copies of any supporting documents; (3) The specific remedy or relief you seek under the Dispute; and (4) The name and contact information, including email address, of your designated point of contact for the Dispute. *See* 2 CFR 1500.15

The requirements on post-closeout adjustments and continuing responsibilities, including audit and record retention requirements, at 2 CFR 200.345 remain in effect.


ATTACHMENT
Amendment Document

cc:  Robert Smith, EPA Grant Specialist
     D'Shyla Duncan, EPA Project Officer

2

5F - 00A01479 - 1     Page 1

| | U.S. ENVIRONMENTAL PROTECTION AGENCY<br><br>Assistance Amendment | GRANT NUMBER (FAIN): 00A01479<br>MODIFICATION NUMBER: 1<br>PROGRAM CODE: 5F | DATE OF AWARD<br>07/29/2025 |
|---|---|---|---|
| | | TYPE OF ACTION<br>No Cost Amendment | MAILING DATE<br>07/29/2025 |
| | | PAYMENT METHOD:<br>ASAP | ACH#<br>10058 |

| RECIPIENT TYPE:<br>Municipal | Send Payment Request to:<br>Contact EPA RTPFC at: rtpfc-grants@epa.gov |
|---|---|
| RECIPIENT:<br>City of New Haven<br>200 Orange Street Room 404<br>New Haven, CT 06510-2080<br>EIN:  06-6001876 | PAYEE:<br>City of New Haven<br>200 Orange Street Room 404<br>New Haven, CT 06510-2080 |

| PROJECT MANAGER | EPA PROJECT OFFICER | EPA GRANT SPECIALIST |
|---|---|---|
| Steven Winter<br>165 Church St 2nd Floor Annex<br>New Haven, CT 06510-2080<br>**Email:**  SWinter@newhavenct.gov<br>**Phone:** 475-331-3769 | DShyla Duncan<br>5 Post Office Square, Suite 100<br>Boston, MA 02109-3912<br>**Email:**  Duncan.DShyla@epa.gov<br>**Phone:** 617-918-1406 | Robert Smith<br>Grants Management Branch<br>5 Post Office Square, Suite 100<br>Boston, MA 02109-3912<br>**Email:**  Smith.Robert.F@epa.gov<br>**Phone:** 617-918-1960 |

**PROJECT TITLE AND EXPLANATION OF CHANGES**

Elm City Climate Collaborative

This amendment is to stop work; terminate the agreement; reduce performance period duration; curtail scope of work; and waive certain reporting requirements. Administrative terms and conditions are added.

Per 2 CFR 200.340 and the Termination General Terms and Conditions of this agreement, EPA is terminating this award. Your organization shall immediately stop work and take all reasonable steps to minimize the incurrence of costs otherwise allocable to the assistance agreement. See terms and conditions.

| BUDGET PERIOD<br>04/01/2025 - 07/29/2025 | PROJECT PERIOD<br>04/01/2025 - 07/29/2025 | TOTAL BUDGET PERIOD COST<br>$ 20,000,000.00 | TOTAL PROJECT PERIOD COST<br>$ 20,000,000.00 |
|---|---|---|---|

## NOTICE OF AWARD

Based on your Application dated 08/11/2024 including all modifications and amendments, the United States acting by and through the US Environmental Protection Agency (EPA) hereby awards $ 0.00. EPA agrees to cost-share 100.00% of all approved budget period costs incurred, up to and not exceeding total federal funding of $ 20,000,000.00. Recipient's signature is not required on this agreement. The recipient demonstrates its commitment to carry out this award by either: 1) drawing down funds within 21 days after the EPA award or amendment mailing date; or 2) not filing a notice of disagreement with the award terms and conditions within 21 days after the EPA award or amendment mailing date. If the recipient disagrees with the terms and conditions specified in this award, the authorized representative of the recipient must furnish a notice of disagreement to the EPA Award Official within 21 days after the EPA award or amendment mailing date. In case of disagreement, and until the disagreement is resolved, the recipient should not draw down on the funds provided by this award/amendment, and any costs incurred by the recipient are at its own risk. This agreement is subject to applicable EPA regulatory and statutory provisions, all terms and conditions of this agreement and any attachments.

| ISSUING OFFICE (GRANTS MANAGEMENT OFFICE) | AWARD APPROVAL OFFICE |
|---|---|
| ORGANIZATION / ADDRESS | ORGANIZATION / ADDRESS |
| U.S. EPA, Region 1, EPA New England<br>5 Post Office Square, Suite 100<br>Boston, MA 02109-3912 | U.S. EPA, Region 1, EPA New England<br>R1 - Region 1<br>5 Post Office Square, Suite 100<br>Boston, MA 02109-3912 |

| THE UNITED STATES OF AMERICA BY THE U.S. ENVIRONMENTAL PROTECTION AGENCY | |
|---|---|
| **Digital signature applied by EPA Award Official** Arthur Johnson - Director, Mission Support Division | DATE<br>07/29/2025 |

5F - 00A01479 - 1    Page 2

# EPA Funding Information

| FUNDS | FORMER AWARD | THIS ACTION | AMENDED TOTAL |
|---|---|---|---|
| EPA Amount This Action | $ 20,000,000 | $ 0 | $ 20,000,000 |
| EPA In-Kind Amount | $ 0 | $ 0 | $ 0 |
| Unexpended Prior Year Balance | $ 0 | $ 0 | $ 0 |
| Other Federal Funds | $ 0 | $ 0 | $ 0 |
| Recipient Contribution | $ 0 | $ 0 | $ 0 |
| State Contribution | $ 0 | $ 0 | $ 0 |
| Local Contribution | $ 0 | $ 0 | $ 0 |
| Other Contribution | $ 0 | $ 0 | $ 0 |
| Allowable Project Cost | $ 20,000,000 | $ 0 | $ 20,000,000 |

| Assistance Program | Statutory Authority | Regulatory Authority |
|---|---|---|
| 66.616 - Environmental and Climate Justice Block Grant Program | Clean Air Act: Sec. 138 | 2 CFR 200, 2 CFR 1500 and 40 CFR 33 |

5F - 00A01479 - 1     Page 3

Budget Summary Page

| Table A - Object Class Category<br>(Non-Construction) | Total Approved Allowable<br>Budget Period Cost |
|---|---|
| 1. Personnel | $ 828,484 |
| 2. Fringe Benefits | $ 449,774 |
| 3. Travel | $ 0 |
| 4. Equipment | $ 0 |
| 5. Supplies | $ 48,410 |
| 6. Contractual | $ 130,000 |
| 7. Construction | $ 3,700,000 |
| 8. Other | $ 14,627,665 |
| 9. Total Direct Charges | $ 19,784,333 |
| 10. Indirect Costs: 0.00 % Base - | $ 215,667 |
| 11. Total (Share: Recipient ___0.00 % Federal __100.00 %) | $ 20,000,000 |
| 12. Total Approved Assistance Amount | $ 20,000,000 |
| 13. Program Income | $ 345,000 |
| 14. Total EPA Amount Awarded This Action | $ 0 |
| 15. Total EPA Amount Awarded To Date | $ 20,000,000 |

## Administrative Conditions

**UNILATERAL TERMINATION**

1. The Agency is asserting its right under 2 CFR 200.340 and the Termination General Term and Condition of this agreement to unilaterally terminate this award. This amendment serves as required notice under 2 CFR 200.341.

2. Consistent with 2 CFR 200.343 Effect of suspension and termination, costs to the recipient or subrecipient resulting from financial obligations incurred by the recipient or subrecipient after the termination of a Federal award are not allowable. Costs after termination are allowable if:

   a. The costs result from financial obligations which were properly incurred by the recipient or subrecipient before the effective date of suspension or termination, and not in anticipation of it; and

   b. The costs would be allowable if the Federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect.

   c. The costs are reasonable and necessary termination costs consistent with 2 CFR 200.472.

3. Federal Financial Reporting (FFR) General Terms and Conditions is still in full force and effect. EPA recipients must submit the SF-425 no later than 120 calendar days after the end date of the period of performance of the award.

4. Programmatic Terms and Conditions. Performance reporting is still in full force and effect.  The recipient must submit the final report no later than 120 calendar days after the period of performance.

In accordance with 2 CFR 200.329, the recipient agrees to submit performance reports that include information on each of the following areas:

   a. A comparison of accomplishments to the outputs/outcomes established in the assistance agreement work plan for the reporting period;

   b. Explanations on why established outputs/outcomes were not met; and

   c. Additional information, analysis, and explanation of cost overruns or high-than-expected-unit costs.

5. Waiver of Reports

The following reports are waived:

   a. Utilization of Disadvantaged Business Enterprises General Terms and Conditions, EPA Form 5700-52A.

   b. Tangible Personal Property Report, SF-428, General Terms and Conditions.

6. Record Retention

Access to Records, 2 CFR 200.337, is still in full force and effect. The termination of this award does not affect the right of EPA to disallow costs and recover funds on the basis of a later audit or other reviews. Information regarding record retention, property disposition in accordance with EPA regulations, and other frequently asked

questions can be accessed at https://www.epa.gov/grants/frequent-questions-about-closeouts.

## Programmatic Conditions

All Programmatic Terms and Conditions remain unchanged, and in full force and effect.