SUSTAINABILITY INSTITUTE, ET AL v. TRUMP

2:25-CV-02152-RMG

# EXHIBIT 6

# Madison, Wisconsin

# Supplemental Declaration

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

THE SUSTAINABILITY INSTITUTE, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF THE UNITED STATES, et
al.,

Defendants.

---

## DECLARATION OF JESSICA PRICE (CITY OF MADISON, WISCONSIN)

I, Jessica Price, declare as follows:

1.      My name is Jessica Price. This declaration is based on my knowledge, professional education, and experience. I am over the age of eighteen and suffer from no legal incapacity. I submit this declaration in support of the City of Madison ("Madison").

2.      Madison is a municipal corporation existing by virtue of the laws of the State of Wisconsin.

3.      I am the Sustainability and Resilience Manager for Madison. I have a doctorate in Environment and Resources and a Master of Science in Conservation Biology and Sustainable Development.

4.      Madison is a recipient of a grant award under the U.S. Environmental Protection Agency's ("EPA") Community Change Grants Program in the amount of $20,232,335. The

1

Grant Agreement specifies that the project and budget period extend only until November 30, 2027.

5.      This grant should have enabled Madison to carry out its goals of improving access to affordable, healthy, and energy-efficient homes while also providing green workforce training and jobs that provide good wages. The project was intended to provide whole-home upgrades to 825 units of housing in low-income census tracts, thereby saving residents money on energy bills, improving indoor air quality, and cutting climate pollution. Whole-home upgrades include efficient lighting; improved HVAC systems; better insulation and air sealing; low-carbon technologies like air source heat pumps, electric water heaters, and electric stoves; and remediation of indoor air pollution including radon and mold.

6.      In reliance on the award, Madison entered into several subaward agreements with subawardees in the community to conduct the work promised.

7.      Since February 2025, EPA has paused, suspended or frozen Madison's grant award funds at least two times.   Funds were restored during this lawsuit between April 21 and April 28 of 2025.

8.      Our subaward partners restarted their work when funds were restored. They recruited participant homeowners, conducted energy assessments, and conducted home upgrades with the available funds.  Between January and July of 2025, before the purported termination described below, Madison completed energy assessments of 22 multifamily buildings with 83 units and upgrades of 27 single family homes.  We also began home improvement projects for several new families.

9.      The grant funds continued to be available until EPA emailed us a letter and amendment purporting to terminate the grant on July 25, 2025. The letter stated that the "EPA

2

Assistance Agreement is terminated effective immediately on the grounds that the remaining portion of the Federal award will not accomplish the EPA funding priorities for achieving program goals." Exhibit 1 to this Declaration is a true and correct copy of the EPA's purported termination letter.

10.    Because this work is deeply important to the City of Madison and its residents, Madison contested Defendant's alleged termination. Defendant EPA denied Madison's request on September 26, 2025.

11.    EPA's actions to attempt to terminate our Community Change Grant has completely cut off our home upgrade projects as originally contemplated.  When we received EPA's purported termination letter, in-progress work by subaward partners included contracting and implementation of efficiency upgrade in seven multifamily buildings with 66 units and 30 single family homes.   Subaward partners contacted each of those families and building owners and informed them that the funding had been cut for their projects.

12.    As noted above, construction for home upgrades was underway, and some homes were under construction when the stop work order in July arrived (Exhibit 1).  For example, people's windows had been removed and thus the houses were open to the elements the moment we received the EPA's termination. Furthermore, we had issued an RFP to identify additional community partners in July of 2025 to provide education and outreach programming with these grant funds.  We were forced to pull the RFP because of this cancellation. We also had to cancel several planned outreach programs.

12.    Madison wishes to complete its grant projects and would move forward with its intended work if EPA were to restore its award.

3

13.    If this Court orders EPA to reinstate the Environmental and Climate Justice Block Grant Program and EPA decides to reopen the application process for grants rather than restoring prior awards, Madison will apply for another grant under that program.

14.    If this Court reinstates the Environmental and Climate Justice Block Grant Program, Madison would have the opportunity to provide much-needed training, housing improvements, and carbon emission reductions in our community.  These housing improvements save energy, address health and safety outcomes, and increase affordability for families across our city.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, the foregoing is true and correct. Executed this 3rd day of March, 2026 in Madison, Wisconsin.

JESSICA PRICE
Sustainability and Resilience Manager
City of Madison, Wisconsin

4

# Exhibit 1



**REGION 5**

CHICAGO, IL 60604

July 25, 2025

**MEMORANDUM**

**SUBJECT:**   Termination of EPA Assistance Agreement 5F00E05005-1 under 2 CFR 200.340

**FROM:**   EPA Award Official

**TO:**   Jessica Price, Sustainability and Resilience Manager
City of Madison

The purpose of this communication is to notify you that the U.S. Environmental Protection Agency (EPA) is hereby terminating Assistance Agreement No. 5F00E05005-1 awarded to City of Madison. In accordance with 2 CFR 200.340(a)(2) (effective August 13, 2020 – September 30, 2024) and the Termination term and condition contained in the EPA General Terms and Conditions effective August 13, 2020 – September 30, 2024, EPA Assistance Agreement 5F 00E05005 is terminated in its entirety effective immediately on the grounds that the award no longer effectuates the program goals or agency priorities. The objectives of the award are no longer consistent with EPA funding priorities.

It is a priority of the EPA to eliminate discrimination in all programs throughout the United States. The EPA Administrator has determined that, per the Agency's obligations to the constitutional and statutory law of the United States, this priority includes ensuring that the Agency's grants do not support programs or organizations that promote or take part in diversity, equity, and inclusion ("DEI") initiatives, "environmental justice" initiatives, and conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions. In addition to complying with the civil rights laws, it is vital that the Agency assess whether all grant payments are free from fraud, abuse, waste, and duplication, as well as to assess whether current grants are in the best interests of the United States.

The grant specified above provides funding for programs that promote or take part in DEI initiatives or environmental justice initiatives or other initiatives that conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions; that are not free from fraud, abuse, waste, or duplication; or that otherwise fail to serve the best interests of the United States. The grant is therefore inconsistent with, and no longer effectuates, Agency priorities.

The process for closeout is generally outlined in 2 CFR 200.344. EPA is clarifying what reports are required and what reports are waived below. Other requirements are still in effect if applicable to your grant.

EPA is requiring the following closeout reports due within 120 days of closeout (2 CFR 200.344a:)

- Final Federal Financial Report, SF-425
- Final Technical Report
- Other programmatic reports identified in your terms and conditions

As part of this termination, EPA is waiving the following closeout reports:
- Property Report, SF-428
- Final Minority Business Enterprise/Woman Business Enterprise Utilization Under Federal Grants and Cooperative Agreements, EPA Form 5700-52A

The recipient may request payment from the Automated Standard Application Payments (ASAP) system for allowable costs incurred up to the date of this memo provided that such costs were contained in the approved workplan. Costs incurred by you after this termination are allowable only if (a) those costs were properly incurred by you before the effective date of this termination, and not in anticipation of it; and (b) those costs would be allowable if your federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect. *See* 2 C.F.R. § 200.343. You are encouraged to carefully review and discharge your closeout responsibilities set forth in 2 C.F.R. § 200.344-45 and your award agreement. Those responsibilities include, but are not limited to, your obligation to "promptly refund any unobligated funds" that have been paid out but "are not authorized to be retained." *See* 2 C.F.R. § 200.344(g).

Also, per 2 CFR 200.472, a recipient may use grant funds to properly closeout their grant including reasonable and necessary costs that might occur after the date of this memo. If the recipient drew down funds from ASAP for costs beyond the termination date or for costs that exceed the amount necessary to properly closeout their grant, the recipient must contact RTPFC at rtpfc-grants@epa.gov for instructions on how to return the excess funds.

The EPA Grants Management Office has issued an amendment to the agreement to document the termination.

If you wish to dispute this termination decision, the Disputes Decision Official (DDO), Anne Vogel  at R5GrantTerminationDisputes@epa.gov, must receive the Dispute no later than 30 calendar days from the date this termination notice is electronically sent to you. Disputes must be sent electronically by email to the DDO, with a copy to the EPA Award Official, Fields.Robert@epa.gov within the 30-day period stated above. The Dispute submitted to the DDO must include: (1) A copy of the disputed Agency Decision; (2) A detailed statement of the specific legal and factual grounds for the Dispute, including copies of any supporting documents; (3) The specific remedy or relief you seek under the Dispute; and (4) The name and contact information, including email address, of your designated point of contact for the Dispute. *See* 2 CFR 1500.15

The requirements on post-closeout adjustments and continuing responsibilities, including audit and record retention requirements, at 2 CFR 200.345 remain in effect.


ATTACHMENT
Amendment Document

cc:  Michael Tukes, EPA Leads Grants Management Specialist
Katharine Marko, Project Officer
Nicole Stevens, Executive Assistant to the Mayor

5F - 00E05005 - 1     Page 1

| | U.S. ENVIRONMENTAL PROTECTION AGENCY  Assistance Amendment | GRANT NUMBER (FAIN): 00E05005  MODIFICATION NUMBER: 1  PROGRAM CODE: 5F | DATE OF AWARD 07/25/2025 |
|---|---|---|---|
| | | TYPE OF ACTION  No Cost Amendment | MAILING DATE 07/25/2025 |
| | | PAYMENT METHOD:  ASAP | ACH# 50926 |

| RECIPIENT TYPE:  Municipal | Send Payment Request to:  Contact EPA RTPFC at: rtpfc-grants@epa.gov |
|---|---|
| **RECIPIENT:** | **PAYEE:** |
| CITY OF MADISON  210 MARTIN LUTHER KING JR BLVD  ROOM 406  MADISON, WI 53703-3340  EIN: 39-6005507 | CITY OF MADISON  210 MARTIN LUTHER KING JR BLVD  ROOM 406  MADISON, WI 53703-3340 |

| PROJECT MANAGER | EPA PROJECT OFFICER | EPA GRANT SPECIALIST |
|---|---|---|
| Jessica Price  210 Martin Luther King Jr. Blvd  Room 406  MADISON, WI 53703-3340  **Email:** jprice2@cityofmadison.com  **Phone:** 608-266-4611 | Katharine Marko  77 West Jackson Blvd. , EC-19J  Chicago, IL 60604  **Email:** Marko.Katharine@epa.gov  **Phone:** 312-886-1473 | Michael Tukes  Assistance Section, MA-10J  77 W Jackson Blvd.  Chicago, IL 60604-3507  **Email:** tukes.michael@epa.gov  **Phone:** 312-886-5368 |

**PROJECT TITLE AND EXPLANATION OF CHANGES**

Climate Resilience Starts at Home: Growing Energy Efficiency, Indoor Air Quality, and Green Jobs in Madison and Fitchburg, Wisconsin

This amendment is to stop work; terminate the agreement; reduce performance period duration; curtail scope of work; and waive certain reporting requirements. Administrative terms and conditions are added.

Per 2 CFR 200.340 and the Termination General Terms and Conditions of this agreement, EPA is terminating this award. Your organization shall immediately stop work and take all reasonable steps to minimize the incurrence of costs otherwise allocable to the assistance agreement. See terms and conditions.

| BUDGET PERIOD 12/01/2024 - 07/25/2025 | PROJECT PERIOD 12/01/2024 - 07/25/2025 | TOTAL BUDGET PERIOD COST $ 20,232,335.00 | TOTAL PROJECT PERIOD COST $ 20,232,335.00 |
|---|---|---|---|

## NOTICE OF AWARD

Based on your Application dated 07/25/2025 including all modifications and amendments, the United States acting by and through the US Environmental Protection Agency (EPA) hereby awards $ 0.00. EPA agrees to cost-share <u>100.00%</u> of all approved budget period costs incurred, up to and not exceeding total federal funding of $ 20,232,335.00. Recipient's signature is not required on this agreement. The recipient demonstrates its commitment to carry out this award by either: 1) drawing down funds within 21 days after the EPA award or amendment mailing date; or 2) not filing a notice of disagreement with the award terms and conditions within 21 days after the EPA award or amendment mailing date. If the recipient disagrees with the terms and conditions specified in this award, the authorized representative of the recipient must furnish a notice of disagreement to the EPA Award Official within 21 days after the EPA award or amendment mailing date. In case of disagreement, and until the disagreement is resolved, the recipient should not draw down on the funds provided by this award/amendment, and any costs incurred by the recipient are at its own risk. This agreement is subject to applicable EPA regulatory and statutory provisions, all terms and conditions of this agreement and any attachments.

| ISSUING OFFICE (GRANTS MANAGEMENT OFFICE) | AWARD APPROVAL OFFICE |
|---|---|
| **ORGANIZATION / ADDRESS** | **ORGANIZATION / ADDRESS** |
| U.S. EPA, Region 5, U.S. EPA Region 5  Mail Code MCG10J 77 West Jackson Blvd.  Chicago, IL 60604-3507 | U.S. EPA, Region 5, Environmental Justice, Community Health, and Environmental Review Division  R5 - Region 5  77 W Jackson Blvd.,  EC-19J  Chicago, IL 60604-3507 |

| THE UNITED STATES OF AMERICA BY THE U.S. ENVIRONMENTAL PROTECTION AGENCY | |
|---|---|
| **Digital signature applied by EPA Award Official** Robert Fields - Section Supervisor, Grants Management Officer | **DATE** 07/25/2025 |

5F - 00E05005 - 1     Page 2

# EPA Funding Information

| FUNDS | FORMER AWARD | THIS ACTION | AMENDED TOTAL |
|---|---|---|---|
| EPA Amount This Action | $ 20,232,335 | $ 0 | $ 20,232,335 |
| EPA In-Kind Amount | $ 0 | $ 0 | $ 0 |
| Unexpended Prior Year Balance | $ 0 | $ 0 | $ 0 |
| Other Federal Funds | $ 0 | $ 0 | $ 0 |
| Recipient Contribution | $ 0 | $ 0 | $ 0 |
| State Contribution | $ 0 | $ 0 | $ 0 |
| Local Contribution | $ 0 | $ 0 | $ 0 |
| Other Contribution | $ 0 | $ 0 | $ 0 |
| Allowable Project Cost | $ 20,232,335 | $ 0 | $ 20,232,335 |

| Assistance Program | Statutory Authority | Regulatory Authority |
|---|---|---|
| 66.616 - Environmental and Climate Justice Block Grant Program | Clean Air Act: Sec. 138 | 2 CFR 200, 2 CFR 1500 and 40 CFR 33 |

5F - 00E05005 - 1    Page 3

Budget Summary Page

| Table A - Object Class Category<br>(Non-Construction) | Total Approved Allowable<br>Budget Period Cost |
|---|---|
| 1. Personnel | $ 196,828 |
| 2. Fringe Benefits | $ 41,572 |
| 3. Travel | $ 0 |
| 4. Equipment | $ 0 |
| 5. Supplies | $ 0 |
| 6. Contractual | $ 0 |
| 7. Construction | $ 0 |
| 8. Other | $ 19,993,935 |
| 9. Total Direct Charges | $ 20,232,335 |
| 10. Indirect Costs: 0.00 % Base N/A | $ 0 |
| 11. Total (Share: Recipient ___0.00 % Federal __100.00 %) | $ 20,232,335 |
| 12. Total Approved Assistance Amount | $ 20,232,335 |
| 13. Program Income | $ 0 |
| 14. Total EPA Amount Awarded This Action | $ 0 |
| 15. Total EPA Amount Awarded To Date | $ 20,232,335 |

# Administrative Conditions

**Administrative terms and conditions have been added as follows:**

## UNILATERAL TERMINATION

1. The Agency is asserting its right under 2 CFR 200.340 and the Termination General Term and Condition of this agreement to unilaterally terminate this award. This amendment serves as required notice under 2 CFR 200.341.

2. Consistent with 2 CFR 200.343 Effect of suspension and termination, costs to the recipient or subrecipient resulting from financial obligations incurred by the recipient or subrecipient after the termination of a Federal award are not allowable. Costs after termination are allowable if:

   a. The costs result from financial obligations which were properly incurred by the recipient or subrecipient before the effective date of suspension or termination, and not in anticipation of it; and

   b. The costs would be allowable if the Federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect.

   c. The costs are reasonable and necessary termination costs consistent with 2 CFR 200.472.

3. Federal Financial Reporting (FFR) General Terms and Conditions is still in full force and effect. EPA recipients must submit the SF-425 no later than 120 calendar days after the end date of the period of performance of the award.

4. Programmatic Terms and Conditions. Performance reporting is still in full force and effect.  The recipient must submit the final report no later than 120 calendar days after the period of performance.

In accordance with 2 CFR 200.329, the recipient agrees to submit performance reports that include information on each of the following areas:

   a. A comparison of accomplishments to the outputs/outcomes established in the assistance agreement work plan for the reporting period;

   b. Explanations on why established outputs/outcomes were not met; and

   c. Additional information, analysis, and explanation of cost overruns or high-than-expected-unit costs.

5. Waiver of Reports

The following reports are waived:

   a. Utilization of Disadvantaged Business Enterprises General Terms and Conditions, EPA Form 5700-52A.

   b. Tangible Personal Property Report, SF-428, General Terms and Conditions.

6. Record Retention

Access to Records, 2 CFR 200.337, is still in full force and effect. The termination of this award does not affect the right of EPA to disallow costs and recover funds on the basis of a later audit or other reviews. Information regarding record retention, property disposition in accordance with EPA regulations, and other frequently asked questions can be accessed at https://www.epa.gov/grants/frequent-questions-about-closeouts.

5F - 00E05005 - 1     Page 6

# Programmatic Conditions

.