SUSTAINABILITY INSTITUTE, ET AL v. TRUMP

2:25-CV-02152-RMG

# EXHIBIT 8

# Leadership Counsel for Justice and Accountability Supplemental Declaration

**SUPPLEMENTAL DECLARATION OF KAYLON HAMMOND, LEADERSHIP**

**COUNSEL FOR JUSTICE AND ACCOUNTABILITY**

1.    I, Kaylon Hammond, Chief Operating Officer at Leadership Counsel For Justice and Accountability ("Leadership Counsel"), submit this declaration to notify the Court of developments that have occurred since I submitted my original declaration (Dkt. No. 24-10).

2.    Leadership Counsel is a recipient of the Environmental Protection Agency's ("EPA") Community Change Grant through the Environmental and Climate Justice Block Grant Program. On December 6, 2024, Leadership Counsel was awarded $3,058,750.00 to fund community driven projects in disadvantaged communities that prioritize reducing pollution, increasing community climate resilience, and building community capacity. The grant agreement specified a three-year project period ending on December 31, 2027.

3.    Our Community Change Grant was initially frozen in February, 2025 and then suspended on March 14, 2025. The grant was restored after this Court's May 20, 2025 order.

4.    While the funds became accessible again, Leadership Counsel staff and subawardees were hard at work implementing our project. We organized and held several community meetings and workshops during this time. We conducted community outreach to invite the community to each event by sending out text blasts, phone banking, and doing door-to-door canvassing. To carry out this work, we make several withdrawals totaling $28,381.50.

5.    The grant funds continued to be available until EPA emailed us a letter and amendment purporting to terminate the grant on July 24, 2025.The letter stated that the "EPA Assistance Agreement is terminated effective immediately on the grounds that the remaining portion of the Federal award will not accomplish the EPA funding priorities for achieving program goals." Exhibit 1.

6.      We submitted several appeals contesting this decision. We submitted a timely dispute on August 22, 2025, in accordance with 2 C.F.R. § 200.342. EPA responded on September 2, 2025 in a letter stating that our dispute was dismissed. On September 29, 2025, we responded to EPA's decision dismissing our dispute and petitioned for reconsideration of EPA's decision. On November 12, 2025, we received an email from the EPA with a letter dated October 30, 2025 stating that our request for reconsideration was denied. We have not closed out our grant.

7.      EPA's actions to attempt to terminate our Community Change Grant has prevented us from implementing a coordinated strategy to address regional environmental justice issues with organizations that were subawardees in our workplan. Several of these organizations had plans to recruit and hire new staff with funding from the grant to implement the project. This has not happened because of the termination of the grant.

8.      Leadership Counsel continues to seek completion of its grant projects and would move forward with its intended work if EPA were to restore its award.

9.      If this Court orders EPA to reinstate the Environmental and Climate Justice Block Grant Program and EPA decides to reopen the application process for grants rather than restoring prior awards, Leadership Counsel will apply for another grant under that program.

10.     A court order that reinstates the Environmental and Climate Justice Block Grant Program would redress the injury to Leadership Counsel and its interests.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, the foregoing is true and correct.


Executed this __2__ day of __March__ 2026.

Kaylon Hammond
Kaylon Hammond

SUSTAINABILITY INSTITUTE, ET AL v. TRUMP

2:25-CV-02152-RMG

# EXHIBIT 1

# Leadership Counsel for Justice and Accountability July 24, 2025 Termination Memorandum



## OFFICE OF MISSION SUPPORT

WASHINGTON, D.C. 20460

July 24, 2025

**MEMORANDUM**

**SUBJECT:**    Termination of EPA Assistance Agreement 5F-97T28301-2 under 2 CFR 200.340

**FROM:**    EPA Award Official

**TO:**    Kaylon Hammon, Director of Operations
Leadership Counsel for Justice and Accountability

The purpose of this communication is to notify you that the U.S. Environmental Protection Agency (EPA) is hereby terminating Assistance Agreement No. 5F-97T28301-2 awarded to Leadership Counsel for Justice and Accountability. This EPA Assistance Agreement is terminated effective immediately on the grounds that the remaining portion of the Federal award will not accomplish the EPA funding priorities for achieving program goals. The objectives of the award are no longer consistent with EPA funding priorities.

The EPA Administrator has determined that, per the Agency's obligations to the constitutional and statutory law of the United States, this priority includes ensuring that the Agency's grants do not conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions. In addition to complying with the law, it is vital that the Agency assess whether all grant payments are free from fraud, abuse, waste, and duplication, as well as to assess whether current grants are in the best interests of the United States.

The process for closeout is generally outlined in 2 CFR 200.344. EPA is clarifying what reports are required and what reports are waived below. Other requirements are still in effect if applicable to your grant.

EPA is requiring the following closeout reports due within 120 days of closeout (2 CFR 200.344a:)
- Final Federal Financial Report, SF-425
- Final Technical Report
- Other programmatic reports identified in your terms and conditions

As part of this termination, EPA is waiving the following closeout reports:
- Property Report, SF-428
- Final Minority Business Enterprise/Woman Business Enterprise Utilization Under Federal Grants and Cooperative Agreements, EPA Form 5700-52A

The recipient may request payment from the Automated Standard Application Payments (ASAP) system for allowable costs incurred up to the date of this memo provided that such costs were contained in the approved workplan. Costs incurred by you after this termination are allowable only if (a) those costs were properly incurred by you before the effective date of this termination, and not in anticipation of it; and (b) those costs would be allowable if your federal award was not suspended or expired normally at the end of the period of

performance in which the termination takes effect. *See* 2 C.F.R. § 200.343. You are encouraged to carefully review and discharge your closeout responsibilities set forth in 2 C.F.R. § 200.344-45 and your award agreement. Those responsibilities include, but are not limited to, your obligation to "promptly refund any unobligated funds" that have been paid out but "are not authorized to be retained." *See* 2 C.F.R. § 200.344(g).

Also, per 2 CFR 200.472, a recipient may use grant funds to properly closeout their grant including reasonable and necessary costs that might occur after the date of this memo. If the recipient drew down funds from ASAP for costs beyond the termination date or for costs that exceed the amount necessary to properly closeout their grant, the recipient must contact RTPFC at rtpfc-grants@epa.gov for instructions on how to return the excess funds.

The EPA Grants Management Office has issued an amendment to the agreement to document the termination. If you wish to dispute this termination decision, the Disputes Decision Official (DDO), Josh F.W. Cook, must receive the Dispute no later than 30 calendar days from the date this termination notice is electronically sent to you. Disputes must be sent electronically by email to the DDO at grantsregion9@epa.gov , with a copy to the EPA Award Official, shifferaw.rede@epa.gov within the 30-day period stated above. The Dispute submitted to the DDO must include: (1) A copy of the disputed Agency Decision; (2) A detailed statement of the specific legal and factual grounds for the Dispute, including copies of any supporting documents; (3) The specific remedy or relief you seek under the Dispute; and (4) The name and contact information, including email address, of your designated point of contact for the Dispute. *See* 2 CFR 1500.15

The requirements on post-closeout adjustments and continuing responsibilities, including audit and record retention requirements, at 2 CFR 200.345 remain in effect.


ATTACHMENT
Amendment Document

cc:  Caitlin Hui (EPA Grant Specialist)
     Erik Martinez (EPA Project Officer)
     Olivia Faz, Leadership Counsel for Justice and Accountability (Office Manager and Legal Secretary)