SUSTAINABILITY INSTITUTE, ET AL v. TRUMP

2:25-CV-02152-RMG

# EXHIBIT 10

# Nashville, Tennessee

# Supplemental Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

THE SUSTAINABILITY INSTITUTE, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF THE UNITED STATES, et
al.,

Defendants.

## SUPPLEMENTAL DECLARATION OF CASEY HOPKINS
## (METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY)

1.      I, Casey Hopkins, Policy Manager in the Nashville Department of Transportation & Multimodal Infrastructure of Nashville ("NDOT"), submit this declaration to notify the Court of developments that have occurred since I submitted my original declaration (Dkt. No. 24-18) in support of Plaintiffs' Motion for Preliminary Injunction.

2.      In August 2024, U.S. Department of Transportation ("DOT") awarded Nashville approximately $4.7 million for our project to upgrade, improve, and expand our public electric vehicle charging infrastructure under the Charging and Fueling Infrastructure ("CFI") Grant program. Upon receiving notice of the CFI award, Nashville immediately began the process to complete a grant agreement with the Federal Highway Administration ("FHWA") so that it could get started on the work for the EV charging stations. By the end of 2024, the FHWA field office

{N0748487.1}                                                    1

had approved the final draft of the grant agreement. I believe the final draft was sent to headquarters by early January.

3. Since that time, we have had no substantive communication from FHWA regarding the CFI grant. I have inquired about the status of the grant multiple times, both in person and via email, and have always been told that it remains under review at FHWA headquarters. It has now been over a year since FHWA received the final grant agreement for review. In my experience, it is extremely atypical for such a review to take this long.

4. DOT's action in refusing to move forward with finalizing the grant has hindered Nashville's ability to implement its planned project. Specifically, Nashville has not been able to replace charging stations as necessary or expand the number of charging stations available for Nashville residents. This project is intended to provide increased access to electrical vehicle charging stations and increase jobs for residents in Nashville and the surrounding region through installation and maintenance of the EV charging stations.

5. Nashville continues to seek completion of its grant project and would move forward with its intended work if DOT were to finalize its award.

6. If this Court orders DOT to operate the CFI program and DOT decided to reopen the application process for grants rather than finalizing existing awards, Nashville will apply for another grant under the CFI program.

7. If DOT does not operate the CFI program, it is likely that the project will need to be re-evaluated and may not go forward.

*(signature on following page)*

{N0748487.1}                                         2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, the foregoing is true and correct. Executed March 2, 2026, in Nashville, Tennessee.

CASEY HOPKINS
Policy Manager
Nashville Department of Transportation &
Multimodal Infrastructure of Nashville

{N0748487.1}                                                3