**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

THE SUSTAINABILITY INSTITUTE, et al.,

              Plaintiffs,

              v.

DONALD J. TRUMP, in his official capacity
as President of the United States, et al.,

              Defendants.

Case No. 2:25-cv-02152-RMG

**MOTION TO ENFORCE JUDGMENT AND TO CLARIFY RELIEF ON PLAINTIFFS'
CLAIMS PURSUANT TO 5 U.S.C. § 706(1)**

In its Order and Opinion dated June 11, 2026, this Court held that Defendant EPA's

"refusal to administer" the Environmental and Climate Justice Block Grant Program ("ECJ

Program") is "contrary to Congress' will" and "illegal," and "vacate[d]" the agency guidance

terminating the Program. Dkt. 217 at 10–11. This Order requires EPA to implement the ECJ

Program as Congress mandated, which necessarily includes distributing appropriated funding by

the statutory deadline of September 30, 2026. EPA nonetheless has informed Plaintiffs that it will

not do anything to comply with its ongoing statutory obligations nor this Court's Order. Plaintiffs

therefore seek further direction from this Court to enforce its judgment and, if necessary, to

additionally order the relief Plaintiffs sought pursuant to 5 U.S.C. § 706(1) to compel agency

action unlawfully withheld before the ECJ Program's statutory deadline of September 30, 2026.

Plaintiffs have conferred with Defendants and they oppose this motion.

1

**Background**

In its recent Order and Opinion, this Court made clear that EPA's final agency action resulted in the illegal termination of the ECJ Program and that vacating the action would require reinstatement of the Program as Congress mandated. First, in determining that Plaintiffs had properly challenged a final agency action, the Court determined that EPA's action "resulted in Plaintiffs' inability to participate in the statutorily mandated ECJ Program." Dkt. 217 at 9. Citing *In re Aiken County,* the Court also stressed that "the President does not have unilateral authority to refuse to spend . . . funds" appropriated by Congress. *Id.* (quoting *In re Aiken Cnty.*, 725 F.3d 255, 261 n.1 (D.C. Cir. 2013)).

The Court then held that pursuant to statute, "ECJ funds must be made available through September 30, 2026," *id.* at 9, and that "Defendants' guidance closing and premature shuttering of the ECJ Program and refusal to administer it are illegal," *id.* at 10. The Court twice quoted and relied on Plaintiffs' own brief averring that "[v]acatur alone [of EPA's decision to terminate the ECJ Program] should be sufficient to implement the ECJ Program." *Id.* at 4, 11.

Subsequent to this Court's Order, Plaintiffs' counsel conferred with counsel for EPA to discuss next steps in this case and to determine what actions EPA planned to take to comply with its statutory obligation to administer the ECJ Program. In a telephone call on June 18, 2025, EPA's counsel relayed that EPA has no plans to take any action whatsoever to implement the ECJ Program. On June 24, 2026, EPA's counsel confirmed this position in an e-mail stating that EPA "does not believe that any specific agency action is required to comply with the Court's vacatur." EPA indicated that it will not "make new grants" and will continue "the termination process for previously awarded grants." Ex. 1 (Email from J. Stroud sent Wednesday, June 24, 2026 at 2:54

2

PM). In other words, not only does EPA plan to continue defying its statutory mandate, but it also plans to take prospective steps based on an illegal and now-vacated policy decision.

**Argument**

### A) The Court's Vacatur has Legal Consequences

Vacatur of a final agency action is not just a formality but rather is a remedy that entails meaningful consequences. *See, e.g.*, *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) (effect of vacatur is to "automatically resurrect[]" the prior standard); *Drs. for Am. v. Off. of Pers. Mgmt.*, 793 F. Supp. 3d 112, 148 (D.D.C. 2025) (vacatur of a Memo and Guidance required HHS to restore webpages and datasets that they had removed and modified in reliance on the guidance); *Am. Great Lakes Ports Ass'n v. Zukunft*, 301 F. Supp. 3d 99, 103–04 (D.D.C. 2018) (when a court vacates agency action, "the offending rule is rendered void and of no effect and there is a reinstatement of the rules previously in force" (citation, quotations, and alterations omitted)); *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 985 F.3d 1032, 1054 (D.C. Cir. 2021) (discussing *Nat'l Parks Conservation Ass'n v. Semonite*, 925 F.3d 500 (D.C. Cir. 2019)); *Env't Def. v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004) ("[w]hen a court vacates an agency's rules, the vacatur restores the status quo before the invalid rule took effect and the agency must 'initiate another rulemaking proceeding if it would seek to confront the problem anew.'" (quoting *Indep. U.S. Tanker Owners Comm. v. Dole*, 809 F.2d 847, 854 (D.C. Cir. 1987))).

As one court in this Circuit has explained, "[v]acatur of agency action is commonly understood to mean restoration of the status quo. The Fourth Circuit 'has defined the status quo as the 'last uncontested status between the parties which preceded the controversy.'" *Child Trends, Inc. v. United States Dep't of Educ.*, 795 F. Supp. 3d 700, 731 (D. Md. 2025) (quoting

3

*Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013)). As this Court already noted, vacatur of EPA's decision to terminate the grant program here is sufficient to require EPA to implement the ECJ Program in accordance with its statutory mandate. Dkt. 217 at 11. Specifically, EPA has a statutory obligation to implement the ECJ Program under Section 138 of the Clean Air Act, which commands that "the Administrator *shall* use amounts made available . . . to award grants . . . to eligible entities to carry out [specified activities] that benefit disadvantaged communities." 42 U.S.C. § 7438(b)(1) (emphasis added); *id.* § 7438(a)(1) (grantmaking funds have September 30, 2026 deadline).

EPA must comply with its statutory obligation to implement the ECJ Program. In *Child Trends*, for example, the district court agreed with the plaintiffs that "the proper remedy" was "restoration of the 'status quo' as encompassing the restoration of the [grant programs] in general, rather than restoring any specific grants," noting "Plaintiffs' proposed order reflecting that Defendants are required to 'obligate all funds that Congress made available under [the relevant statutes] before the appropriations to support each program expire' but not seeking the restoration of any particular grant." 795 F. Supp. 3d at 731. The consequence should be the same here. Instead, EPA has made clear it will resist this Court's Order by refusing to implement the ECJ Program or take any action to comply with the Court's Order. Accordingly, further action or clarification from this Court is required to prevent EPA from treating the Court's June 11 Order as a nullity.

Plaintiffs understand the Court's Order will assist them should they wish to seek damages in the Court of Federal Claims, but money damages are beside the point, not to mention of an uncertain amount and certainly years away. Plaintiffs are suffering ongoing injury from EPA's unlawful termination of the ECJ Program—the deprivation of any chance to participate in the

ECJ Program and deliver for their communities, *see* Dkt. 217 at 9–10—and those injuries must be redressed now. The interests of justice require that EPA not be allowed to immunize its illegal termination of the Program by running out the clock on its statutory obligations.

Likewise, Plaintiffs acknowledge that this Court did not issue the injunction they requested for practical reasons. *Id.* at 11. But the Court's order alone "should be sufficient to implement the ECJ program." *Id.* (quoting and relying on Plaintiffs' assertion). The Court explicitly declared that EPA's "premature shuttering of the ECJ Program and refusal to administer it are illegal" and vacated the guidance terminating the Program. *Id.* at 10. The lack of an injunction does not leave EPA free to disregard the Court's declarations and vacatur.

Plaintiffs respectfully request that the Court clarify that the absence of injunctive relief does not absolve EPA of its obligations pursuant to the vacatur of its termination guidance and the clear statutory mandate that remains in place. And while this Court expressed that it would not order EPA to re-hire staff to implement the ECJ Program, the absence of such an order should not be an impediment. EPA itself can best determine how to come into compliance with the mandate. All that the statute requires is for funds to be obligated to eligible grantees by September 30, 2026.

Plaintiffs respectfully request that the Court enforce its judgment and clarify that EPA must comply with its statutory obligations as a result of the Court's vacatur of its program termination guidance.  This includes operating the ECJ Program, as well as ceasing to take future actions based on the now-vacated agency guidance.

**B)  Plaintiffs are Entitled to Relief Pursuant to 5 U.S.C § 706(1)**

Plaintiffs also continue to seek formal relief pursuant to 5 U.S.C § 706(1). Plaintiffs requested this relief in their amended complaint, Dkt. 190-1 at 104, 107–08, and recent motion

for partial summary judgment, Dkt. 204 at 25–26, 36–37, 41, but the Court did not independently address the request in light of its holding on the Section 706(2) claim.

Specifically, Plaintiffs requested that this Court grant summary judgment on their claim under § 706(1) that EPA's ongoing failure to implement the ECJ Program constitutes "agency action unlawfully withheld," which the Court must "compel." 5 U.S.C. § 706(1); Dkt. 204 at 18-19. Plaintiffs cited *Norton v. Southern Utah Wilderness Alliance* for the proposition that "when an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be." 542 U.S. 55, 65 (2004); Dkt. 204 at 18.

Plaintiffs further noted that when a party has successfully demonstrated an unlawfully withheld agency action under § 706(1), the Fourth Circuit instructs that "the court *must* enter an appropriate order and secure the agency's compliance with the law… regardless of equitable or policy considerations." Dkt. 204 at 36, *quoting South Carolina v. United States*, 907 F.3d 742, 756 (4th Cir. 2018) (emphasis added). *See also Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999) (holding that when "Congress sets a specific deadline for agency action, neither the agency nor any court has discretion. The agency must act by the deadline. If it withholds such timely action, a reviewing court must compel the action unlawfully withheld.")

The Court has already made clear that EPA is legally required to take discrete actions within a certain time—namely, obligating the appropriated grant funds by the statutory deadline. Dkt. 217 at 10. And EPA has now made clear that it will not take such actions in response to the Court's June 11 Order. *See* discussion *supra* at 2-3. As such, Plaintiffs respectfully request this Court formally grant Plaintiffs' claim for summary judgment pursuant to 5 U.S.C. § 706(1) and

6

enter an order compelling EPA to implement the ECJ Program by obligating the funding to

eligible grantees by September 30, 2026.

Respectfully submitted, this 29th day of June, 2026.


/s/ Carl T. Brzorad
Carl T. Brzorad (S.C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW
CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N.C. Bar No. 41333)
Irena Como (N.C. Bar No. 51812)
Nicholas S. Torrey (N.C. Bar No. 43382)
Ben Grillot (D.C. Bar. No. 982114)
Spencer Gall (V.A. Bar No. 95376)
SOUTHERN ENVIRONMENTAL LAW
CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org
bgrillot@selc.org
sgall@selc.org

*Counsel for Plaintiffs The Sustainability
Institute, Bronx River Alliance, CleanAIRE
NC, Earth Island Institute, and Leadership
Counsel for Justice and Accountability*

/s/ Graham Provost
Graham Provost (DC Bar No. 1780222)
Elaine Poon (VA Bar No. 91963)
Jon Miller (MA Bar No. 663012)
Cassie Crawford (NC Bar No. 45396)

Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland;
Columbus, Ohio; Madison, Wisconsin;
Nashville, Tennessee; New Haven,
Connecticut; and San Diego, California*

/s/ Julie Rau
Julie Rau, Lead Deputy City Attorney
(CA Bar No. 317658)
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
(619) 533-5800
jrau@sandiego.gov

*Counsel for Plaintiff City of San Diego*

7

**CERTIFICATE OF SERVICE**

I certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of the

Court by using the Court's CM/ECF system.


/s/ Carl T. Brzorad
Carl T. Brzorad (S.C. Bar No. 105413)
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org