**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| THE SUSTAINABILITY INSTITUTE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 2:25-cv-02152-RMG |

**PLAINTIFFS' MOTION TO TOLL THE EXPIRATION OF ECJ PROGRAM FUNDS PENDING APPEAL**

Pursuant to 5 U.S.C. § 705 and the Court's inherent equitable powers, Plaintiffs respectfully request that the Court grant relief necessary to preserve the status quo pending appeal and secure Plaintiffs' rights to seek meaningful appellate review, all available relief, and final judgment on their ECJ Program claims. Specifically, Plaintiffs request that the Court exercise its equitable authority to prevent the September 30, 2026 lapse of ECJ Program funds pending appeal. As set forth below, this relief is necessary for Plaintiffs to ensure the opportunity for meaningful review and relief on appeal, as well as to guarantee that the Fourth Circuit's jurisdiction to review this Court's summary judgment order is preserved.

**BACKGROUND**

As the Court is well aware, Congress appropriated nearly $3 billion[1] and mandated that EPA "shall use" this funding "to award grants" for certain projects benefitting disadvantaged

[1] Of that funding, EPA reports that $479,450,776.11 was "unobligated" at the time the One Big Beautiful Bill Act was passed on July 4, 2026 and that funding was properly rescinded. (Voyles dec). Dkt. No. 232-1 at 2. EPA further reports that an additional $1.109 billion was subsequently rescinded by Defendant the Office of Management and Budget. *Id.* at 3. A further

communities. 42 U.S.C. § 7438. The funds "remain available" to make awards "until September 30, 2026." *Id.* § 7438(a)(1). After that date, EPA has five years to access funding for the incurred obligations. 31 U.S.C. § 1553(a); 1 U.S. Gov't Acct. Off., *Principles of Federal Appropriations Law*, 5-67-5-71 (3d ed. 2024), GAO-04-261SP, https://www.gao.gov/assets/gao-04-261sp.pdf.

After EPA abruptly terminated the ECJ Program because of its "policy" disagreement with Congress's statutory mandate, this Court granted partial summary judgment to Plaintiffs in June 2026, holding that EPA's refusal to administer the Program was unlawful and vacating the agency action terminating the Program. Dkt. No. 217. After EPA continued refusing to implement the ECJ Program, the Court issued a second Order in July "clarify[ing] that the EPA must comply with its statutory obligations to administer the ECJ Program through September 30, 2026" and directing that "EPA may not flout the Court's prior order based on a legal argument which it advanced and the Court rejected." Dkt. No. 227.

EPA appealed the Court's June and July Orders, Dkt. No. 231, and filed an emergency motion to stay pending appeal in this Court on July 31. Dkt. No. 232. This Court denied EPA's motion. Dkt. No. 234. On August 20, in an unexplained 2-1 Order, the Fourth Circuit stayed this Court's July Order pending appeal. *Sustainability Inst. v. Trump*, No. 26-2040 (4th Cir. Aug. 20, 2026). The Fourth Circuit did not stay this Court's June order on summary judgment. *See id.*

Because of EPA's year-plus flouting of its statutory mandate to administer the ECJ Program, the September 30, 2026 deadline to award ECJ grants will lapse during the pendency of the appeal. Once the deadline passes, EPA will likely argue that the case is moot and that the

---

$445,664,391.57 is currently being held by EPA in what it considers to be "recently deobligated" funds—although these are grants that were closed under protest. *Id.* at 3. In addition approximately 73 grants are still financially "open" in EPA's financial system, "meaning closeout has not concluded and deobligation of amounts in excess of the recipients' allowable pre-termination, termination, and closeout costs has not been completed." *Id.* at 8.

Fourth Circuit lacks jurisdiction to review this Court's summary judgment order or to provide Plaintiffs' any relief. Further, given EPA's track record in this case, there is a substantial risk that EPA will use the lapse of the appropriation to attempt to render ECJ Program funds permanently irretrievable or inaccessible should Plaintiffs ultimately succeed on appeal.

Plaintiffs have petitioned for *en banc* review of the stay, and the Fourth Circuit called for a response from Defendants, due September 4, 2026. However, in light of the procedure for consideration of rehearing petitions, as well as Defendants' representations in their recent declaration (Dkt. No. 232-1) as to how long it would take to request apportionment from OMB and obligate grant funds, Plaintiffs believe it is extremely unlikely the *en banc* Fourth Circuit could lift the stay in time for Defendants to comply with the statutory mandate prior to September 30, 2026. For that reason, and because this Court retains jurisdiction to preserve Plaintiffs' ability to obtain relief, Plaintiffs respectfully ask that this Court act promptly to toll the statutory deadline.

## LEGAL STANDARDS

Although the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), the district court retains jurisdiction to issue orders "that aid[] the appellate process," or are "collateral to the appeal." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014).

Federal courts have "inherent power . . . to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment." 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2904 (3d ed. 2026). "The powers to protect judgments" and "preserve the status quo pending appeal . . . are among the most

fundamental powers inherent in a court," constituting "an exception to the rule generally divesting a district court's jurisdiction during an appeal." *Hayward v. Clay*, 456 F. Supp. 1156, 1160 (D.S.C. 1977).

The Administrative Procedure Act codifies this inherent power, providing that: "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court . . . may issue all necessary and appropriate process to . . . preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. Relief under Section 705 "is available unless Congress has expressly disabled it." *Make the Road New York v. Mullin*, 179 F.4th 16, 30 (D.C. Cir. 2026).

## ARGUMENT

### I. The Court Should Prevent the Lapse of ECJ Program Funding Pending Appeal.

This Court should pause the statutory deadline to award ECJ grants pending appeal. As noted, Congress provided that EPA "shall use" ECJ Program funds to award grants, and that funds are "to remain available until September 30, 2026." 42 U.S.C. § 7438. These funds include those EPA still has in its account, *see* Dkt. No. 232-1 at ¶ 9, as well as those held by OMB for which EPA would request reapportionment to comply with the statutory mandate, *see id.* ¶¶ 6–8, for a total of approximately $1.56 billion. *Id.* ¶ 10.

Because EPA has flouted its statutory mandate and refused to implement the Program for over a year and a half, the deadline for awarding ECJ grants is now mere weeks away and will lapse during the pendency of the appeal. At that point, Defendants will likely argue that the case is moot and the Fourth Circuit lacks authority to review this Court's summary judgment or enforcement orders or to grant Plaintiffs any relief. While Plaintiffs will oppose such an argument, it remains possible that if the Court does not pause the deadline, the Court's orders

may be rendered a nullity and Plaintiffs may be deprived of the ability to seek meaningful review or relief on appeal. In particular, Plaintiffs may deprived of the ability to obtain relief related to the funds that are no longer obligated to specific grantees (i.e. the funds rescinded by Defendant OMB and the funds held by EPA that it considers to have been "deobligated"). 31 U.S.C. §§1552–53.

As a threshold matter, it is a fundamental principle of equity that a party should not be allowed to benefit from its own wrongdoing. *See Liu v. Sec. & Exch. Comm'n*, 591 U.S. 71, 80 (2020); *Hammer v. Cardio Med. Prods., Inc.*, 131 F. App'x 829, 831 (3d Cir. 2005) (unpublished). And in this context, it is well settled that federal courts have equitable power to prevent the lapse of statutory appropriations in order to preserve the rights of litigants and the ability of courts to conduct meaningful review.

"[A] court may act to prevent the expiration of budget authority" by "suspend[ing] the operation of a lapse provision and extend[ing] the term of already existing budget authority." *Nat'l Ass'n of Reg'l Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977). This authority flows from the "equitable powers [of federal courts] to take action to preserve the status quo of a dispute and to protect their ability to decide a case properly before them." *Goodluck v. Biden*, 104 F.4th 920, 927–28 (D.C. Cir. 2024) (citation and quotations omitted); *accord Washington v. U.S. Dep't of Educ*, 161 F.4th 1136, 1141 (9th Cir. 2025) ("[C]ourts have the power to order that funds be held available beyond their statutory lapse date if equity so requires." (citation and quotations omitted)); *Defy Ventures, Inc. v. U.S. Small Bus. Admin*, 469 F. Supp. 3d 459, 478 (D. Md. 2020) ("[D]ecisions that a court may act to prevent the expiration of budget authority . . . are completely consistent with the accepted principle that the equity powers of the courts allow them to take action to preserve the status quo of a dispute and to protect their ability to decide a case

properly before them." (citation and quotations omitted)). Indeed, "in the appropriations context, Congress has expressly authorized courts to suspend the lapse of budget authority while lawsuits play out." *Goodluck*, 104 F.4th at 928 (citing 31 U.S.C. § 1502(b)).[2]

Additionally, the Department of Justice has conceded in at least one case that a court has "the authority to extend the availability of appropriations," so long as it otherwise has subject-matter jurisdiction and the issue is not moot. *See* Mem. in Opp'n to Mot. for TRO at 11, *Brighton Park Neighborhood Council v. McMahon*, No. 1:25-cv-04523 (D.D.C. Dec. 30, 2025) (citing 31 U.S.C. § 1502(b); *Goodluck*, 104 F.4th 920) (attached as Exhibit 1).

In determining whether to toll the expiration of a statutory appropriation, "the critical question is whether the budget authority has already lapsed before suit has been filed." *Connecticut. v. Schweiker*, 684 F.2d 979, 997 (D.C. Cir. 1982). "As long as the suit is filed prior to the expiration date, the court acquires the necessary jurisdiction and has the equitable power to 'revive' expired budget authority" even "after the date when the appropriation lapses." *Shawnee Tribe v. Mnuchin*, 984 F.3d 94, 98–99 (D.C. Cir. 2021) (citation and quotations omitted); *Defy Ventures*, 469 F. Supp. at 478. But while the Court may act after an appropriation lapse, in this case it would benefit all parties to have clarity prior to the September 30 deadline.

[2] United States District Courts have recently used this authority to suspend the expiration of the funds in cases similar to the one before this court. *See, e.g.*, *Nat'l All. to End Homelessness v. Turner*, 827 F. Supp. 3d 281, 287 n.2 (D.R.I. 2026) (concluding that, "whether through 31 U.S.C. § 1502(b), the Court's own equitable authority, or the underlying mechanics of federal appropriations," the court "continues to possess the authority to suspend the expiration of the funds at issue"), appeal docketed, No. 26-1767 (1st Cir. June 30, 2026); *Illinois v. Noem*, 813 F. Supp. 3d 282, 300 (D.R.I. 2025) (rejecting the government's argument that the lapse of appropriations mooted the case, and holding that funds remained available "whether because the funds operate as an obligation preceding that lapse … or through either the Court's statutory authority under 31 U.S.C. § 1502(b) or its inherent equitable powers").

This case plainly warrants pausing the deadline to award new ECJ grants pending appeal. Plaintiffs filed their case over a year and a half before the September 30 statutory deadline, almost immediately after Defendants unlawfully froze grant programs wholesale. Dkt. No. 1. Without a pause on the deadline to award grants, the standard period for Defendants to obligate new grants will lapse before the Fourth Circuit renders judgment on the Court's summary judgment and enforcement orders, Dkt. Nos. 217, 227. Without a pause, this Court's orders may be rendered a nullity and Plaintiffs may be limited in their ability to seek meaningful review or achieve full relief on appeal. Moreover, without a pause, EPA will succeed in undermining a disfavored federal statute. "To give the plaintiffs the chance to apply [beyond the deadline] would further, rather than contravene, Congress's will that eligible [entities] be able to apply for [ECJ] funds." *See Defy Ventures*, 469 F. Supp. at 478.

An order from this Court suspending the statutory deadline to obligate the ECJ funds pending appeal falls squarely within the Court's equitable powers and two categories of permissible district court orders during the pendency of an appeal. First, an order suspending the statutory deadline "aids the appellate process." *Doe*, 749 F.3d at 258. Without a pause of the statutory deadline, the Fourth Circuit may lose jurisdiction before it has the opportunity to review this Court's orders. Thus, the requested relief would ensure the Fourth Circuit's ability to review the merits of this Court's judgment. Second, tolling the statutory deadline is entirely "collateral to the appeal," *id.*, which concerns the legality of EPA's termination of the ECJ Program and the propriety of this Court's vacatur of that action. In this motion, Plaintiffs do not seek to compel EPA to administer the ECJ Program, but rather to ensure that funding may still be obligated should Plaintiffs succeed on appeal.

Pursuant to the Court's inherent powers and its statutory authority to "issue all necessary and appropriate process to . . . preserve status or rights pending conclusion of the review proceedings," 5 U.S.C. § 705, Plaintiff requests that the Court pause the deadline to award new ECJ grants pending appeal.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court grant this motion and order as follows:

1. That the statutory deadline of September 30, 2026 on Congress's appropriations to EPA to obligate funding for the Environmental and Climate Justice Block Grant Program, *see* 42 U.S.C. § 7438 (the "ECJ Program"), is paused pending the final disposition of any appeal of this Court's Order and Opinion on Summary Judgment, Dkt. No. 217, to the Fourth Circuit ("The Appeals Process"); and
2. That Defendants EPA and OMB be directed that the ECJ Program funding shall not lapse before conclusion of The Appeals Process.

Respectfully submitted this 1st day of September 2026,

/s/ Carl T. Brzorad
Carl T. Brzorad
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
cbrzorad@selc.org

/s/ Kimberley Hunter
Kimberley Hunter (N.C. Bar No. 41333)
Irena Como (N.C. Bar No. 51812)
Nicholas S. Torrey (N.C. Bar No. 43382)
Ben Grillot (D.C. Bar. No. 982114)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
Facsimile: (919) 929-9421
kmeyer@selc.org
icomo@selc.org
ntorrey@selc.org

*Counsel for Plaintiffs The Sustainability Institute, Bronx River Alliance, CleanAIRE NC, Earth Island Institute, and Leadership Counsel for Justice and Accountability*

/s/ Graham Provost
Graham Provost* (DC Bar No. 1780222)
Elaine Poon* (VA Bar No. 91963)
Jon Miller* (MA Bar No. 663012)
Cassie Crawford* (NC Bar No. 45396)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
graham@publicrightsproject.org

*Counsel for Plaintiffs Baltimore, Maryland; Madison, Wisconsin; and New Haven, Connecticut*

*Admitted in listed states but not licensed to practice law in California.

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system.

/s/ Carl T. Brzorad
Carl T. Brzorad
SOUTHERN ENVIRONMENTAL LAW CENTER
525 East Bay Street, Suite 200
Charleston, SC 29403
Telephone: (843) 720-5270
Facsimile: (843) 414-7039
cbrzorad@selc.org